FILED
DEC 0 6 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RONALD WIGGINS )
Reg No. 14047-026 )
Federal Correctional Institution-Greenville )
PMB 5000 )
Greenville, Illinois 62246-5000
               Plaintiff,

v.

NATIONAL CREDIT UNION ADMINISTRATION
1775 Duke Street
Alexandria, VA 22314-3428
(703) 518-6300
               Defendant.

CASE NUMBER 1:05CV02332

JUDGE: Royce C. Lamberth

DECK TYPE: FOIA/Privacy Act

DATE STAMP: 12/06/2005

## COMPLAINT FOR DECLARATORY AND INJUNCTICE RELIEF

1. This action is brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended, to compel production of the actual April 19, 2003, Certificate of Deposit and other documentation prepared demonstrating that the State of Illinois institution entitled, "Land of Lincoln Credit Union" located at 3130 East Mound Road, Decatur, Illinois 62526, was federally insured by the above defendant National Credit Union Administration on April 19, 2003, so that Plaintiff can make a copy for himself.

2. This Court has jurisdiction over this action pursuant to Code of Federal Regulations, Title 5 U.S.C.A. § 552(a)(4)(B).

3. Plaintiff Ronald Wiggins, an inmate at the Federal Correctional Institution Greenville, in Greenville, Illinois, wishes to obtain a copy of the April 19, 2003, certificate of deposit and other documentation for the Land of Lincoln Credit Union.

4. Defendant National Credit Union Administration is an agency of the federal government of the United States.

RECEIVED
NOV 21 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

5.  The Land of Lincoln Credit Union states that it is a component of Defendant National Credit Union Administration ("NCUA"). To enjoy the protection of the NCUA, all funds in the possession of the Land of Lincoln Credit Union must be federally insured by the NCUA. The NCUA has possession of and control over the records the Plaintiff seeks.

### Procedural Background

6.  That on April 19, 2003, a bank robbery occurred at the Land of Lincoln Credit Union, located at 3130 E. Mound Road, Decatur, Illinois 62526. According to the record $19,430.00 was taken during the robbery.

7.  The Plaintiff Ronald Wiggins, was charged in a federal criminal indictment on April 25, 2003, with a violation of Title 18 U.S.C. § 2113(a), (d) and 18 U.S.C. § 2 (Bank Robbery/Aiding and Abetting).

8.  On April 30, 2003, Plaintiff Wiggins, was stopped by an Illinois State Trooper for allegedly speeding on Interstate-57, and arrested Plaintiff on a federal warrant issued in regard to the April 19, 2003, bank robbery.

9.  Plaintiff Wiggins was represented by John C. Taylor, Attorney at Law, who never took the opportunity to explain anything to his client Plaintiff Wiggins, about the charge of bank robbery (§ 2113(a),(d)) including the fact that according to Title 18 U.S.C. § 2113(g), specifically makes it clear that a credit union must be federally protected by the NCUA, or else, the April 19, 2003, robbery of the Land of Lincoln credit Union is a State of Illinois criminal offense not a federal offense.

10. Plaintiff Wiggins, proceeded to trial in the United States District Court, Central District of Illinois, Urbana Division, before the Honorable Michael P. McCuskey, U.S. District Court Judge, on November 03, 2003, and was found guilty by jurors on November 04, 2003.

11. That on February 06, 2004, Plaintiff Wiggins' was sentenced to a 240

month term of imprisonment with a 3 year term of supervised release.

### Prcedures Under F.O.I.A/PA

12. By request (form letter) dated April 27, 2005, addressed to the NCUA, Plaintiff requested the disclosure of the April 19, 2003, "only" certificate of deposit/insurance and other documentation. Certified Mail Receipt No. 7003 1680 0001 6065 4337, dated May 4, 2005.

13. By request (form letter) dated May 08, 2005, addressed to the NCUA, Plaintiff Wiggins again sought the disclosure of the April 19, 2003, "only" certificate of deposit/insurance for the Land of Lincoln Credit Union, located at 3130 E. Mound Road, Decatur, Illinois 62526, and other documentation. Certified Mail Receipt No. 7004 2510 0002 2310 4586, dated May 12, 2005.

14. By response dated June 13, 2005, NCUA, Dianne M. Salva, Staff Attorney/FOIA Officer stated that Plaintiff Wiggins' May 08, 2005, request had been received and they were enclosing a copy of the insurance certificate verifying the insured status of Land of Lincoln Credit Union.

15. However, the photocopied certificate provided is dated 11/15/1976, insurance certificate #63716, not April 19, 2003, as requested. Moreover, there are several branch offices and a main office of the Land of Lincoln Credit Union and each has a different address. The photocopy does not list an address of the issured branch or main office in question despite Plaintiff Wiggins, specifically listing the correct address in both initial FOIA request. See Looney v. FDIC, 20 F.Supp.2d 1 (D.C.D.C. 2000).

16. By request (form letter) dated June 22, 2005, Plaintiff Wiggins wrote the NCUA, Ms. Salva, acknowledging receipt of her June 13, 2005, correspondence and informed her that the insurance certificate provided #63716, dated 11/15/1976, failed to listed the correct date (April 19, 2003) or address 3130 E. Mound Road, Decatur, Illinois 62526.

17. After allowing a few months to past and still not receiving a response to the June 22, 2005, request Plaintiff Wiggins, wrote another letter addressed directly to Ms. Salva, dated August 18, 2005, again, acknowledging receipt of her June 13, 2005, letter and informing her that this was Plaintiff's second request for said specific information (see #16). Certified Mail Receipt No. 7002 2410 0006 2059 2545, dated August 24, 2005.

18. No one from the NCUA ever responded to the June 22, 2005, or August 18, 2005, FOIA request including Ms. Salva.

19. Plaintiff Wiggins has a statutory right to obtain a copy of the record he requested in his April 27, 2005, FOIA request, and there is no legal basis for the Defendant's refusal to make the requested record available for copying.

Wherefore, Plaintiff requests that this Court:

(1) Declare that Defendant's refusal to make the record available to Plaintiff for copying is unlawful;

(2) Declare that Defendant's refusal to exempt Plaintiff request for records are further unlawful;

(3) Order Defendant to make requested record of NCUA documentation of April 19, 2003, ("ONLY") certificate of deposit/insurance and other documentation available to him for copying;

(4) Appoint counsel to assist or represent Plaintiff's interest in this civil matter with its many complex and intricate legal rules, procedural hurdles, guidelines etc.;

(5) Award Plaintiff his costs and reasonable attorney fees in this matter of action;

(6) Plaintiff seeks a jury trial in this civil action; and

(7) Grant other such relief as this Court may deem just and proper.

Dated: October   , 2005.                    Respectfully submitted,

                                            *Ronald Wiggins* (signature)
                                            Ronald Wiggins
                                            FCI-Greenville, #14047-026
                                            PMB 5000
                                            Greenville, Illinois  62246-5000