# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RONALD WIGGINS** ) | |
| ) | |
| **Plaintiff,** ) | |
| **v.** ) | **Civil Action No. 05-2332 (RCL)** |
| ) | **(Electronic Filing)** |
| **NAT.'L CREDIT UNION ADMIN.,** ) | |
| ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## MOTION FOR SUMMARY JUDGMENT ON BEHALF OF
## THE NATIONAL CREDIT UNION ADMINISTRATION

Pursuant to Fed. R. Civ. P. 56, the National Credit Union Administration (NCUA),

respectfully moves for summary judgment.  As grounds for this motion, defendant asserts that

there are no genuine issues of material fact and that it is entitled to judgment as a matter of law.

A statement of genuine issues of material fact not in dispute and a memorandum of points and

authorities are attached hereto.

Plaintiff should take notice that any factual assertions contained in the declaration in

support of defendant's motion will be accepted by the Court as true unless plaintiff submits his

own declaration or other documentary evidence contradicting the assertions in the attached

declarations.  See, Neal v. Kelly, 963 F.2d 453 (D.C. Cir. 1992) and Rule 56(e) of the Federal

Rules of Civil Procedure which provides as follows:

> Supporting and opposing affidavits shall be made on personal knowledge, shall
> set forth such facts as would be admissible in evidence, and shall show
> affirmatively that the affiant is competent  to testify to the matters stated therein.
> Sworn or certified copies of all papers or parts thereof referred to in an affidavit
> shall be attached thereto or served therewith. The court may permit affidavits to
> be supplemented or opposed by depositions, answers to interrogatories, or further
> affidavits. When a motion for summary judgment is made and supported as

provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.Fed.R.Civ.P. 56(e).

Respectfully submitted,

/s/

_____

KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney


/s/

_____

RUDOLPH  CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

_____        /s/

_____

HEATHER D. GRAHAM-OLIVER
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W.
Washington, D.C.  20530
(202) 305-1334

2

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RONALD WIGGINS** ) | |
| ) | |
| **Plaintiff,** ) | |
| **v.** ) | **Civil Action No. 05-2332 (RCL)** |
| ) | **(Electronic Filing)** |
| **NAT.'L CREDIT UNION ADMIN.,** ) | |
| ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## STATEMENT OF MATERIAL FACTS NOT IN GENUINE DISPUTE

Pursuant to LCVR 7.1(h), the defendant submits this statement of material facts as to which there are no genuine dispute.

1. By letter dated May 8, 2005 (Exhibit A), plaintiff submitted to NCUA a request seeking documentation demonstrating that Land of Lincoln Credit Union, located at 3130 East mound Road, Decatur, Illinois, was federally insured by NCUA on April 19, 2003, "ONLY." Declaration of Dianne Salva, Freedom of Information Officer for NCUA, ¶ 5.

2. Dianne Salva, a Staff Attorney in the Operations Division of the Office of General Counsel at the NCUA and the Freedom of Information Act ("FOIA") Officer for NCUA received the plaintiff's request on May 12, 2005. Id., at ¶¶ 1, 5

3. Dianne Salva, assigned plaintiff's FOIA request to NCUA's Region IV office located at 4807 Spicewood Springs road, Austin, Texas, 78759. The Region IV office is responsible for the supervision and regulation of credit unions in Illinois. As such, the Region IV office was asked to search for records responsive to plaintiff's request. Id., at ¶ 6.

4. NCUA's Region IV office located a copy of the insurance certificate for Land of

Lincoln Credit Union, issued on November 15, 1976, in its files, and provided it to Dianne Salva

for response to the plaintiff's FOIA request. <u>Id.</u>, at ¶ 7.

     5.  By letter dated June 13, 2005, (Exhibit B), NCUA responded to the plaintiff, enclosing

the insurance certificate showing that Land of Lincoln Credit union had been federally insured

since November 15, 1976. <u>Id.</u>, at ¶ 8.

     6.  Plaintiff filed no administrative appeal of the defendant, NCUA's initial response

dated June 13, 2005.

                      Respectfully submitted,

                            /s/
                    _____
                    KENNETH L. WAINSTEIN, D.C. BAR # 451058
                    United States Attorney

                            /s/
                    _____
                    RUDOLPH  CONTRERAS, D.C. BAR # 434122
                    Assistant United States Attorney

_____/s/

                  _____
                    HEATHER D. GRAHAM-OLIVER
                    Assistant United States Attorney
                    Judiciary Center Building
                    555 4th St., N.W.
                    Washington, D.C.  20530
                    (202) 305-1334

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RONALD WIGGINS ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 05-2332 (RCL) |
| ) | (Electronic Filing) |
| NAT.'L CREDIT UNION ADMINISTRATION, ) | |
| ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT

## I.  INTRODUCTION

Plaintiff Ronald Wiggins is a federal prisoner currently incarcerated at the Federal

Correctional Institution (FCI) in Greenville, Illinois.  See Complaint (Compl.).  On May 8, 2005,

plaintiff sent a request to the NCUA for documentation demonstrating that Land of Lincoln

Credit Union, located at 3130 East Mound Road, in Decatur, Illinois, was federally insured by

the NCUA on April 19, 2003, "ONLY."   Salva Decl. ¶ 5.

