UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RONALD WIGGINS ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 05-2332 (RCL) |
| ) | (Electronic Filing) |
| NAT.'L CREDIT UNION ADMINISTRATION, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**FEDERAL DEFENDANTS' MOTION FOR AN ENLARGEMENT OF TIME WITHIN WHICH TO ANSWER OR OTHERWISE PLEAD**

The Executive Office for the United States Attorney (EOUSA) and the Federal Bureau of Investigation (FBI) hereby move, pursuant to Rule 6(b)(1) of the Federal Rules of Civil Procedure, for a two (2) day extension of time, until August 16, 2006, within which to answer or otherwise plead to plaintiff's complaint. Defendants' response is currently due on today's date. Plaintiff filed this action pro se and is currently incarcerated in Greenville, IL. Because plaintiff is presently incarcerated and is proceeding pro se, LCvR 7.1(m) does not apply to this motion, and counsel therefore has not obtained his position as to the relief requested.[1]

The plaintiff initially brought this FOIA action against the National Credit Union Administration (NCUA). On March 10, 2006, plaintiff filed a motion for leave to file an amended complaint adding FOIA claims against the EOUSA and the FBI. The NCUA filed a

---

[1] Local Civil Rule 7.1(m) requires "counsel" to discuss nondispositive motions with "opposing *counsel*." It does not require counsel to discuss those motions with pro se parties. Nonetheless, it has been the general practice of this office to attempt to discuss such motions with nonprisoner pro se parties. This practice is informed by, and consistent with, Local Civil Rule 16.3(a). Local Civil Rule 16.3(a) excludes prisoner pro se parties from the Court's meet-and-confer requirements. Specifically, that Rule requires "[c]ounsel (including any *nonprisoner* pro se party)" to meet and confer prior to a scheduling conference). LCvR 16.3(a) (emphasis added).

motion for summary judgment on March 22, 2006. On July 13, 2006, this Court granted the NCUA's motion for summary judgment. The Court also ordered defendants EOUSA and FBI to file an answer or otherwise plead to the amended complaint within 30 days. This two-day extension will allow counsel for Federal Defendants to gather all of the information necessary to respond to the plaintiff's complaint. Although the undersigned has attained the requisite information from one of the defendant agencies, information from the other is still being sought.

Accordingly, the Federal Defendants' request for an extension of time until August 16, 2006. This request is made for good cause shown and not to cause undue delay of the proceedings.

Respectfully Submitted,

/s/
_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

/s/
_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

/s/
_____
HEATHER D. GRAHAM-OLIVER
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W.
Washington, D.C. 20530
(202) 305-1334

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a copy of the foregoing motion for extension of time has been mailed, postage prepaid, this 14th day of August 2006, to:

Ronald Wiggins
R14047-026
Greenville Federal Correctional Institution;
PMB 5000;
Greenville, IL 62246-5000;

 

_____
HEATHER D. GRAHAM-OLIVER
Assistant United States Attorney