## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RONALD WIGGINS** ) | |
| ) | |
| **Plaintiff,** ) | |
| **v.** ) | **Civil Action No. 05-2332 (RCL)** |
| ) | **(Electronic Filing)** |
| **NAT.'L CREDIT UNION ADMIN.,** ) | |
| **et al.,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## DEFENDANTS FBI AND EOUSA'S
## MOTION FOR SUMMARY JUDGMENT

Defendants, the Federal Bureau of Investigation (FBI) and the Executive Office of the

United States Attorney ("EOUSA"), pursuant to Fed. R. Civ. P. 56, move for summary judgment

because there are no material facts in dispute in this action under the Freedom of Information Act

(FOIA), 5 U.S.C. § 552, as amended, and defendant is entitled to judgment as a matter of law.  In

support of this motion, defendant respectfully refers the Court to the attached Memorandum of

Points and Authorities.  Also attached is defendant's statement of material facts as to which there

are no genuine issue.

Plaintiff should take notice that any factual assertions contained in the accompanying

affidavit and other attachments in support of defendant's motion will be accepted by the Court as

true unless the plaintiff submits his own affidavit or other documentary evidence contradicting

the assertions in defendant's attachments.  See Neal v. Kelly, 963 F.2d 453 (D.C. Cir. 1992),

Local Rule 7.1 and Fed. R. Civ. P. 56(e), which provides as follows:

Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

Respectfully Submitted,

/s/
_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

/s/
_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

/s/
_____
HEATHER D. GRAHAM-OLIVER
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W.
Washington, D.C.  20530
(202) 305-1334

2

# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **RONALD WIGGINS** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | **Civil Action No. 05-2332 (RCL)** |
| | ) | **(Electronic Filing)** |
| **NAT.'L CREDIT UNION ADMIN.,** | ) | |
| **et al.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## STATEMENT OF MATERIAL FACTS AS TO WHICH
## THERE IS NO GENUINE ISSUE

Pursuant to Local Rule 7.1(h), the defendant hereby submits the following material facts as to which there is no genuine dispute:

**1.    Federal Bureau of Investigation**

1.    On August 28, 2005, plaintiff submitted a request for any records maintained at FBI Headquarters (FBIHQ) pertaining to himself.[1]  Declaration of Peggy L. Bellando (Bellando Decl.) ¶ 5.

2.    On November 28, 2005, FBIHQ advised plaintiff that a search of the automated indices to the Central Records System at FBIHQ located no records responsive to his FOIA/Privacy Act

---

[1]  The request also referenced a third party.  The reference to third party Barry Brady was construed to mean any information at headquarters pertaining to the Plaintiff that may have been cross-referenced in a third party file.  A search was conducted for any and all main files or cross-referenced files at headquarters which pertain to plaintiff.  Further, the request was not viewed as a specific request for files on a Barry Brady because Plaintiff did not provide either notarized authorization (Privacy Waiver) from Mr. Brady or proof of death.  (See 28 C.F.R. § 16.3(a)).  Third party individuals maintain strong privacy interests in not having their personal information disclosed pursuant to 5 U.S.C. § 552(b)(7)( c ).  Thus, absent a privacy waiver or proof of death the FBI will neither confirm nor deny the existence of any files pertaining to a Mr. Barry Brady. Id.

(FOIPA) request on himself.  This request was designated Request Number 1033612-00.  The FBI

advised plaintiff of his right to file an administrative appeal to the Department of Justice, Office of

Information and Privacy (OIP).  Id., ¶ 6.

    3.  By letter dated December 12, 2006, plaintiff appealed to OIP concerning the FBI's "no

records" response to his FOIA request.  Id., ¶ 7.

    4.  On January 12, 2006, OIP acknowledged receipt of plaintiff's administrative appeal and

assigned it Appeal Number 06-0901.  Id., ¶ 8.

**2.     Executive Office of United States Attorneys**

    1.  By letter dated July 25, 2005, plaintiff submitted his FOIA request asking for "public

records in the Central District of Illinois . . . The document's [sic] I request are all relevant pre-trial,

and sentencing transcript's [sic] including the pre-sentence investigation report."  Declaration of

David Luczynski (Luczynski Decl.), ¶ 4.

