## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

RONALD WIGGINS,                         )
                                        )
              Plaintiff,                )
                                        )
       v.                               )
                                        )        Civil Action No. 1:05-CV-2332-RCL
UNITED STATES DEPARTMENT OF             )
JUSTICE and EXECUTIVE OFFICE OF         )
UNITED STATES ATTORNEYS,                )
                                        )
              Defendants.               )
_____ )


## DECLARATION OF DAVID LUCZYNSKI

       I, David Luczynski, declare the following to be a true and correct statement of facts:

       1. I am an Attorney Advisor with the Executive Office for United States Attorneys

("EOUSA"), United States Department of Justice. In that capacity, my responsibilities include

acting as liaison with other divisions and offices of the Department of Justice ("DOJ") in

responding to requests and the litigation filed under both the Freedom of Information Act

("FOIA"), 5 U.S.C. §552 (1988), and the Privacy Act of 1974, 5 U.S.C. §552a (1988) ("PA"), the

reviewing of FOIA/PA requests for access to records located in this office and ninety-four United

States Attorney offices ("USAOs") and the case files arising therefrom, reviewing of

correspondence related to requests, reviewing of searches conducted in response to requests,

locating of responsive records, preparing of responses thereto by the EOUSA to assure that

determinations to withhold (or to release) such responsive records are in accordance with the

provisions of both the FOIA and the PA, as well as the Department of Justice regulations (28

C.F.R. §§16.3 et seq. and §16.40 et seq.).

2. As an Attorney Advisor of the FOIA/PA Unit, EOUSA, I have the authority to release and withhold records requested under the FOIA/PA. The statements I make in this Declaration are made on the basis of my review of the official files and records of EOUSA, on my own personal knowledge, and on the basis of information acquired by me through the performance of my official duties.

3. Due to the nature of my official duties, I am familiar with the procedures followed by this office in responding to the FOIA/PA request(s) made to EOUSA by the above-captioned Plaintiff, Ronald Wiggins. I have reviewed the complaint which this Declaration addresses.

## CHRONOLOGY

4. By letter dated July 25, 2005, Plaintiff submitted his FOIA request asking for "public record in the Central District of Illinois... The document's [sic] I request are all relevant pre-trial, and sentencing transcript's including the pre-sentence investigation report". **Exhibit A.**

5. EOUSA acknowledged Plaintiff's request and provided him with a FOIA reference number concerning the search, No. 05-2331, by letter dated September 6, 2005. The Plaintiff was also informed that his request will be processed in the order that it was received and could take more time to process than the statutory period. **Exhibit B.**

6. On May 25, 2006, Plaintiff was provided with records responsive to his request. EOUSA released in full ("RIF") 10 pages of records and released in part ("RIP") 347 pages of records. **Exhibit C.**

## ADEQUACY OF THE SEARCH

7. After receiving Plaintiff's FOIA request (**Exhibit A**), EOUSA undertook the search for documents responsive to Plaintiff's FOIA request. Upon receiving Plaintiff's FOIA request,

the EOUSA forwarded the request to the FOIA Contact for the Central District of Illinois. Each United States Attorney's Office maintains the case files for criminal matters prosecuted by that office. The FOIA Contact began a systematic search for records on Ronald Wiggins to determine the location of any and all files relating to him in order to comply with the request. FOIA Contact searched for records from the case files in that case. The FOIA Contact for the Central District of Illinois informed EOUSA that records responsive to Plaintiff's request were found in that office.

8. To accomplish the search, the FOIA Contact looked for records in the computer tracking system for the USAO/ILC that were listed under the name "Wiggins". The FOIA Contact used a computer case tracking system in the U.S. Attorney's Office to determine all possible locations of responsive files.

9. The systems utilized in searching for records pertaining to Plaintiff were the Public Access to Court Electronic Records ("PACER"), and the Legal Information Office Network System ("LIONS"). The LIONS system is the computer system used by United States Attorneys offices to track cases and to retrieve files pertaining to cases and investigations. By use of the LIONS system, the user can access databases which can be used to retrieve the information based on a defendant's name, the USAO number (United States' Attorney's Office internal administrative number), and the district court case number. In this case, the FOIA Contact used the LIONS system to locate records based upon the name "Wiggins".

## EOUSA'S DISCLOSURE DETERMINATION

### Identification of Responsive Records

10. All documents responsive to Plaintiff's FOIA request have been located in the United

States Attorneys Office for the Central District of Illinois, ("USAO/ILC"). The records are
maintained in the Criminal Case File System (Justice/USA-007) entitled <u>United States v.</u>
<u>Reginald Wiggins.</u>

11. There are no other records systems or locations within the Central District of Illinois
in which other files pertaining to Plaintiff's criminal case, were maintained.

