UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RONALD WIGGINS, pro-se,           )
          Plaintiff,              )
                                  )
                                  )
                                  )
v.                                )     Case No. 05-2332(RCL)
                                  )
                                  )
NAT'L CREDIT UNION ADMIN.,        )
et. al.,                          )
          Defendants.             )
                                  )
_____    )

## PLAINTIFF'S OPPOSITION TO DEFENDANTS FBI AND EOUSA'S
## MOTION FOR SUMMARY JUDGMENT

**COMES NOW,** Plaintiff Ronald Wiggins, procceding pro-se, filing his oppisition motion to Defendant's FBI and EOUSA'S Notion for Summary Judgment.  The Plaintiff's response motion is due September 16, 2006, the Plaintiff's opposition motion is timely filed.  The Plaintiff submits the following reasons why this court should deny the Defendant summary judgment motion:

On August 17, 2006 the Defendants FBI and EOUSA, filed there motion for summary judgment. See: Docket Entry No. [19].

## STATEMENT OF MATERIAL FACTS AS TO WHICH THERE
## SHOULD NOT BE NO GENUINE ISSUE IN DISPUTE

1.  **FEDERAL BUREAU OF INVESTIGATION ("FBI"):**

    1.  On August 28, 2005 Plaintiff sent a letter request pursuant to FOIA, to the Federal Bureau of Investigation ("FBI"), stating in part, "This is a request for any and all information in your files,

RECEIVED

SEP 2 5 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

- 1 -

concerning any investigation of the requester by your department.  The District of Columbia, Court of Appeals, has held, pro-se litigants request should be taken liberally."  **See: Appendix-A.**

2.  On October 18, 2005 the Plaintiff sent a letter to the Office of Information and Privacy ("OIP"), appealing the non-response of FBI to the previous FBI request.  **See: Appendix-B.**

3.  On November 28, 2005 the Plaintiff received a letter from David M. Hardy, Section Chief, informing the Plaintiff that a search had been conducted, and Plaintiff was given request number 1033612-000, finding no records.  **See: Decl. of FBI,, Exhibit-B.**

4.  On December 12, 2005 the Plaintiff sent a letter to Mr. Richard Huff, Co-Director of Office of Information & Privacy Act, appealing the fact that the FBI, was claiming that it had no records responsive to the Plaintiff's request. **See: Appendix-C.**

5.  On January 12, 2006 Ms. Priscilla Jones, of OIP, sent a letter to Plaintiff assigning a number # 06-0901 to the appeal.  **See: Appendix-D.**

6.  That on May 10, 2006 the Plaintiff's amended complaint was filed with the district court, adding Defendant FBI, to the FOIA litigation, because they were in violation of the statutory time limitation pursuant to FOIA.

**2.  EXECUTIVE OFFICE FOR UNITED STATES ATTORNEYS ("EOUSA"):**

1.  On July 25, 2005 Plaintiff did in fact sent a FOIA request to the Department of Justice, requesting rpublic records in the Central District of Illinois, regarding the prosecution of Plaintiffs criminal case no. 03CR20032, pretrial documents, sentencing transcripts. **See: Appendix-E.**

2.   On August 28, 2005 Plaintiff made a second request this time directly to the Executive Office for United States Attorneys ("EOUSA"), stating in the request, "This is a request for any and all information in your files, concerning any investigation of the requester by your department.  The District Columbia, Court of Appeals, has held, pro-se litigants request should be taken liberally. **Lacreda v. EOUSA 317 F.3d 345 (D.C. Cir. 2003)." See: Appendix-F.**

3.   On September 6, 2005 Plaintiff received a letter from Ms. Marie A. O'Pourke, Assistant Director of EOUSA, asking the Plaintiff if he would like to be placed on a 9-month Project request. **See: Decl. of EOUSA, Exhibit-B.**

4.   On September 14, 2005 Plaintiff sent a letter to Ms. Marie A. O'Rourke, of EOUSA informing her that Plaintiff had an urgent need for the records and did not wish to be placed on a "Project Request". **See: Appendix-G.**

5.   On February 24, 2006 Mr. Richard Huff, Co-Director of OIP, sent a letter informing the Plaintiff, that, "As no adeverse determination has yet been made, there is no action for this office to consider on appeal.  Indeed, the Freedom of Information Act itself contemplates judicial review, rather than administrative appeal, when an agency has failed to respond to a request within the statutory time limits. See: 5 U.S.C. § 552(a)(6)(C)(i)." **See: Appendix-H.**

6.   On May 10, 2005 the Plaintiff sought judicial review against the Defendant EOUSA, because EOUSA was in violation of FOIA.