As set forth below, the NCUA FOIA office, in response to plaintiff's May 8, 2005,

request for documentation, conducted a reasonable search and released a copy of the insurance

certificate for Land of Lincoln Credit Union, issued on November 15, 1976.  Id., at ¶ 7.  The

document released reveals that Land of Lincoln Credit Union had been federally insured since

November 15, 1976.  Salva Decl. ¶ 8.

In his complaint, plaintiff alleges that the insurance certificate provided by NCUA is

unresponsive to his FOIA request because: (1) it is dated November 15, 1976 and not April 19,

2003; and (2) the photocopy does not list an address of the insured branch or main office.  See

Complaint ¶ 15.  Such allegations have no merit, and as a result, this Court should enter summary

judgment in defendant's favor and dismiss this matter with prejudice.

## II.    ARGUMENT

### A.    SUMMARY JUDGMENT STANDARD

In a FOIA action, summary judgment is appropriate when, as here, the pleadings, together

with the declarations, demonstrate that there is no genuine issue of material fact in dispute and

that the moving party is entitled to judgment as a matter of law. Fed. R Civ. P. 56(c); Alyeska

Pipeline Serv. Co, v. EPA, 856 F.2d 309, 313 (D.C. Cir. 1988); Weisberg v. Department of

Justice, 627 F.2d 365, 368 (D.C. Cir. 1980). The Court exercises de novo review over FOIA

matters. 5 U.S.C. § 552(a)(4)(B); Department of Justice v. Reporters Comm. For Freedom of the

Press, 489 U.S. 749, 755 (1989). In carrying its burden, an agency may rely on declarations of

government officials, which courts normally accord a presumption of expertise in FOIA, as long

as the declarations are sufficiently clear and detailed and submitted in good faith.  Oglesby v.

Department of Army, 920 F.2d 57, 68 (D.C. Cir. 1990); see Hayden v. National Security Agency,

608 F.2d 1381, 1387 (D.C. Cir. 1979). Once the Court determines that the declarations are

sufficient, it need not inquire further.  Students Against Genocide v. Department of State, 257

F.3d 828, 833 (D.C. Cir. 2001) (In FOIA cases, an agency "is entitled to summary judgment if no

material facts are in dispute and if it demonstrates 'that each document that falls within the class

requested either has been produced . . . or is wholly exempt from the Act's inspection

requirements'.") (quoting Goland v. CIA, 607 F.2d 339, 352 (D.C. Cir. 1978)); see also, Burnes

v. CIA, No. 05-242 , U.S. Dist LEXIS 20114 at *2-7 (D.D.C. Sept. 14, 2005) (a copy of the

opinion is attached hereto). A court "may award summary judgment [in a FOIA case] solely on the basis of information provided by the department or agency affidavits or declarations." Burns v. CIA, 2005 U.S. Dist LEXIS 20114; see also, Hayden v. National Sec. Agency, 608 F.2d 1381, 1386-87 (D.C. Cir. 1979).

Regarding the adequacy of the search, to satisfy the requirements for summary judgment, all the agency need do is produce "an affidavit reciting facts which enable the District Court to satisfy itself that all appropriate files have been searched." Church of Scientology v. IRS, 792 F.2d 146, 151 (D.C. Cir. 1986). "[I]n the absence of countervailing evidence or apparent inconsistency of proof, affidavits that explain in reasonable detail the scope and method of the search conducted by the agency will suffice to demonstrate compliance with the obligations imposed by FOIA." Perry v. Block, 684 F.2d 121, 127 (D.C. Cir. 1982).

Here, summary judgment should be entered in favor of the NCUA because, as Ms. Salva's declaration shows, the NCUA conducted a reasonable and adequate search and all responsive documents have been released. Students Against Genocide, 257 F.3d at 833. The Salva declaration contains reasonable specificity of detail regarding the search and the NCUA has released all documents responsive to plaintiff's request. Accordingly, this case should be summarily dismissed.

## B.    THE NCUA CONDUCTED AN ADEQUATE SEARCH

In FOIA cases, "the Court's inquiry regarding the adequacy of the search focuses on the search itself, not its results." See Burnes v. CIA, No. 05-242, U.S. Dist LEXIS 20114 at *2-7 (D.D.C. Sept. 14, 2005) (attached), citing Weisberg v. United States Dep't of Justice, 240 U.S. App. D.C. 339, 745 F.2d 121, 126 (D.C. Cir. 1982). To fulfill an agency's obligations under

3

FOIA, " 'the agency must demonstrate that it has conducted a "search reasonably calculated to uncover all relevant documents." ' Steinberg v. U.S. Dept. of Justice, 23 F.3d 548, 551 (D.C. Cir. 1994). But the search need only be reasonable; it does not have to be exhaustive." Miller v. United States Dept. of State, 779 F.2d 1378, 1383 (8th Cir. 1985). In other words, "[t]he question is not 'whether there might exist any other documents, but rather whether the *search* for those documents was adequate." ' Steinberg, 23 F.3d at 551 (emphasis in original). Merely because an agency is unable to find a particular document a requestor believes that it should have, does not render its search inadequate. Wilbur v. CIA, 355 F.3d 675, 678, (D.C. Cir. 2004); Nation Magazine v. United States Customs Serv., 315 U.S. App. D.C. 177, 71 F.3d 885, 892 n. 7 (D.C. Cir. 1987).