    2.  On September 6, 2005, EOUSA acknowledged plaintiff's request and provided him with

a FOIA reference number concerning the search, No. 05-2331.  The plaintiff was also informed that

his request will be processed in the order that it was received and could take more time to process

than the statutory period.  Id., ¶ 5.

    3.  On May 25, 2006, plaintiff was provided with records responsive to his request.  EOUSA

released in full (RIF) 10 pages of records and released in part (RIP) 347 pages of records.  Id., ¶ 6.

                    Respectfully submitted,

                        /s/

                _____

                KENNETH L. WAINSTEIN, D.C. BAR # 451058
                United States Attorney

/s/

_____

RUDOLPH  CONTRERAS, D.C. Bar #  434122
Assistant United States Attorney

/s/

_____

HEATHER D. GRAHAM-OLIVER
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W.
Washington, D.C.  20530
(202) 305-1334

3

**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| **RONALD WIGGINS** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | **Civil Action No. 05-2332 (RCL)** |
| ) | **(Electronic Filing)** |
| **NAT.'L CREDIT UNION ADMIN.,** ) | |
| **et al.,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
**MOTION FOR SUMMARY JUDGMENT**

**INTRODUCTION**

This case arises under the Freedom of Information Act (FOIA), 5 U.S.C. § 552 and pertains to the processing of Plaintiff's FOIA request by the Federal Bureau of Investigation (FBI) and the Executive Office of the United States Attorney (EOUSA). The attached declarations of Peggy Bellando, Acting Section Chief of the Record/Information Dissemination Section (RIDS), Records Management Division ("RMD"), at FBI Headquarters and David Luczynski, Attorney Advisor, EOUSA, describe the responses to plaintiff's FOIA request.

**Factual and Procedural Background**

The factual and procedural background is fully contained in the statement of material facts to which there is no genuine issue, attached and fully incorporated herein.

**ARGUMENT**

I.      **Defendants Are Entitled to Summary Judgment**

        A.      **Standard for Summary Judgment**

In a FOIA action, summary judgment is appropriate when, as here, the pleadings, together with the declarations, demonstrate that there is no genuine issue of material fact in dispute and that the moving party is entitled to judgment as a matter of law. Fed. R Civ. P. 56(c); <u>Weisberg v. Department of Justice</u>, 627 F.2d 365, 368 (D.C. Cir. 1980). The Court exercises <u>de novo</u> review over FOIA matters, and the burden is on the agency to justify all non-disclosures.

5 U.S.C. § 552(a)(4)(B); <u>Department of Justice v. Reporters Comm. For Freedom of the Press</u>, 489 U.S. 749, 755 (1989). In carrying its burden, agencies may rely on declarations of government officials which courts normally accord a presumption of expertise in FOIA as long as the declarations are sufficiently clear and detailed and submitted in good faith. <u>Oglesby v. Department of Army</u>, 920 F.2d 57, 68 (D.C. Cir. 1990); <u>see</u> <u>Hayden v. National Security Agency</u>, 608 F.2d 1381, 1387 (D.C. Cir. 1979). Once the Court determines that the declarations are sufficient, it need not inquire further. <u>Students Against Genocide v. Department of State</u>, 257 F.3d 828, 833 (D.C. Cir. 2001) (In FOIA cases, an agency "is entitled to summary judgment if no material facts are in dispute and if it demonstrates 'that each document that falls within the class requested either has been produced . . . or is wholly exempt from the Act's inspection requirements'.") (<u>quoting</u> <u>Goland v. CIA</u>, 607 F.2d 339, 352 (D.C. Cir. 1978)); <u>see</u> <u>also</u>, <u>Burnes v. CIA</u>, No. 05-242 , U.S. Dist LEXIS 20114 at *2-7 (D.D.C. Sept. 14, 2005) (a copy of the opinion is attached hereto). A court "may award summary judgment [in a FOIA case] solely on the basis of information provided by the department or agency affidavits or declarations." <u>Burns v. CIA</u>, 2005 U.S. Dist LEXIS 20114; <u>see</u> <u>also</u>, <u>Hayden</u>, 608 F.2d at 1386-87.