## JUSTIFICATION FOR NON-DISCLOSURE UNDER THE PRIVACY ACT

12. EOUSA processes all requests made by individuals for records pertaining to
themselves under both the FOIA and PA in order to provide the requester with the maximum
disclosure authorized by law. Criminal case files maintained by U.S. Attorney's Offices are part
of the DOJ Privacy Act System of Records. The Attorney General has promulgated regulations
at 28 C.F.R. §16.81(a)(1) which exempt U.S. Attorney's Office criminal case files (known as
Justice/USA-007 files) from the PA's access provisions as authorized by 5 U.S.C. §552a(j)(2).
Subsection (j)(2) exempts from mandatory disclosure all records maintained by an agency or
component performing as its principal function any activity pertaining to the enforcement of
criminal laws. Since Plaintiff's entire request pertains to criminal investigations, the materials
were necessarily compiled for law enforcement purposes. Therefore, EOUSA determined that
the responsive records withheld were not disclosable under the PA. Accordingly, EOUSA next
reviewed the records under the provisions of the FOIA.

## JUSTIFICATION FOR NON-DISCLOSURE UNDER THE FOIA

### EXEMPTION 5 U.S.C. §552(b)(7)(C)

13. Exemption (b)(7)(C) of the FOIA exempts from mandatory release records or
information compiled for law enforcement purposes if such release could reasonably be expected

to constitute an unwarranted invasion of personal privacy. All information at issue in this case
was compiled for law enforcement purposes in order to assist in the investigation and prosecution
of Ronald Wiggins.

14. Exemption (b)(7)(C) was applied to withhold the identities of and personal
information about third party individuals, the release of which could subject such persons to an
unwarranted invasion of their personal privacy. Release of the identifying information could
result in unwanted efforts to gain further access to such persons or to personal information about
them, or cause them harassment, harm, or exposure to unwanted and/or derogatory publicity and
inferences, all to their detriment. EOUSA determined that information contained in such
references could not be disclosed and should be deleted and segregated in all the documents to
which this exemption was applied.

15. EOUSA determined that there was no public interest in the release of this privacy-
protected information because dissemination of the information would not help explain the
activities and operations of the EOUSA or the United States Attorney's office. No public interest
would counterbalance the law enforcement and third party individuals' privacy right in the
information withheld under this exemption. Moreover, no individual provided any authorization
or consent to disclose such information.

16. Even though 347 pages released to Plaintiff have been redacted, the pages have
anywhere between one and up to five names redacted per page. While this appears like a lot of
redactions, all of them are names of various individuals. The redactions are made in such a way
as to, in essence, provide the Plaintiff with 99 percent of the information contained within those
pages.

## SEGREGABILITY

17. Each document, and each page contained in each document, was evaluated for segregability. All information withheld was exempt from disclosure pursuant to a FOIA exemption. Plaintiff was provided with all information which did not reveal information protected by statute or which, if disclosed, would violate the personal privacy of third parties. No reasonably segregable non-exempt information was withheld from Plaintiff.

## CONCLUSION

18. Each step in the handling of Mr. Wiggins' request has been entirely consistent with the EOUSA and the United States Attorney's Office procedures which were adopted to insure an equitable response to all persons seeking access to records under the FOIA/PA.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 14th, 2006.

David Luczynski
Attorney Advisor
EOUSA, FOIA/PA Unit

July 25, 2005

To: Department of Justice:

FROM/REQUESTER/RONALD WIGGINS

RE: DOCUMENTS PERTAINING TO THE FEDERAL PROSECUTION:


To Whom it may concern:


The purpose of this request is to attempt to obtain the necessary document's which are a part of the public record in the Central District of Illinois, regarding the prosecution of Ronald Wiggins, Criminal Case No. 03CR20032. The document's I request are all relevant pre-trial, and sentencing transcript's including the pre-sentence investigation report. I have previously contacted the Attorney who represented me in this matter, but he has failed to respond to my inquiries. Thus, any assistance your office might provide in regards to this matter will be greatly appreciated:

C. FILE                                    RONALD WIGGINS

*Ronald Wiggins*

**A**

**U.S. Depart ⋮ ⸱f Justice**

*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Staff*                    SEP - 6 2005
*600 E Street, N.W., Room 7300*
*Washington, D.C. 20530*
*202-616-6757  Fax 202-616-6478*

---

Request Number: <u>05-2331</u>          Requester: <u>Ronald Wiggins</u>

Subject: <u>Self (specific recs)</u>

The Executive Office for United States Attorneys (EOUSA) has received your Freedom of Information Act/Privacy Act (FOIA/PA) request. It has been assigned the above number. <u>Please give us this number if you write about your request.</u> If we need additional information, we will contact you within two weeks.