7.   On May 25, 2006 EOUSA sent the Plaintiff documents in a FOIA document release under Request Number: 052331, 10-documents released in full, and 347-pages of documents released in part. **See: Appendix-I.**

## SUMMARY JUDGMENT IS INAPPROPRIATE

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate if the pleadings on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).  Material facts are those that "might affect the outcome of the suit under the governing law." **Anderson v. Liberty Lobby, Inc.**, 477 U.S. 242, 248 (1986).  The party seeking summary judgment bears the initial burden of demonstrating an absence of a genuine issue of material fact.  **Celotex Corp. v. Catrett**, 477 U.S. 317, 322 (1986); **Tao v. Freeh**, 27 F.3d 635, 638 (D.C. Cir. 1994).  In concluding a motion for summary judgment, the "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." **Anderson**, 477 U.S. at 255.

Summary Judgment, is inappropriate in this case, where there exist material facts that are genuine in dispute.

## APPLICABLE PROVISIONS OF THE FOIA

The FOIA generally provides that every federal agency shall promptly make available upon request records reasonably described. 5 U.S.C. § 552(a)(3)(A).  Under the Act, an agency may not withhold or limit the availability of any record, unless one of the FOIA's specific exceptions applies. Id.  § 552(d).  These exceptions are to be narrowly construed. **Department of the Interior v. Klamath Water Users Protection Ass'n**, 532 U.S. 1, ____, 121 S.Ct. 1060, 1065, 149 L.Ed.2d 87 (2001)(quoting). **United States Dept. of Justice v. Tax Analysts**, 492 U.S. 136, 151, 109

- 4 -

S.Ct. 2841, 106 L.Ed.2d 112 (1989)), and the burden is on the agency to justify its action. 5 U.S.C. § 552(a)(4)(B). Therefore, the structure of the Act reflects "a general philosophy of full agency disclosure unless information is exempted under clearly delineated statutory language." **Department of the Air Force v. Rose**, 425 U.S. 352, 360-61, 96 S.Ct. 1592, 48 L.Ed.2d 11 (1976)(quotation omitted).

As movant, the government is responsible for giving notice of all grounds for its motion and for demonstrating the absence of any factual dispute. **Celotex**, at u.s. 317 **Id**. Moreover, this Court must view all facts and inferences in the light most favorable to plaintiff when determining whether the summary judgment evidence raises a genuine issue of material fact, resolving all doubts in his favor. **Wardlawv. Pickett**, 1 F.3d 1297, 1299 (D.C. Cir. 1993), **cert denied**, 512 U.S. 1204 (1994). This Court is prevented from weighing evidence, assessing credibility, or even determining the most reasonable inference to be drawn from it -- for that falls within the province of the fact finder. **Anderson**, 477 U.S. at 249, 255. In short, summary judgment is inappropriate if the evidence before this Court, viewed as a whole, could lead to different factual findings and conclusions. **Id**.

In FOIA litigation, "summary judgment itself takes on a unique configuration." **Lame v. Department of Justice**, 767 F.2d 66, 70 (3rd Cir. 1985).

Unlike other summary judgment motions under Fed.R.Civ.P. 56, and because the government possess a uniquely dispropprtionate amount of the evidence, it is axiomatic that the agency bears the burden of justifying its decision to withhold information.

- 5 -

## WHETHER DEFENDANT FBI IS ACTING IN BAD-FAITH WITH THE PRO-SE LITIGANT, WHEN DISCLOSURE IS THE GENERAL RULE OF FOIA

The Plaintiff contends that Defendant FBI is acting in bad-faith in dealing with the FOIA request of the pro-se plaintiff. The Plaintiff made specific request in his FOIA request with FBI. In the Plaintiffs initial request under FOIA, its under disputed that Plaintiff requested more than records concerning himself. With the request for "any and all information in your files, concerning any investigation of the requester by your department", the Plaintiff also requested "copies of all applicable regulations of your agency in relation to its statutory duties, pursuant to FOI/PA.", plus Plaintff requested documents and information on a third party **Barry Brady,** a specific request for all public records on Barry Brady. **See: Decl. of FBI, Exhibit-A.**