    Here, as explained by Ms. Salva, the NCUA conducted a reasonable, diligent, and adequate search. Ms. Salva assigned the plaintiff's request to NCUA's Region IV office to search its files for records responsive to plaintiff's request. Salva Decl. ¶ 6. The region IV office is responsible for the supervision and regulation of credit unions in Illinois. Id. The region IV office located the insurance certificate for Land of Lincoln Credit Union, issued on November 15, 1976. Id., at ¶ 7. The insurance certificate showed that Land of Lincoln Credit Union has been federally insured since November 15, 1976. Id., at ¶ 8. A copy of the insurance certificate was sent to the plaintiff on or about June 13, 2005. Id.

    Moreover, plaintiff is not entitled to the original document. Despite plaintiff's protests to the contrary, defendant provided an unredacted copy of the only document responsive to his request. There is no requirement under FOIA that an original document be provided. Under FOIA, an agency is only obligated to provide a requester with the "best copy available" of a

4

record.  See McDonnell v. United States, 4 F.3d 1227, 1262 n. 21 (3rd Cir. 1993) ("Of course, we anticipate that [plaintiff] will receive the best possible reproduction of the documents to which he is entitled."); Giles v. United States Dep't of Justice, No. 00-1497, slip op. at 5 (D.D.C. June 4, 2001) (accepting that agency provided plaintiff with "best copies available" even though plaintiff asserted that they were "unreadable").  The NCUA has fulfilled its obligation under FOIA by providing plaintiff a completely legible copy of the insurance certificate indicating that Land of Lincoln Credit Union has been federally insured since November 15, 1976.  Id., at ¶ 8.

### C.     PLAINTIFF FAILED TO FILE AN ADMINISTRATIVE APPEAL AND THEREFORE IS NOT ENTITLED TO JUDICIAL RELIEF

Exhaustion of administrative remedies is a well-established doctrine in administrative law that provides "that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." McKart v. United States, 395 U.S. 185, 193 (1969) (citing Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 50-51 (1938)).  "It goes without saying that exhaustion of administrative remedies is required in FOIA cases. . . . 'exhaustion of such [administrative] remedies is required under the Freedom of Information Act before a party can seek judicial review.'" Dettmann v. U.S. Dept. of Justice, 802 F.2d 1472, 1477 (D.C. Cir 1986); see also Spannaus v. Dept. of Justice, 824 F.2d 52, 58 (D.C. Cir. 1987); In re motion to Compel filed by Steele, 799 F.2d 461, 465-66 (9th Cir. 1986); Stebbins v. Nationwide Mutual Insurance Co., 757 F.2d 364, 366 (D.C. Cir. 1985).

FOIA requesters may not attempt to "leapfrog" over the substantive steps in the administrative process without first exhausting all administrative remedies.  Tuchinsky v. Selective Serv. System, 418 F.2d 155, 158 (7th Cir. 1969).  Indeed, where a FOIA plaintiff

attempts to obtain judicial review without first properly undertaking full administrative exhaustion, his lawsuit is subject to ready dismissal for lack of subject matter jurisdiction.  See, e.g., Dettmann, 802 F.2d at 1477; Hymen v. Merit Sys. Protection Bd., 799 F.2d 1421, 1423 (9th Cir. 1986); Brumley v. Dept.of Labor, 767 F.2d 444, 445 (8th Cir. 1985).

Here, there is no evidence that plaintiff filed an administrative appeal with the NCUA, complaining that the document sent was not the correct one.  Salva Decl. ¶ 11.  Accordingly, his complaint against the NCUA should be dismissed.

### III.    CONCLUSION

In the instant case, defendant has adequately demonstrated that it responded properly to plaintiff's FOIA request by releasing the certificate of insurance to him.  In addition, Plaintiff failed to file an administrative appeal, which automatically precludes his claim. Accordingly, defendant respectfully requests that its motion for summary judgment be granted.

6

Respectfully submitted,


/s/
_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney


/s/
_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


/s/
_____
HEATHER D. GRAHAM-OLIVER
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W.
Washington, D.C.  20530
(202) 305-1334


7

## <u>CERTIFICATE OF SERVICE</u>

I certify that the foregoing Motion for Summary Judgment was served upon Plaintiff by depositing a copy of it in the U.S. Mail, first class postage prepaid, addressed to:

RONALD WIGGINS
R14047-026;
Greenville Federal Correctional Institution;
PMB 5000;
Greenville, IL 62246-5000;


on this _____ day of March 2006.


_____
HEATHER GRAHAM-OLIVER
Assistant United States Attorney

8