Summary judgment may be granted solely on the basis of agency affidavits [or declarations] if they "contain reasonably detailed descriptions of the documents and allege facts sufficient to

2

establish that the documents are within the FOIA exemption category; the district court need look

no further." Citizens Commission on Human Rights v. FDA, 45 F.3d at 1329; Bowen v. FDA, 925

F.2d 1224, 1227 (9th Cir. 1991). See also Hayden, supra, at 1387; Military Audit Project v. Casey,

656 F.2d 724, 738 (D.C. Cir. 1981). These declarations or affidavits (singly or collectively) are often

referred to as a Vaughn index, after the case of Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973),

cert. denied, 415 U.S. 977, 94 S.Ct. 1564 (1974). There is no set formula for a Vaughn index. It is

the content, not the form which is important. "The materials provided by the agency may take any

form so long as they give the reviewing court a reasonable basis to evaluate the claim of privilege."

Delaney, Midgail & Young, Chartered v. IRS, 826 F.2d 124, 128 (D.C. Cir. 1987). See also Keys

v. United States Department of Justice, 830 F.2d 337, 349 (D.C. Cir. 1987); Hinton v. Department

of Justice, 844 F.2d 126, 129 (3d Cir. 1988).[2]

Regarding the adequacy of the search, to satisfy the requirements for summary judgment, all

the agency need do is produce "an affidavit reciting facts which enable the District Court to satisfy

itself that all appropriate files have been searched." Church of Scientology v. IRS, 792 F.2d 146,

151 (D.C. Cir. 1986). "[I]n the absence of countervailing evidence or apparent inconsistency of

proof, affidavits that explain in reasonable detail the scope and method of the search conducted by

the agency will suffice to demonstrate compliance with the obligations imposed by FOIA." Perry

v. Block, 684 F.2d 121, 127 (D.C. Cir. 1982).

---

[2]    "All that is required, and that is the least that is required, is that the requester and the
trial judge be able to derive from the index a clear explanation of why each document or portion of
a document withheld is putatively exempt from disclosure." Id. "The degree of specificity of
itemization, justification, and correlation required in a particular case will, however, depend on the
nature of the document at issue and the particular exemption asserted." Information Acquisition
Corp. v. Dept. of Justice, 444 F.Supp. 458, 462 (D.D.C. 1978).

3

Here, summary judgment should be entered in favor of the both the FBI and EOUSA.  Each agency has submitted a declaration showing that a reasonable and adequate search was conducted and in the case of the FBI, no records were found.  With respect to EOUSA, any information that fell within the class of documents plaintiff requested was either produced or exempt from disclosure under FOIA.  Students Against Genocide v. Department of State, 257 F.3d at 833.  Both declarations contain reasonable specificity of detail regarding the search and, as pertains to EOUSA, the reasons for  withholding, in part, the information not produced to plaintiff.  Finally, EOUSA's judgment regarding the production or withholding of documents here objectively survives the test of reasonableness, good faith, specificity, and plausibility.

### B.        The FBI's Search Was Entirely Adequate

In FOIA cases, "the Court's inquiry regarding the adequacy of the search focuses on the search itself, not its results."  See Burnes v. CIA, No. 05-242, U.S. Dist LEXIS 20114 at *2-7 (D.D.C. Sept. 14, 2005) (attached), citing Weisberg v. United States Dep't of Justice, 240 U.S.  App. D.C. 339, 745 F.2d 121, 126 (D.C. Cir. 1982).  To fulfill an agency's obligations under FOIA,  the agency must demonstrate that it has conducted a "search reasonably calculated to uncover all relevant documents." Steinberg v. U.S. Dept. of Justice, 23 F.3d 548, 551 (D.C. Cir. 1994).  But the search need only be reasonable; it does not have to be exhaustive.  Miller v. United States Dept. of State, 779 F.2d 1378, 1383 (8th Cir. 1985).  In other words, "[t]he question is not 'whether there might exist any other documents, but rather whether the *search* for those documents was adequate.'" Steinberg v. U.S. Dept. of Justice, 23 F.3d 548, 551 (D.C. Cir. 1994) (emphasis in original).  Merely because an agency is unable to find a particular document a requestor believes that it should have, does not render its search inadequate.  Wilbur v. CIA, 355 F.3d 675, 678, (D.C. Cir. 2004); Nation