Your request will be placed in the order in which it was received for processing, unless it is a very large request (Project Request). Then, it will be placed in a separate group of Project Requests, which are also processed in the order received.

EOUSA makes every effort to process most requests within a month (20 working days). There are some exceptions, for example, Project Requests take approximately nine months to process. Requests for "all information about myself in criminal case files" are usually Project Requests. If you have made such a request, you may either write us and narrow your request for specific items, or you may expect that the processing of your request may take nine months from the date of this letter.

By making a FOIA/PA request, you have agreed to pay fees up to $25, as stated in 28 CFR § 16.3(c), unless you have requested a fee waiver. Please note that pursuant to 28 CFR § 16.11, we are required to charge fees for time used to search for the documents you have requested and for duplication of all pages released to you. Normally, search time is charged at a rate of $28 per hour after the first two hours which are free, and duplication fees are $0.10 per page after the first 100 pages which are free. <u>Please do not send any payment at this time!</u> If we anticipate that fees will exceed $25 or the amount you have stated in your letter (if greater than $25), we will normally notify you of our estimate of fees. After we have received your agreement to pay for the expected fees (or you have narrowed your request to reduce fees) and we have processed your request, we will require payment for the accumulated charges before we release documents to you. Without such payment, your request file will be closed without further action.

Sincerely,

*Marie A. O'Rourke*

Marie A. O'Rourke
Assistant Director

Form No. 001 -6/(







**U.S. Departmᴇ  ͅ Justice**

*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Staff*
*600 E Street, N.W., Room 7300*
*Washington, D.C. 20530*
*202-616-6757   Fax 202-616-6478*

Requester:  Ronald Wiggins _____    Request Number:  05-2331 _____

Subject of Request: self _____          MAY 25ᵗʰ 2006

Dear Requester:

    Your request for records under the Freedom of Information Act/Privacy Act has been processed. This letter constitutes a reply from the Executive Office for United States Attorneys, the official record-keeper for all records located in this office and the various United States Attorneys' Offices.

    To provide you the greatest degree of access authorized by the Freedom of Information Act and the Privacy Act, we have considered your request in light of the provisions of both statutes.

    The records you seek are located in a Privacy Act system of records that, in accordance with regulations promulgated by the Attorney General, is exempt from the access provisions of the Privacy Act. 28 CFR § 16.81. We have also processed your request under the Freedom of Information Act and are making all records required to be released, or considered appropriate for release as a matter of discretion, available to you. This letter is a [ x  ] partial release [   ] full denial.

    Enclosed please find:

    __10_____ page(s) are being released in full (RIF);
    _347_____ page(s) are being released in part (RIP);
    __0_____ page(s) are withheld in full (WIF). **The redacted/withheld documents were reviewed to determine if any information could be segregated for release.**

    The exemption(s) cited for withholding records or portions of records are marked below. An enclosure to this letter explains the exemptions in more detail.

| Section 552 | | | Section 552a |
|---|---|---|---|
| [  ] (b)(1) | [  ] (b)(4) | [  ] (b)(7)(B) | [  ] (j)(2) |
| [  ] (b)(2) | [  ] (b)(5) | [ x ] (b)(7)(C) | [  ] (k)(2) |
| [  ] (b)(3) | [  ] (b)(6) | [  ] (b)(7)(D) | [  ] (k)(5) |
| ____ | [  ] (b)(7)(A) | [  ] (b)(7)(E) | [  ] _____ |
| _____ | | [  ] (b)(7)(F) | |

    [   ] In addition, this office is withholding grand jury material which is retained in the District.

Form



[   ]   A review of the material revealed:

[   ]   _____ page(s) originated with another government component. **These records were found in the U.S. Attorney's Office files and may or may not be responsive to your request.** These records will be referred to the following component(s) listed for review and direct response to you:_____

[   ]   There are public records which may be obtained from the clerk of the court or this office, upon specific request. If you wish to obtain a copy of these records, you must submit a new request. These records will be provided to you subject to copying fees.

[   ]   Please note that your original letter was split into separate files ("requests"), for processing purposes, based on the nature of what you sought. Each file was given a separate Request Number (listed below), for which you will receive a separate response:

[ x ]   See additional information attached.

This is the final action on this above-numbered request. You may appeal this decision on this request by writing within 60 days from the date of this letter to the **Office of Information and Privacy, United States Department of Justice, 1425 New York Avenue, Suite 11050, Washington, D.C. 20530-0001.** Both the letter and envelope should be marked "FOIA Appeal." If you are dissatisfied with the results of any such administrative appeal, judicial review may thereafter be available in U.S. District Court, 28 C.F.R. §16.9.

Sincerely,

William G. Stewart II
Acting Assistant Director

Enclosure(s)