The Defendant FBI has acknowledged that it received the Plaintiffs August 28, 2005 request for documents on himself, regulation of FOIA of FBI and third party information on Barry Brady, as a government witness or informant in its summary judgment motion and the declaration of Peggy L. Bellando, Unit Chief of FOI/PA. **See: State of Material Facts, ect., page 1, and Decl. of FBI, Exhibit-A.**

> "Under the FOIA an agency is obligated to make "promptly available" records that are "reasonably described" in a written request thereof and are not exempt from disclosure. 5 U.S.C. §§ 552(a)(3)(A), 552(b). A request reasonbly describes records if "the agency is able to determine precisely what the records are being requested." **Yeager v. Drug Enforcement Admin.,** 678 F.2d 315, 326 (D.C. Cir. 1982).

- 6 -

In the Defendant FBI's November 28, 2005 the agency informed Plain-
tiff that it had no responsive records on him in their central records
system ("CRS"), and went on to say in the letter, that the "automated
indices is an index to all records created . . . as well as to all
records created since January 1, 1973, in criminal matters" **See: Decl.
of FBI, Exhibit-B.** Tne Defendant FBI never mentioned in the November
28, 2005 response letter, why it did not disclose to the Plaintiff
any policy records or regulations on the agencies record keeping, so
Plaintiff could be better informed to what his rights are with the agency.
Nor was the Plaintiff informed why the agency did not provide documents
and information on Barry Brady, as a government informant or witness.
**See: Decl. FBI, Exhibit-B.**

The Defendant FBI, has informed the Plaintiff for the first time
in this litigation, that it did not have FBI field office records in
FBIHQ pertaining to himself. It would appear that if Defendant FBI,
were dealing with the Plaintiff in good faith, it would have advised
the Plaintiff, that the agency had no records in its department, but
the Plaintiff should make its inquiry to the FBI field office for the
records that he seeks, being that Plaintiff made a specifif request
for records concerning his criminal case in the Central Division, of
the United States District Court, in Illinois, case number: 02-20032-
001, the agency had a responsibility to inform the Plaintiff about the
proper course to get the records he had requested, under FOIA.

Also the Plaintiff had requested that the agency review his request
pursuant to **LaCreda v. EOUSA,** 317 F.3d 345 (D.C. Cir. 2003), being that
he was pro-se and that his request should have been taken liberally.
at p. 348 <u>Id</u>.

- 7 -

During the criminal proceedings in the criminal case <u>United States</u> <u>v. Wiggins</u>, 02-20032-001, the government released during discovery documents from the FBI, by SA Jeffrey C. Warren, with a Case File # 91A-SI-53068. **See: Appendix-J.**

Occording to the November 28, 2005 letter from David M. Hardy, Section Chief of Records and Information, central records system has records on all records created since January 1, 1973, in criminal matters. **See: Decl. of FBI, Exhibit-B.**

That would suggest that FBI, should have this case in their FBIHQ file, being that Plaintiff was investigated and indicted based on the federal crime of Bank Robbery and should have been placed in its CRS system of record keeping.

After the Plaintiff had put FBI on notice that the Plaintiff criminal case originated in the Central Division of Illinois, and gave FBI the case number of the criminal case, that would have been enough for FBI, to properly inform the Plaintiff, are transfer the FOIA request to the proper FBI field office, if in fact there was not records in the FBIHQ, dealing with the criminal case file of plaintiff even though he was charged and investigated by FBI.

The Plaintiff suggest that the district court order the FBI, to make another search for records through, the Plaintiffs name and the identification number 91A-SI-53068, in order to determine if there are records in the files of FBIHQ, that may have been overlooked, records on the plaintiff's criminal case concerning himself.

<u>FBI NEVER RESPONDED TO PLAINTIFFS REQUEST FOR</u>
<u>COPIES OF ALL APPLICABLE REGULATIONS OF FBI</u>
<u>IN RELATION TO ITS STATUTORY DUTIES, UNDER</u>
<u>FOI/PA</u>

The Defendant FBI can not dispute the fact, that Plaintiff made specific request for copies of all applicable regulations of FBI in relation to its statutory duties, pursuant to FOI/PA. **See: Appendix-A.**

The Defendant FBI has not provided any manuels on the policies and procedures of the FBI, on its FOI/PA system of record keeping or any publication.