4

<u>Magazine v. United States Customs Serv</u>., 315 U.S. App. D.C. 177, 71 F.3d 885, 892 n. 7 (D.C. Cir. 1987).

Here, as explained by Peggy Bellando, the FBI, conducted a reasonable, diligent, and adequate search.  The Bellando declaration adequately explains the FBI's records systems and the administrative processing of FOIA requests to fully assure the Court of the adequacy of the search conducted with regard to plaintiff's request.  Bellando Decl. ¶¶ 9-16.

### a.    Central Records System

The FBI's method of searching for materials responsive to a FOIA request involves the use of its Central Records System ("CRS") which contains administrative, applicant, criminal, personnel, and other files complied for law enforcement purposes.  Bellando Decl. ¶ 9.  This system consist of a numerical sequence of files broken down according to subject matter.  <u>Id</u>.  The subject matter of a file may relate to an individual, organization, company, publication, activity, or foreign intelligence matter.  <u>Id</u>.  Certain records in this system are maintained at FBIHQ.  <u>Id</u>.  Records that are pertinent to specific field offices are maintained in those fields offices.  <u>Id</u>.

Through the General Indices, FBIHQ and each field division can access the CRS.  Bellando Decl. ¶ 10-11.  The General Indices consist of index cards on various subject matters that are searched either manually or through the automated indices.  The entries in the General Indices fall into two categories: (1) a "main" entry – A "main" entry carries the name corresponding with a subject of a file contained in the CRS; and (2) a "reference" entry – "Reference" entries, sometimes called "cross-references," are generally only a mere mention or reference to an individual, organization, etc., contained in a document located in another "main" file. <u>Id</u>., ¶ 10.

Searches made in the General Indices to locate records concerning a particular subject, such

as Ronald Wiggins, are made by searching the subject requested in the index. Id., ¶ 11. Therefore, the general indices to the CRS are the means by which the FBI determines what retrievable information, if any, the FBI may have in its CRS on a particular subject matter. Id. ¶ 13.

On or about August 28, 2005, plaintiff made a FOIA request to FBIHQ for records concerning himself. Id., ¶ 14. The FBIHQ used the general indices to search the CRS for files concerning plaintiff. Id. A search was conducted using the name "Ronald Wiggins" which covers a two-way phonetic breakdown of the name. For example this search would locate records using the phonetic sounds of each last and first name relating to the following names: "Wiggins, Ronald" and "Wiggins, R." FBIHQ also used plaintiff's date of birth and social security number to facilitate the identification of responsive records. Id. The FBIHQ located no main files in the CRS at FBIHQ concerning plaintiff. Id. Plaintiff was advised of this by FBIHQ letter dated November 28, 2005. Id.

Upon receipt of the complaint in this litigation, the FBI conducted a second search. Id., ¶ 15. In the absence of a specific request for a search of cross-references at the administrative level, the FBI's current policy is to search for and identify only "main" files responsive to FOIA requests. Id. In this case, at the administrative level, plaintiff did not specifically request that a search be conducted for cross-references. Nevertheless, the FBI searched its Headquarters' indices of the CRS for cross-references. This second search of the name Ronald Wiggins failed to locate any pertinent main files or cross-references at FBIHQ. Id. This search did not include FBI field office files. Id., ¶ 16. It is incumbent upon the requester, pursuant to 28 C.F.R. Section 16.3(a) and 16.41(a) (2004), to file FOIA requests with each individual field office if the records sought are maintained at a field office. Id.