Disclosure, not secrecy, is the dominate object of the Act, **Dept. of Air Force v. Rose,** 425 U.S. 352, 48 L.Ed.2d 11, 96 S.Ct. 1592 **(1972).**

The Defendant FBI has not provided an explanation as to why it did not provide any materials on its FOIA regulations or state why it didn't provide materials on FOIA and its system of record keeping.

It would be inappropriate to grant Defendant FBI, summary judgment on this issue. The district court should order the Defendant FBI to produce all manuels on the subject of FOI/PA that deals with FBI's statutory obligation under FOIA. There is a strong possibility that if the FBI would have provided the FOIA requlation materials ask requested, there would have been no issue about where investigative documents where being keep.

The district court should hold this issue in abeyance, while FBI search the file office where Plaintiff was investigated by the FBI.

### THE SEARCH FOR RECORDS ON BARRY BRADY WAS
### INADEQUATE, WHEN THE FBI FAILED TO
### PROVIDE RECORDS MADE BY REQUEST

The Plaintiff contends that Defendant FBI, failed to adequately search for records in its files on Barry Brady, a third party witness or government informant., when Plaintiff had made a specific request for records and information in its files, whether pricate or public.

On August 28, 2005 Plaintiff made a specific request for records on Barry Brady, as a witness or government informant, "I also seek documents and information in Third Parties in your files that was involved in some way with my case, and/or served as a government witness or informant, the parties are: **Barry Brady,** the requester is entitled to all public records that have entered the public domain. See: <u>Davis v. Department of Justice</u>, 968 F.2d 1276 (D.C. Cir. 1992)." **See: Appendix-A, page-1.**

There is no dispute, the Defendant FBI made no search at all records on Barry Brady prior to the Plaintiff initiating litigation in this case, and by the Defendants own admission in their summary judgment motion, no search was ever conducted on Barry Brady, for any records. **See: Defendant's FBI and EOUSA Motion for Summary Judgment, pp. 5-7; and the Declaration of Peggy L. Bellando.**

In the Declaration of Peggy L. Bellando, she briefly mentions the Plaintiff made a request for records on Barry Brady, in her <u>CHRONOLOGY OF PLAINTIFF'S FOIA REQUEST</u>, and states why in a footnote how they erroneously construed Plaintiffs request on Barry Brady to mean, stating:

"1. The reference to third party Barry Brady was construed to mean any information at headquarters pertaining to the plaintiff that may have been cross-reference in a third party file. A search was conducted for any and all files or cross-reference files at headquarters which pertain to plaintiff. Further, the request was not viewed as a specific request for files on a Barry Brady because Plaintiff did not provide either notarized authorization(Privacy Waivers)from Mr. Brady or proof of death. (See 28 C.F.R. § 16.3(a)). Third party individuals maintain strong provacy interests in not having their personal information disclosed pursuant to 5 U.S.C. § 552(b)(7)(C). Thus, absent a privacy waiver or proof of death the FBI will neither confirm nor deny the existence of any files pertaining to a Mr. Barry Brady." **See: Decl. of FBI, page-2, footnote 1.**

The Defendant FBI did not any reference to searching for public records on Barry Brady, and misstates the record concerning the Plaintiff making a specific request for records on Barry Brady.

The D.C. Circuit Court of Appeals has stated that "agency affidavits that 'do not denote which files were searched, or by whom, do not reflect any systematic approach to document location, and do not provide information specific enough to enable [the requester] to challenge the prccedure utilized' are insufficient to support summary judgment." <u>Steinberg v. DOJ.</u>, 23 F.3d 548, 552 (B.C. Cir. 1994).

There is no indication in the Defendant FBI summary judgment, that it made any search in its files for public records on Barry Brady, as requested by the Plaintiff. This Court at the very lease should order FBI to provide all public records in its files on Barry Brady.

For all of the foregoing reasons, this Court should reject FBI motion for summary judgment.