6

Here, the FBI has submitted a declaration in support of this motion for summary judgment. The declaration was prepared by Peggy Bellando, Acting Section Chief of RIDS/ RMD, FBI Headquarters (HQ) in Washington, D.C. Bellando Decl. ¶ 1. Due to her official duties, Ms Bellando is familiar with the handling of plaintiff's FOIA request. Bellando Decl. ¶ 3. The Bellando declaration meets the requirements of <u>Vaughn</u> and provides the Court with the requisite basis to grant defendant's motion.

### C.     EOUSA'S SEARCH WAS ENTIRELY ADEQUATE

After receiving plaintiff's FOIA request, EOUSA undertook the search for documents responsive to plaintiff's FOIA request. Luczynski Decl. ¶ 7. Plaintiff's request was forwarded to the FOIA contact for the Central District of Illinois because Plaintiff was prosecuted by that District office. <u>Id.</u> Each United States Attorney's Office maintains the case files for criminal matters prosecuted by that office. <u>Id.</u> the FOIA contact began a systematic search for records on Ronald Wiggins to determine the location of any and all files relating to plaintiff in order to comply with the request. <u>Id.</u>

To accomplish the search, the FOIA Contact looked for records in the computer tracking system for the USAO/ILC that were listed under the name "Wiggins". The FOIA Contact used a computer case tracking system in the U.S. Attorney's Office to determine all possible locations of responsive files. <u>Id.</u> ¶ 8. The systems utilized in searching for records pertaining to Plaintiff were the Public Access to Court Electronic Records ("PACER"), and the Legal Information Office Network System ("LIONS"). The LIONS system is the computer system used by United States Attorneys offices to track cases and to retrieve files pertaining to cases and investigations. By use of the LIONS system, the user can access databases which can be used to retrieve the information

based on a defendant's name, the USAO number (United States' Attorney's Office internal administrative number), and the district court case number. In this case, the FOIA Contact used the LIONS system to locate records based upon the name "Wiggins". Id. ¶ 9. The FOIA Contact retrieved the case files pertaining to Ronald Wiggins and informed EOUSA that records responsive to Plaintiff's request were found.

All documents responsive to Plaintiff's FOIA request were located in the United States Attorneys Office for the Central District of Illinois, (USAO/ILC). The records are maintained in the Criminal Case File System (Justice/USA-007) entitled United States v. Reginald Wiggins. Id. ¶ 10. There are no other records systems or locations within the Central District of Illinois in which other files pertaining to Plaintiff's criminal case, were maintained. Id. ¶ 11.

### D.    EOUSA HAS JUSTIFIED ITS INVOCATION OF EXEMPTION (b)7(c)

Exemption 7(C) of the FOIA exempts from mandatory disclosure information compiled for law enforcement purposes when disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). "[T]he term 'law enforcement purpose' is not limited to criminal investigations but can also include civil investigations and proceedings in its scope." Mittleman v. Office of Personnel Management, 76 F.3d 1240, 1243 (D.C. Cir. 1996), cert. denied, 519 U.S. 1123 (1997), citing Pratt v. Webster, 673 F.2d 408, 420 n.32 (D.C. Cir. 1982). When, however, a criminal law enforcement agency invokes Exemption 7, it "warrants greater deference than do like claims by other agencies." Keys v. U.S. Dept. of Justice, 830 F.2d 337, 340 (D.C. Cir. 1987), citing Pratt, 673 F.2d at 418. A criminal law enforcement agency must simply show that "the nexus between the agency's activity . . . and its law enforcement duties" is "based on information sufficient to support at least 'a colorable claim' of its rationality." Keys, 830

8

F.2d at 340, quoting <u>Pratt</u>, 673 F.2d at 421.

Once the agency has demonstrated that the records were compiled for law enforcement purposes, the Court must next consider whether the release of information withheld "could reasonably be expected to constitute an unwarranted invasion of personal privacy." This determination necessitates a balancing of the individual's right to privacy against the public's right of access to information in government files. <u>See</u>, <u>e.g.</u>, <u>U.S. Dept. of Justice v. Reporters Committee for Freedom of the Press</u>, 489 U.S. 749, 776-780 (1989).