## DEFENDANT EOUSA IS NOT ENTITLED TO SUMMARY JUDGMENT BECAUSE IT HAS FAILED TO COMPLY TO THE PROVI- SIONS OF FOIA

## WHETHER DEFENDANT EOUSA IS ACTING IN BAD-FAITH WITH THE PRO-SE LITIGANT, WHEN DISCLOSURE IS THE GENERAL RULE OF FOIA

The Plaintiff contends that Defendant EOUSA is acting in Bad-Faith in dealing with the pro-se litigants FOIA request.  On August 28, 2005[1]. Plaintiff made a specific request for "any and all information in your files, concerning any investigation of the requester by your depart- ment," the Plaintiff also requested "copies of all applicable regulati- ons of your agency in relation to its statutory duties, pursuant to FOI/ PA," plus Plaintiffs requested documents and information on a third party **Barry Brady,** a specific request for all public records on Barry Brady." **See: Appendix-F.**

The Defendant EOUSA has not acknowledge receiving the August 28, 2005 request for records on himself, regulations of FOIA, and on third party Barry Brady, as a government witness or informant in its summary judgment motion or its declaration of David Luczynski. **See: Statement of Material Facts, etc., p. 2, and Decl. of EOUSA, p. 2.**

The July 25, 2005 request for records under FOIA from the Depart- ment of Justice, was not a direct request for records from EOUSA, and never heard from the DOJ on that request, and if whether that request had been transferred to EOUSA, that why on August 28, 2005 Plaintiff

---

[1]. In the Plaintiff initial Complaint, the Plaintiff listed in Count-2, that he had made his initial FOIA request September 28, 2005, that was an error on the Plaintiffs part, the actual FOIA request was on August 28, 2005, and EOUSA responded on September 6, 2005.

mailed a FOIA request directly to EOUSA, with his specific request for the basic information totaling (3) areas of concern listed in the request. (1) the documents and records in the files of EOUSA on the Plaintiff; (2) any EOUSA regulations on its FOIA obligations; (3) the information on the Third party information on Barry Brady.

On September 6, 2005 Defendant EOUSA had acknowledged receiving the direct request under FOIA from the Plaintiff, but failed to acknowledge the FOIA request in its summary judgment motion, or its declaration. **See: Appendix-K, (Copy of September letter from Marie A. O'Rourke, Assist. Director).**

On September 14, 2005 Plaintiff informed the Defendant EOUSA that the requester did not want to be placed on a "Project Reguest" and the he had a urgent need for the records. **See: Appendix-G.**

Its undisputed, that on February 24, 2006, that the Office of Information and Privacy sent Plaintiff a letter, after he had made a formal complaint with the agency, informing Plaintiff that the agency virtually had nothing to do in terms of EOUSA noncompliance to his FOIA request and that it could not process the appeal. **See: Appendix-H.**

Its also undisputed, that Defendant EOUSA provided some of the requested documents in a May 25, 2006 document release of records, this was done after Plaintiff had filed his FOIA litigation in this court, which occurred on May 10, 2006. **See: Appendix-I.**

## DEFENDANT EOUSA HAS FAILED TO PROVIDE RECORDS
## AND INFORMATION IN ITS CASE FILES

The Plaintiff contends that EOUSA has not provided all the request-
ed documents and information in its files on the Plaintiff. The Plain-
tiff has made specific request for all information in its files on
himself.

On May 25, 2006 the Defendant EOUSA released 347-pages of documents
in part (RIP), and 10-pages of documents in full (RIF), of those docu-
ment released in part and full, are all public records, which consist
of a set of trial transcripts pages 1 through 285 with redactions under
7(C) and 12-pages of pretrial and sentencing transcripts pages 286
through 345 with redactions under 7(C). **See: Appendix-L, (Copies of
three pages and Trial Transcripts and three pages of Sentencing Transc-
ripts, as an example).**

> "Under the FOIA and agency is obligated to make "promptly
> available" records that are "reasonably described" in a
> written request thereof and are not exempt from disclo-
> sure. 5U.S.C. §§ 552(a)(3)(A), 552(b).  A request reason-
> bly describes records if "the agency is able to determine
> precisely what the records are being requested." **Yeager
> v. Drug Enforcement Admin.**, 678 F.2d 315, 326 (D.C. Cir.
> 1982); **Landmark Legal Foundation v. E.P.A.**, 272 F.Supp.
> 2d 59, 64-65 (D.D.C. 2003).