The Supreme Court has made clear that "whether disclosure of a private document under Exemption 7(C) is warranted must turn on the nature of the requested document and its relationship to 'the basic purpose of the Freedom of Information Act to open agency action to the light of public scrutiny,' <u>Department of Air Force v. Rose</u>, [425 U.S. 352, 372 (1976)], rather than on the particular purpose for which the document is being requested." <u>Reporter's Committee</u>, 489 U.S. at 772 (internal quotation marks omitted). Information that does not directly reveal the operations or activities of the government "falls outside the ambit of the public interest that the FOIA was enacted to serve." <u>Id</u>. at 775. That public interest is to "shed[] light on an agency's performance of its statutory duties." <u>Id</u>. at 772. The Plaintiff bears the burden of establishing that the "public interest in disclosure is both significant and compelling in order to overcome legitimate privacy interests." <u>Perrone v. FBI</u>, 908 F. Supp. 24, 26 (D.D.C. 1995), citing <u>Senate of Puerto Rico v. Department of Justice</u>, 823 F.2d 574, 588 (D.C. Cir. 1987).

Significantly, it is the "interest of the general public and not that of the private litigant" that matters. <u>Brown v. FBI</u>, 658 F.2d 71, 75 (2d Cir.1981). "[T]he only public interest relevant for purposes of Exemption 7(C) is one that focuses on 'the citizens' right to be informed about what their

government is up to." Davis v. Department of Justice, 968 F.2d 1276, 1282 (D.C. Cir.1992) (quoting

Reporters Committee, 489 U.S. at 773) (internal quotation marks omitted).

      The privacy interests of third parties mentioned in law enforcement files are "substantial,"

while "[t]he public interest in disclosure [of third-party identities] is not just less substantial, it is

insubstantial." SafeCard Services, Inc. v. SEC, 926 F.2d 1197, 1205 (D.C. Cir.1991). Our court of

appeals has held "categorically" that "unless access to names and addresses of private individuals

appearing in files within the ambit of Exemption 7(C) is necessary in order to confirm or refute

compelling evidence that the agency is engaged in illegal activity, such information is exempt from

disclosure." SafeCard Services, 926 F.2d at 1206.

      Exemption 7(C) consistently has been held to protect the identities of suspects and other

persons of investigatory interest who are identified in agency records in connection with law

enforcement investigations. Reporters Committee, 489 U.S. at 780; Computer Professionals for

Social Responsibility v. U.S. Secret Service, 72 F.3d 897, 904 (D.C. Cir. 1996) (noting "'strong

interest of individuals, whether they be suspects, witnesses, or investigators, in not being associated

unwarrantedly with alleged criminal activity'" (quoting Dunkelberger v. Dept. of Justice, 906 F.2d

779, 781 (D.C. Cir. 1990)). Indeed, an agency may categorically assert Exemption 7(C) to protect

the identities of witnesses or other persons mentioned in law enforcement files in such a way as to

associate them with criminal activity. Reporters Committee, 489 U.S. at 780; Nation Magazine v.

U.S. Customs Service, 71 F.3d 885, 893, 895-896 (D.C. Cir. 1995); SafeCard Services, 926 F.2d at

1206.

      EOUSA processes all requests made by individuals for records pertaining to themselves

under both the FOIA and PA in order to provide the requester with the maximum disclosure

10

authorized by law.  Criminal case files maintained by U.S. Attorney's Offices are part of the DOJ

Privacy Act System of Records.  The Attorney General has promulgated regulations at 28 C.F.R.

§16.81(a)(1) which exempt U.S. Attorney's Office criminal case files (known as Justice/USA-007

files) from the PA's access provisions as authorized by 5 U.S.C. §552a(j)(2).   Subsection (j)(2)

exempts from mandatory disclosure all records maintained by an agency or component performing

as its principal function any activity pertaining to the enforcement of criminal laws.  Since Plaintiff's

entire request pertains to criminal investigations, the materials were necessarily compiled for law

enforcement purposes.  Id. ¶ 12.  All information at issue in this case was compiled for law

enforcement purposes in order to assist in the investigation and prosecution of Ronald Wiggins.  Id.