The Defendant has failed to provide any of the investigative
records in its files to the Plaintiff, such as, the FBI, investigative
records that were provided to plaintiff's attorney during the disco-
very proceedings. **See: Appendix-J.**

- 14 -

It is well settled in this Circuit Court, that a pro-se litiga-gants request for documents must be given an liberal construction when requesting records, in **LaCedra v. EOUSA, 317 F.3d 345 (D.C. Cir. 2003),** in LaCredra's, FOIA request he requested "all documents pertaining to" criminal case that was prosecuted by agency office, but which then enumerated certain specifically requested items, should have been con-strued by agency as requesting all documents concerning the case, not just the enumerated documents; agency's interpretation that general request only identified location where specifically requested documents might be found was implausible." **at 347 Id.**

The Defendant EOUSA are arbitrarily and capriciously withholding documents and information in bad-faith that should have be provided to the Plaintiff, as has been demonstrated by Plaintiff there are inves-tigative reports and other documents that exist in the files of EOUSA that have not been disclosed to plaintiff.

Summary Judgment would be inappropriate on this issue, when EOUSA has not provided all the records in its files to plaintiff.

## THE DEFENDANT EOUSA HAS FAILED TO PROVIDE A VAUGHN INDEX
## ON THE DOCUMENT RELEASE OF PUBLIC RECORDS

The Defendant EOUSA contends that Defendant EOUSA has failed to provide a Vaughn Index, on its record release of May 25, 2006, and the redaction of information and the withholding of records in the files of EOUSA violates the spirit of FOIA.

- 15 -

"All a requester generally needs to prevail on a challenged
exemption is to show that "the agency's Vaughn index does
not justify withholding information under the exemptions
invoked." **Schiller v. N.L.R.B.**, **964 F.2d 1205, 1209 (D.C.
Cir. 1992).** Here, there is no justication put forth for
the exemptions claimed with respect to these documents.
Without justification the Government has no standing to invoke
exemptions. Similarly, the Court cannot ensure a meaningful
assessment of the withholdings without justification." cited
in, **Piper v. U.S. Dept. of Justice**, **294 F.Supp.2d 16, 31-33
(D.D.C. 2003).**

There is no dispute, the only records released by EOUSA were
public records that could Be found in files not only of the Prosecutor's
Office, but were public records that could be viewed by the general
public, and there was no Vaughn Index to justify the agencies withhold-
ing of information, nor did the Vaughn Index cover all the documents
that should have been in the agencies file..

The Defendant EOUSA has not provided an explanation as to why it
did not provide Plaintiff with any investigative materials in its files,
nor account for the records, leaving the adequacy of the search in
doubt. **See: Appendix-J.** The Plaintiff contends there are other mater-
ials in the files of EOUSA responsive to Plaintiff request and the
Defendant has failed to provide them.

"When an agency has failed to provide sufficient detail in its Vaughn Index
and or/or affidavits in support of its claim of exemption and nonsegregabil-
ity, a district court may require supplementation of Vaughn Index, conduct
an in camera review of the documents in question, authorize limited discov-
ery, or order immediate disclosure of the documents." **Church of Scientology
v. U.S. Dept. of Justice** **30 F.3d 224, 239-40 (1st Cir. 1994).**

- 16 -

## DEFENDANT EOUSA APPLIED EXEMPTION 7(C), TO PUBLIC
## RECORDS AND THESE THE EXEMPTION SHOULD NOT APPLY

The Plaintiff contends that Defendant EOUSA has applied exemption 7(C) to "Public Records" and the exemption 7(C) should not apply, the Defendant EOUSA are acting in bad-faith with the pro-se litigant, when the withholding by eousa does not deal in any way with personal information on third parties individuals that has not already been made public and continues to be public records in the District Court Clerk's Office for Central Division, of Illinois. **See: Appendix-L.**

The Defendant EOUSA has stated in their declaration that Exemption (b)(7)(C) was justified, because of the following:

"Exemption (b)(7)(C) was applied to withhold the identies of and personal information about third party individuals, the release of which could subject such persons to an unwarranted invasion of third personal privacy. Release of the identifying information could result in unwanted efforts to gain further access to such persons or to personal information about them, or cause them harassment, harm, or exposure to unwanted and/or derogatory publicity and inferences, all to thier detriment. EOUSA determined that information contained in such references could not be disclosed and should be deleted and segregated in all the documents to which this exemption was applied." **See: Decl. of EOUSA, p. 5.**

All the documents that have a Exemption 7(C) withhold are public records, even redacted information from trial transcripts or sentencing transcripts, records that are in the public domain, and that have no privacy interest attached to the records. All of the records being withheld under 7(C) can be purchased from the Clerk's Office, how does any privacy interest be attached to these kinds of public records. This

- 17 -

is an act of bad-faith, when the names and information thats being withheld is records that are permanent fixtures in the public domain, and have not been filed under seal with the district court.