¶ 13.

Exemption (b)(7)(C) was applied to withhold the identities of and personal  information

about third party individuals, the release of which could subject such persons to an unwarranted

invasion of their personal privacy.  Release of the identifying information could result in unwanted

efforts to gain further access to such persons or to personal information about them, or cause them

harassment, harm, or exposure to unwanted and/or derogatory publicity and inferences, all to their

detriment.  EOUSA determined that information contained in such references could not be disclosed

and should be deleted and segregated in all the documents to which this exemption was applied.  Id.

¶ 14.

There is no public interest in the release of this privacy-protected information because

dissemination of the information would not help explain the activities and operations of the EOUSA

or the United States Attorney's office.  No public interest would counterbalance the law enforcement

and third party individuals' privacy right in the information withheld under this exemption.

11

Moreover, no individual provided any authorization or consent to disclose such information.  Id. ¶ 15.

Even though 347 pages released to Plaintiff have been redacted, the pages have anywhere between one and up to five names redacted per page.  While this appears to be many redactions, all of them are names of various individuals.  The redactions are made in such a way as to, in effect, provide the Plaintiff with 99 percent of the information contained within those pages.  Id. ¶ 16.

### E.    SEGREGABILITY

The Court of Appeals for the District of Columbia Circuit has held that a District Court considering a FOIA action has "an affirmative duty to consider the segregability issue sua sponte." Trans-Pacific Policing Agreement v. United States Customs Service, 177 F.3d 1022, 1028 (D.C. Cir. 1999).  The FOIA requires that if a record contains information that is exempt from disclosure, any "reasonably segregable" information must be disclosed after deletion of the exempt information unless the non-exempt portions are "inextricably intertwined with exempt portions."  5 U.S.C. § 552(b); Mead Data Cent., Inc. v. United States Dept. of the Air Force, 566 F.2d 242, 260 (D.C. Cir. 1977).

In order to demonstrate that all reasonably segregable material has been released, the agency must provide a "detailed justification" rather than "conclusory statements".  Mead Data, 566 F.2d at 261.  The agency is not, however, required "to provide such a detailed justification" that the exempt material would effectively be disclosed.  Id.  All that is required is that the government show "with 'reasonable specificity'" why a document cannot be further segregated.  Armstrong v. Executive Office of the President, 97 F.3d 575, 578-79 (D.C. Cir. 1996).  Moreover, the agency is not required to "commit significant time and resources to the separation of disjointed words, phrases, or even

12

sentences which taken separately or together have minimal or no information content." Mead Data, 566 F.2d at 261, n.55.

In this case, EOUSA has demonstrated with reasonable specificity that all reasonably segregable information has been released. The declaration of David Luczynski describes the non-segregable information and the reasons why in some instances partial releases were made. See Luczynski Decl. ¶ 17.  EOUSA has plainly met its burden here.

## CONCLUSION

For the foregoing reasons, defendants FBI and EOUSA respectfully request that their motion for summary judgment be granted.

Respectfully submitted,

/s/

_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

/s/

_____
RUDOLPH  CONTRERAS, D.C. Bar #  434122
Assistant United States Attorney

/s/

_____
HEATHER D. GRAHAM-OLIVER
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W.
Washington, D.C.  20530
 (202) 305-1334

13

## <u>CERTIFICATE OF SERVICE</u>

I certify that the foregoing Motion for Summary Judgment was served upon Plaintiff by

depositing a copy of it in the U.S. Mail, first class postage prepaid, addressed to:


RONALD WIGGINS
R14047-026;
Greenville Federal Correctional Institution;
PMB 5000;
Greenville, IL 62246-5000;


on this 16th day of August  2006.


                                        /s/

                          _____
                          HEATHER GRAHAM-OLIVER
                          Assistant United States Attorney