In this Circuit, it is well settled that an individual has no pri-vacy interest to information he provided in a open courtroom, which becomes information in the public arena. See: **Dow Jones & Co. v. DOJ,** **917 F.2d 571, 577 (D.C. Cir, 1990); Davis v. DOJ, 968 F.2d 1276 (D.C.** **Cir. 1992); Burge v. Eastburn, 934 F.2d 577, 579 (5th Cir. 1991).**

The Defendant EOUSA should be ordered to provide a full Vaughn index of its withholding under 7(C), and furnish an explanation why exempting public information would serve a privacy interest.

Exemption 7(C) is being improperly applied and it would be inapp-ropriate to grant Defendant EOUSA summary judgment as to exemption 7(C).

## SEGREGABILITY

The Defendant EOUSA is acting in bad-faith by segregating informa-tion from various documents, the agency has attempted to justify its reasons for segregating information for the following reasons:

> "Each document, and each page contained in each document, was evaluated for segregability. All information withheld was exempt from disclosure pursuant to a FOIA exemption. Plaintff was provided with all information which did not reveal informa-tion protected by statute or which, if disclosed, would violate the personal privacy of third parties. No reasonably segregable non-exempt information was withheld from Plaintiff."

See: Decl. of EOUSA, p. 6.

The Court should order in camera inspection of the records with segregated information redacted from the document, when the only information thats being redacted, is information thats being segregated in trial transcripts and sentencing transcripts. **See: Appendix-L.**

### COUNSEL SHOULD BE APPOINTED TO UNDERTAKE DISCOVERY

The Plaintiff contends that the Defendant EOUSA has failed to provide any investigative documents from its files, records which were released to plaintiff in the criminal proceedings. **See: Appendix-J.**

This court should appoint counsel to conduct discovery in this case, "Where the adequacy of the search is genuine in dispute, the plaintiff is entitled to take discovery on the adequacy of the search." **Weisberg v. United States Dept. of Justice,** 627 F.2d 365, 371 (1980); aff'd 663 F.2d 120 (D.C. Cir. 1980). also see: **Van Strum v. U.S. E.P.A.,** 680 F.Supp. 349 (D.Or. 1987).

> "In determining whether an agency has met [its] burden of proof
> [on summary judgment], the trial judge may rely on affadvits
> . . .. The agency's affidavits naturally, must be 'relatively
> detailed' and nonconclusory and must be submitted in good
> faith.  But if these requirements are met, the district judge
> has discretion to forgo discovery and award summary judgment
> on the basis of affidavits." **Exxon Corp. v. Federal Trade Com'n,**
> 466 F.Supp. 1088, 1093 (D.D.C. 1978).

In Plaintiffs case these factors are not met, and the affidavits are not relatively detailed, there are any problems in this case, with the agencies inadequacies in their search and their non-disclosure of documents that are in their files.

The Defendant EOUSA can not dispute, they did not disclose any investigative records to plaintiff, no interview reports, reports of

- 19 -

investigation, no witness statements, the banks insurance documents and other documents that should have been in the files of EOUSA.

Discovery is necessary, and appointed counsel would be of benefit to the court, as well as the Plaintiff.

### PRO-SE LITIGANTS

"Pro-se litigants are permitted "special latitude in responding to a summary judgment motion." Shepard v. Fraisher, WL713839, at *2 (S.D.N.Y. 1999); See: **Gonzales v. Long**, 889 F.Supp. 639, 642 (E.D.N.Y. 1995).

**WHEREFORE**, Plaintiff Ronald Wiggins, prays that this Court deny the Defendants FBI and EOUSA summary judgment, and grant the Plaintiff opposition motion request, when summary judgment for the Defendants would be inappropriate.

[Dated: 21 , September, 2006].

Respectfully Submitted,

Ronald Wiggins, pro-se
# 14047-026
Federal Correctional Institution
P.O. Box 5000, 4-B
Greenville, IL. 62246

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of Plaintiff's Opposition to Defendant's FBI and EOUSA Motion for Summary Judgment, was placed in the Greenville-FCI mailbox, postage prepaid, on September 22, 2006 to:


Heather D. Graham-Oliver
Assistant United States Attorney
555 Fourth Street, N.W.,  Room 10-415
Washington, D.C. 20530

By, *Ronald Wiggins*

Ronald Wiggins, pro-se