Date: __8-28-2005__

Requesters Name: __Ronald Wiggins__

Requested Number: __14047-026__

Institutional Address: __P.O. Box 5000__
__Greenville, IL. 62246__

RE: FREEDOM OF INFORMATION/PRIVACY ACT, Request:

This is an Freedom of Information/Privacy Act request, pursuant to Title 5, Section 522 and other relevant provisions of your agency's regulations. This is a request for any and all information in your files, concerning any investigation of the requester by your department. The District of Columbia, Court of Appeals, has held, pro-se litigants request should be taken liberally. LaCreda v. EOUSA, 317 F.3d 345 (D.C. Cir. 2003).

I'm seeking documents and information from: __Federal Bureau of Investigation, Department of Justice, FOI/PA Section, RM. 6296JEH, Washington, D.C. 20530__, which is a government agency and subject to the FOIA. I would also like copies of all applicable regulations of your agency in relation to its statutory duties, pursuant to FOI/PA.

If for any reason it is determined that portions of the materials requested have been redacted or exempt, I expect the agency to identify on the release what information is being withheld and to what exemption applies to the redaction. My Criminal Case Number is: __02-20032-001__ and my case occurred in: __Central Division, in the United States Distict Court of Illinois.__

I also seek documents and information on Third Parties in your files that was involved in some way with my case, and/or served as a government witness or informant, the parties are: __Barry Brady__

,
the requester is entitled to all public records that have entered the public domain. See: Davis v. Department of Justice, 968 F.2d 1276, 1279 (D.C. Cir. 1992).

I expect to hear from your office within the 10-working days, pursuant to the statute of limitations of FOIA.

Respectfully Submitted,

*Ronald Wiggins*

**Appendix-A**

See: Attached, Certification of identity

U.S. Department of Justice                    Certification of Identity

Privacy Act Statement. In accordance with 28 CFR Section 16.4(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disseminated by the Department's failure to furnish this information will result in no action being taken on the request by the System Manager. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 522a(i) (3).

Public reporting burden for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to Director, Facilities and Administrative Services Staff, Justice Management Division, U.S. Department of Justice, Washington, DC 20530 and the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103-0016), Washington, DC 20530.

Full Name of Requester [1] __Ronald Wiggins__

Current Address __P.O. Box 5000, Greenville, Illinois 62246__

Date of Birth __2-18-72__

Place of Birth __Chicago, Illinois__

Social Security Number [2] __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__

I declare that I am the person named above and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

Signature [3] __Ronald Wiggins__     Date __8-28-2005__

Optional: Authorization to Release Information to Another Person

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. § 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to:

_____
(Print or Type Name)

[1] Name of individual who is the subject of the record sought.
[2] Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.
[3] Signature of individual who is the subject of the record sought.

FORM APPROVED OMB NO. 1103-0016
EXPIRES 1/31/98

FORM DOJ-361
FEB. 95

Ronald Wiggins
# 14047-026
Federal Correctional Institution
P.O. Box 5000, 4-B
Greenville, IL. 62246

October 18, 2005

RE: This is an appeal of the non-response
of the Federal Bureau of Investiga-
tions, request for records.

Mr. Richard Huff
Co-Director
Office of Information and Privacy
Suite 570, Flag Building
Washington, D.C. 20530

Dear Mr. Huff:

On September 28, 2005 I sent the Federal Bureau of Investigation, a request for records and information in its files on the requester. I haven't heard back from the FBI. I'm taking there non-response as a flat denial.

Mr. Huff, I hope you can assist me with getting the requested records.

Sincerely,
Ronald Wiggins

cc: file

Appendix-B

Ronald Wiggins
# 14047-026
Federal Correctional Institution
P.O. Box 5000, 4-B
Greenville, IL. 62246

December 12, 2005

RE: FOIA Appeal, from the FBI's response, for request for records, request no: 1033612-000

Mr. Richard Huff
Co-Director
Office of Information/Privacy Act
Department of Justice
Suite 570, Flag Building
Washington, D.C. 20530

Dear Mr. Huff:

On November 28, 2005 I received a letter from the Federal Bureau of Investigation ("FBI"), to my FOIA request. In that letter the FBI the agency claimed, that "no records at FBI headquarters responsive to your FOIPA request to indicate you ever been of investigative interest to the FBI." See: **Attached Exhibit-A.**

Mr. Huff, I have a bank robbery charge, there is no way that I wouldn't have records in the files of FBI. So this is a formal appeal to your office of the denial of my FOIPA request.

I expect a response within the 30-days, pursuant to the statute of limitations established by the FOIPA.

Sincerely
Ronald Wiggins

cc: file

**Appendix-C**

**U.S. Department of Justice**

Office of Information and Privacy

Telephone: (202) 514-3642          Washington, D.C. 20530

JAN 1 2 2006

Mr. Ronald Wiggins
Register No. 14047-026, 4-B
Federal Correctional Institution
P.O. Box 5000
Greenville, IL 62246

     Re: Request No. 1033612

Dear Mr. Wiggins:

     This is to advise you that your administrative appeal from the action of the Federal Bureau of Investigation was received by this Office on January 3, 2006.

     The Office of Information and Privacy, which has the responsibility of adjudicating such appeals, has a substantial backlog of pending appeals received prior to yours. In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt. Your appeal has been assigned number **06-0901**. Please mention this number in any future correspondence to this Office regarding this matter.

     We will notify you of the decision on your appeal as soon as we can. We regret the necessity of this delay and appreciate your continued patience.

                                              Sincerely,

                                              Priscilla Jones
                                              Chief, Administrative Staff

**Appendix-D**

July 25, 2005

To: Department of Justice:

FROM/REQUESTER/RONALD WIGGINS

RE: DOCUMENTS PERTAINING TO THE FEDERAL PROSECUTION:

To Whom it may concern:

The purpose of this request is to attempt to obtain the necessary document's which are a part of the public record in the Central District of Illinois, regarding the prosecution of Ronald Wiggins, Criminal Case No. 03CR20032. The document's I request are all relevant pre-trial, and sentencing transcript's including the pre-sentence investigation report. I have previously contacted the Attorney who represented me in this matter, but he has failed to respond to my inquiries. Thus, any assistance your office might provide in regards to this matter will be greatly appreciated:

C. FILE

RONALD WIGGINS

*Ronald Wiggins* (signature)

Appendix-E

A

Date: __8-28-2005__

Requesters Name: __Ronald Wiggins__

Requested Number: __14047-026__

Institutional Address: __P.O. Box 5000__
__Greenville, IL. 62246__

RE: FREEDOM OF INFORMATION/PRIVACY ACT, Request:

This is an Freedom of Information/Privacy Act request, pursuant to Title 5, Section 522 and other relevant provisions of your agency's regulations. This is a request for any and all information in your files, concerning any investigation of the requester by your department. The District of Columbia, Court of Appeals, has held, pro-se litigants request should be taken liberally. LaCreda v. EOUSA, 317 F.3d 345 (D.C. Cir. 2003).

I'm seeking documents and information from: __Executive Office for United States Attorneys, Department of Justice, Room 7100BICN, Washinton, D.C. 20530__, which is a government agency and subject to the FOIA. I would also like copies of all applicable regulations of your agency in relation to its statutory duties, pursuant to FOI/PA.

If for any reason it is determined that portions of the materials requested have been redacted or exempt, I expect the agency to identify on the release what information is being withheld and to what exemption applies to the redaction. My Criminal Case Number is: __03-20032-001__ and my case occurred in: __Central Division, in the United States District Court of Illinois.__

I also seek documents and information on Third Parties in your files that was involved in some way with my case, and/or served as a government witness or informant, the parties are: __Barry Brady__

the requester is entitled to all public records that have entered the public domain. See: Davis v. Department of Justice, 968 F.2d 1276, 1279 (D.C. Cir. 1992).

I expect to hear from your office within the 10-working days, pursuant to the statute of limitations of FOIA.

Respectfully Submitted,

_Ronald Wiggins_

See: Attached, Certification of identity

**Appendix-F**

Department of Justice 

...cy Act Statement. In accordance with 28 CFR Section 16.4(d) personal data sufficient to identify the individuals submitting requests ...ail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of ...iduals who are the subject of U.S. Department of Justice systems of records are not wrongfully discriminated by the Department's fail- ... furnish this information will result in no action being taken on the request by the System Manager. False information on this form ... subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 522a(i) (3).

...c reporting burden for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing ...ctions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of ...mation. Suggestions for reducing this burden may be submitted to Director, Facilities and Administrative Services Staff, Justice ...agement Division, U.S. Department of Justice, Washington, DC 20530 and the Office of Information and Regulatory Affairs, Office of ...agement and Budget, Public Use Reports Project (1103-0016), Washington, DC 20530.

Name of Requester [1]  **Ronald Wiggins**

...rent Address  **P.O. Box 5000, Greenville, Illinois 62246**

...e of Birth  **2-18-72**

...e of Birth  **Chicago, Illinois**

...ial Security Number [2]  **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**

...lare that I am the person named above and I understand that any falsification of this statement is punishable under the provisions of 18 ...C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or ...ining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

...nature [3] *Ronald Wiggins*       Date **8-28-2005**

...tional: Authorization to Release Information to Another Person

... form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another ...on.

...her, pursuant to 5 U.S.C. § 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to:

(Print or Type Name)

[1] Name of individual who is the subject of the record sought.
[2] Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identi-...ation of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertain-...; to you.
[3] Signature of individual who is the subject of the record sought.

FORM DOJ-361
FEB 95

...M APPROVED OMB NO. 1103-0016
...IRES 1/31/98

Ronald Wiggins
# 14047-026
Federal Correctional Institution
P.O. Box 5000, 4-B
Greenville, Il. 62246

September 14, 2005

RE: FOI/PA Request No. 05-2331

Ms. Marie O'Rourke
Assistant Director
EOUSA/FOIA/PA Staff
BICN BLDG., Room 7300
600 E. Street, N.W.
Washington, D.C. 20530

Dear Ms. O'Rourke:

I received your correspondence concerning my FOI/PA Request. This letter is to inform you that I don't care to be placed in a "Project Request". I have a urgent need for the records, I'm preparing for my future litigation in my case. I can't afford to wait 9-months for the records I seek. I expect you to process my FOIA request as fast as humanly possible.

Yes, I agree to pay the additional fees above the initial $25.00 dollars.

I expect to receive the documents as required under FOIA Act, time limitations. I hope to hear from you soon on this matter.

Sincerely,

Ronald Wiggins
Ronald Wiggins

cc: file

Appendix-G

**U.S. Department of Justice**

Office of Information and Privacy

Telephone: (202) 514-3642                Washington, D.C. 20530

FEB 2 2006

Mr. Ronald Wiggins
Register No. 14047-026, Unit 4-B
Federal Correctional Institution           Re:    Appeal No. 06-0350
Post Office 5000                                  Request No. 05-2331
Greenville, IL 62246                              JTR:CIH

Dear Mr. Wiggins:

    You attempted to appeal from the failure of the Executive Office for United States Attorneys to respond to your request for access to records.

    Department of Justice regulations provide for an administrative appeal only after there has been an adverse determination by a component. See 28 C.F.R. § 16.9 (2005). As no adverse determination has yet been made, there is no action for this Office to consider on appeal. Indeed, the Freedom of Information Act itself contemplates judicial review, rather than an administrative appeal, when an agency has failed to respond to a request within the statutory time limits. See 5 U.S.C. § 552(a)(6)(C)(i).

    We have forwarded your letter to the EOUSA. You may also wish to contact it directly and request the status of your request. If you are dissatisfied with the ultimate action of the EOUSA, you may appeal again to this Office.

Sincerely,

*M Pustay*

Melanie Ann Pustay
Deputy Director

**Appendix-H**



U.S. Department of Justice

Executive Office for United States Attorneys
Freedom of Information/Privacy Act Staff
600 E Street, N.W., Room 7300
Washington, D.C. 20530
202-616-6757   Fax 202-616-6478

Requester: __Ronald Wiggins__          Request Number: __05-2331__

Subject of Request: __self__

MAY 25 2006

Dear Requester:

Your request for records under the Freedom of Information Act/Privacy Act has been processed. This letter constitutes a reply from the Executive Office for United States Attorneys, the official record-keeper for all records located in this office and the various United States Attorneys' Offices.

To provide you the greatest degree of access authorized by the Freedom of Information Act and the Privacy Act, we have considered your request in light of the provisions of both statutes.

The records you seek are located in a Privacy Act system of records that, in accordance with regulations promulgated by the Attorney General, is exempt from the access provisions of the Privacy Act. 28 CFR § 16.81. We have also processed your request under the Freedom of Information Act and are making all records required to be released, or considered appropriate for release as a matter of discretion, available to you. This letter is a [ x ] partial release [ ] full denial.

Enclosed please find:

__10__ page(s) are being released in full (RIF);
__347__ page(s) are being released in part (RIP);
__0__ page(s) are withheld in full (WIF). **The redacted/withheld documents were reviewed to determine if any information could be segregated for release.**

The exemption(s) cited for withholding records or portions of records are marked below. An enclosure to this letter explains the exemptions in more detail.

Section 552

[ ] (b)(1)      [ ] (b)(4)      [ ] (b)(7)(B)
[ ] (b)(2)      [ ] (b)(5)      [ x ] (b)(7)(C)
[ ] (b)(3)      [ ] (b)(6)      [ ] (b)(7)(D)
_____       [ ] (b)(7)(A)   [ ] (b)(7)(E)
_____                       [ ] (b)(7)(F)

Section 552a

[ ] (j)(2)
[ ] (k)(2)
[ ] (k)(5)
[ ] _____

[ ] In addition, this office is withholding grand jury material which is retained in the District.

Appendix-I

Form

C

FD-302 (Rev. 10-6-95)

- 1 -

## FEDERAL BUREAU OF INVESTIGATION

Date of transcription   05/13/2003

    ASHLEY R. SEEFORTH, a female white, Date Of Birth (DOB) April 24, 1981, was interviewed telephonically from her home, 1879 Midland Road, Decatur, Illinois. After already knowing the identity of the interviewing agent and the nature of the interview, SEEFORTH provided the following information:

    SEEFORTH stated that during the robbery of the Land Of Lincoln Credit Union (LOLCU) on April 19, 2003, the robber, who she previously described in an interview by Decatur Police, pointed the handgun he had in his hand at SEEFORTH, when SEEFORTH looked at him after JULIE BEASLEY gave SEEFORTH one of the plastic bags. SEEFORTH stated that the robber leaned inside the teller window pointing the gun at SEEFORTH, when SEEFORTH took the plastic bag to put money in it.

---

Investigation on   05/13/2003   at   Decatur, Illinois

File #   91A-SI-53068                                      Date dictated   05/13/2003

by   SA Jeffrey C. Warren                                                 **Appendix-J**

This document contains neither recommendations nor conclusions of the FBI. It is the property of the FBI and is loaned to your agency; it and its contents are not to be distributed outside your agency.

FD-302 (Rev. 10-6-95)

- 1 -

**FEDERAL BUREAU OF INVESTIGATION**

Date of transcription  05/13/2003.

    JULIE D. BEASLEY, a female white, Date Of Birth (DOB) March 24, 1963, was interviewed at her place of employment, Land Of Lincoln Credit Union (LOLCU). After already knowing the identity of the interviewing agent and the nature of the interview, BEASLEY provided the following information:

    BEASLEY stated that during the robbery of the LOLCU on April 19, 2003, the robber, who she previously described in an interview by Decatur Police, pointed the handgun he had in his hand at BEASLEY, and also pointed it at ASHLEY SEEFORTH, who was the other victim teller. BEASLEY stated that when he handed the plastic bags to BEASLEY, he pointed his gun at BEASLEY, and when BEASLEY handed one of the bags to SEEFORTH, the robber leaned inside the teller window pointing the gun at SEEFORTH.

---

Investigation on  05/13/2003  at  Decatur, Illinois

File #  91A-SI-53068                              Date dictated  05/13/2003

by  SA Jeffrey C. Warren

This document contains neither recommendations nor conclusions of the FBI. It is the property of the FBI and is loaned to your agency; it and its contents              outside your agency.

FD-302 (Rev. 10-6-95)

- 1 -

## FEDERAL BUREAU OF INVESTIGATION

Date of transcription  04/23/2003

A photo line-up was shown to the following persons in regards to the Land of Lincoln Credit Union robbery on 4/19/2003:

CLYDE SWEITZER, a male white, Date Of Birth (DOB) 8/9/1927, 2979 Burgner Court, Decatur, Illinois (217)423-9857. SWEITZER was a customer in the bank when the robbery occurred, talking to Vice President Todd Hogan in the lobby. SWEITZER could not say if the robber was on the lineup or not due to seeing the side of the robbers face quickly when SWEITZER turned to look at him.

JULIE BEASLEY, a female white, DOB 3/24/1963, 503 North Jackson Street, Clinton, Illinois, (217)935-6996. BEASLEY was the victim teller. BEASLEY stated that she was focused on the gun and didn't get a good look at the robber's face. When shown the photo line-up, BEASLEY stated that she didn't know if the robber was on there or not.

AMANDA DORSEY, a female white, DOB 12/15/1980, RR1 Box 102, Moweaqua, Illinois, (217)768-3736. DORSEY was working at her desk when the robbery occurred. DORSEY stated that she didn't get a straight look at the robber's face and did not know if the robber was on the photo line-up or not.

ASHLAY SEEFORTH, a female white, DOB 4/24/1981, 1879 Midland Road, Decatur, Illinois, (217)423-3095, SEEFORTH was the second victim teller. SEEFORTH only got a brief side view of the robber's face, and the view was obstructed. SEEFORTH did not know if the robber was on the photo line-up.

TODD HOGAN, a male white, DOB 11/21/1963, 1879 Midland Road, Decatur, Illinois, (217)423-3095, was talking to a customer (SWEITZER) in the lobby when the robbery occurred. HOGAN got a straight view of the robber's face for a few seconds as the robber was walking out. HOGAN stated that out of the six faces on the photo line-up, the middle bottom picture (RONALD WIGGINS) most closely resembles the shape of the head and face of the robber. HOGAN was asked to write what he said under the picture and initial it. The photo line-up shown to HOGAN, with his comments at the bottom will be placed in a 1A envelope.

Investigation on  4/23/2003  at  Decatur, Illinois

File #  91A-SI-53068                                    Date dictated  4/23/2003

by  SA Jeffrey C. Warren

This document contains neither recommendations nor conclusions of the FBI. It is the property of the FBI and is loaned to your agency; it and its contents are not to be distributed outside your agency.

FD-302 (Rev. 10-6-95)

- 1 -

# FEDERAL BUREAU OF INVESTIGATION

Date of transcription    04/25/2003

WHITNEY WARRICK, a female white, Date Of Birth (DOB) March 20, 1985, living at 66 Nolen Drive, Decatur, Illinois, (217)422-0299, met Special Agent (SA) Jeffrey C. Warren at the Land of Lincoln Credit Union, 3130 East Mound Road, Decatur, Illinois, along with WHITNEY's father, HALFORD WARRICK, a male white, DOB May 20, 1961, also living at 66 Nolen Drive, Decatur, Illinois, (217)422-0299. After being advised of the identity of the interviewing Agent, and the nature of the interview, WHITNEY and HALFORD WARRICK provided the following information:

SA Warren advised HALFORD and WHITNEY WARRICK that SA Warren wanted to show a photo lineup of six photographs, of front facial shots, to HALFORD and WHITNEY separately, to see if any of the persons depicted in the pictures could be identified as the robber of the Land of Lincoln credit union on April 19, 2003. HALFORD stated that he only saw a side view of the robber's face and he does not think that he could identify a front facial photograph of the robber.

WHITNEY stated that she did get a straight look at the robber's face, and thought that she might could identify a facial picture of the robber. Before SA Warren showed the photo line-up to WHITNEY, SA Warren asked WHITNEY and HALFORD if it would be okay for HALFORD to leave the room. HALFORD and WHITNEY both agreed that it would be okay, and due to WHITNEY being 18 years of age, HALFORD left the room before the photo line-up was shown to WHITNEY.

When the line-up was shown to WHITNEY, she pointed out that the middle picture in the top row, the right picture in the top row, and the middle picture in the bottom row (RONALD M. WIGGINS), all look similar to the robber, however, she thought the robber was the middle picture in the bottom row (RONALD M. WIGGINS).

WHITNEY was asked to write her initials on the bottom of the picture of RONALD WIGGINS, and the photo line-up was placed in evidence.

---

Investigation on  4/24/2003  at  Decatur, Illinois

File #  91A-SI-53068                              Date dictated  4/25/2003

by  SA Jeffrey C. Warren

s document contains neither recommendations nor conclusions of the FBI. It is the property of the FBI and is loaned to your agency; and its contents are not to be distributed outside your agency.








FD-302 (Rev. 10-6-95)

- 1 -

**FEDERAL BUREAU OF INVESTIGATION**

Date of transcription  04/21/2003

      STEVEN CHABACK, Detective Sergeant, Decatur Police Department, Decatur, Illinois, provided Special Agent Jeffrey C. Warren copies of the reports covering investigation conducted to date by Decatur P.D. on the robbery of the Land of Lincoln Credit Union on April 19, 2003 in Decatur, Illinois. The Decatur Police case number is

      The reports will be attached and made a part of this FD-302.

Investigation on  4/21/2003   at  Decatur, Illinois

File #  91A-SI-53068                                   Date dictated  4/21/2003

by  SA Jeffrey C. Warren

This document contains neither recommendations nor conclusions of the FBI. It is the property of the FBI and is loaned to your agency; it and its contents are not to be distributed outside your agency.

# DECATUR POLICE DEPARTMENT
## PRELIMINARY OFFENSE REPORT

A largely handwritten preliminary offense report form. Key legible fields:

- **Contributing Factors**: Alcohol ☐, Drugs ☐, Hate ☐, Gang ☐, Satanic ☐, Traf Accident ☐
- **Report #**: DR03-18088 (approx.)
- **Classification**: Armed Robbery
- **Occurred Date/Time**: 1630 / 4/19/03
- **Reported Date/Time**: 1632 / 4/19/03
- **Location of Offense**: 3130 E Main (approx.)
- **Type of Premise**: Bank

**Victim / Names**:
- Fred C. Lincoln — 3130 E Main — phone 575-7761 (approx.)
- [second name illegible] — W/F 3-24-63 — Bank of Lincoln
- Ashley R. Seppert (approx.) — W/F 4-24-85 — Bank of Lincoln — 877 Midland Rd

**Property** (S-Stolen, R-Recovered, L-Lost, D-Damaged, X-Seized, B-Burned):
- U.S. Currency — $[illegible]

**Arrested / Suspect**:
- Race/Sex/Age: B/M/35 — HT 5'10 — WT 250
- Clothing description: [illegible] suit, gray pants
- Weapon: yes

**Vehicle**:
- Make/Model/License: [largely illegible] — Owner address 1917 W California (approx.)

**Connecting Case(s)**: [illegible]-7909
**Reporting Officer**: [illegible] — Badge # 574

# DECATUR POLICE INVESTIGATIVE GUIDE

**CASE HEADING:** Lady of Lakes  **DATE:** 11-19-03  **REPORT #:** 03-1808

## BURGLARY (50)

| 1 POINT OF ENTRY | 2 ENTRY METHODS | 3 SUSPECT'S ACTIONS | 4 VICTIM'S LOCATION | 5 ELEMENTS | 6 TOOLS NEEDED |
|---|---|---|---|---|---|
| 1. FRONT DOOR | 1. SMASH OR BREAK GLASS | 1. RANSACKED | 1. PRESENT | 1. ALARM INOPERATIVE | 1. KEY |
| 2. FRONT WINDOW | 2. CUT/REMOVE GLASS | 2. REMOVED PRINTS | 2. SLEEPING | 2. BURGLARIZED W/LAST 6 MONTHS | 2. PRYING TOOL |
| 3. FRONT UPPER FLOOR | 3. PRIED OR JIMMIED WINDOW | 3. ATE OR DRANK ON THE PREMISE | 3. AT FUNERAL/WEDDING/CHURCH | 3. RECENT ADMIT STRANGER/WORKMAN | 3. SAW/DRILL |
| 4. FRONT BASEMENT | 4. KEY | 4. TURNED LIGHTS ON OR OFF | 4. AT WORK/SCHOOL | 4. PHONE SURVEYS, HANGUPS | 4. BOLT CUTTER/VICE GRIPS/ETC. |
| 5. REAR DOOR | 5. CUT OR BROKE LOCK | 5. DEFECATED OR URINATED | 5. MOVING | 5. HOUSE VACANT/UNDER CONST. | 5. CHOPPING TOOL/HAMMER |
| 6. REAR WINDOW | 6. REMOVE DOOR HINGES | 6. SUSPICIOUS PERSON IN AREA | 6. OUT OF TOWN | 6. SAFE BREAK ATTEMPT | 6. BRICK/ROCK |
| 7. REAR UPPER FLOOR | 7. PRIED OR JIMMIED DOOR | 6. BROKE INTO CO-OP MACHINE | 7. SHOPPING | 7. FORCE TO LIE ON FLOOR | 7. VEHICLE |
| 8. REAR BASEMENT | 8. UNLOCKED - NO FORCE | 7. KNEW LOCATION OF HIDDEN CASH | 8. SPORTING EVENT | 8. FORCE TO ANOTHER AREA IN BLDG | 8. BODILY FORCE |
| 9. SIDE DOOR | 9. REMOVE A.C. FAN | 8. VANDALIZED | 9. PLACE OF ENTERTAINMENT | 9. FORCE TO ANOTHER LOCATION | 9. INCENDIARY DEVICE |
| 10. SIDE WINDOW | 10. HID IN BUILDING | 9. DISABLED PHONE/ALARM | 10. DOCTOR OR DENTIST | 10. TIES UP | 97. N/A |
| 11. SIDE UPPER FLOOR | 11. TRIPPED ALARM - RETURNED LATER | 17. THREATEN/RETALIATION | 11. VACATION | 11. VICTIM KNOWS SUSPECT | 98. OTHER |
| 12. SIDE BASEMENT | 12. ADMITTED BY VICTIM | 18. USED LOOKOUT | 97. N/A | 97. N/A | 99. UNKNOWN |
| 13. ADJACENT BUILDING/WALL | 13. ALARM DEFEATED | 97. N/A | 98. OTHER | 98. OTHER | |
| 14. DUCT OR VENT | 14. LADDER | 98. OTHER | 99. UNKNOWN | 99. UNKNOWN | |
| 15. ROOF/CEILING/SKYLIGHT | 15. CUT/REMOVE SCREEN | 99. UNKNOWN | | | |
| 16. GARAGE/PORCH/ENCLOSED PORCH | 16. BODY FORCED/KICKED | 10. BURGLARY NOT COMPLETED | | | |
| 97. N/A | 97. N/A | 11. OPENED SAFE | | | |
| 98. OTHER | 98. OTHER | 12. REMOVED SAFE | | | |
| 99. UNKNOWN | 99. UNKNOWN | | | | |

## AUTO BURGLARY

| 1 POINTS OF ENTRY | 2 ENTRY METHODS |
|---|---|
| 1. DRIVER DOOR  7. OTHER DOOR  97. N/A | 1. SMASH OR BREAK GLASS  7. UNLOCKED NO FORCE |
| 2. DRIVER WINDOW  8. OTHER WINDOW  98. OTHER | 2. FORCED  97. N/A |
| 3. PASSENGER DOOR  9. TRUNK  99. UNKNOWN | 3. KEY  98. OTHER |
| 4. PASSENGER WINDOW  10. HOOD | 4. PUNCHED LOCK  99. UNKNOWN |
| 5. REAR DOOR  11. CONVERTIBLE TOP | 5. SLIP LOCK OR SLIM JIM |
| 6. REAR WINDOW  12. SUNROOF | 6. FORCE OR BREAK VENT WINDOW |

## SEXUAL ASSAULT (20)

| 1 OFFERED/PRETEXT | 2 SUSPECT'S CHARAC. | 3 SUSPECT'S ACTIONS | 4 FORCE | 5 VICTIM TYPE | 6 USE OF PHONE | 7 VICTIM'S LOCATION |
|---|---|---|---|---|---|---|
| 1. FOOD, DRINK, CANDY | 1. UNUSUAL ODOR | 1. RIPPED/CUT CLOTHING | 1. BOUND COMPLAINANT | 1. ELDERLY | 1. PULLED, CUT CORD | 1. BAR |
| 2. RIDE | 2. ABNORMAL GENITALS | 2. TOOK COMP'S CLOTHING | 2. BIT COMPLAINANT | 2. MENTALLY RETARDED | 2. USED CORD TO TIE COMPLAINANT | 2. PARTY |
| 3. ASSISTANCE, INFO | 3. EJACULATED | 3. USED LUBRICANT | 3. HIT COMPLAINANT | 3. INTOXICATED | 3. CALLED COMPLAINANT | 3. PLACE OF ENTERTAINMENT |
| 4. MONEY | 4. UNABLE TO ACHIEVE ERECTION | 4. RAPED MORE THAN ONCE | 4. SHOT COMPLAINANT | 4. PHYSICALLY HANDICAPPED | 97. N/A | 4. RESIDENCE |
| 5. DRUGS | 5. USED COMPLAINANT'S NAME | 5. SODOMY | 5. COVERED COMPLAINANT'S FACE | 5. JUVENILE | 98. OTHER | 5. SHOPPING |
| 6. FALSE PRETENSE | 6. DRUNK/DRINKING | 6. ORAL SEX | 6. CHOKED COMPLAINANT | 6. PROSTITUTE | 99. UNKNOWN | 6. SCHOOL |
| 97. N/A | 7. TOBACCO ODOR | 7. TOOK PHOTOGRAPHS | 7. CUT/STABBED | 97. N/A | | 7. SPORTING EVENT |
| 98. OTHER | 8. UNUSUAL NOISE/SPEECH | 8. DIGITAL | 97. N/A | 98. OTHER | | 8. PARK/RECREATION FAC. |
| 99. UNKNOWN | 97. N/A | 97. N/A | 98. OTHER | 99. UNKNOWN | | 9. GOING TO/COMING HOME FROM WORK |
| | 98. OTHER | 98. OTHER | 99. UNKNOWN | | | 10. PARKING LOT |
| | 99. UNKNOWN | 99. UNKNOWN | | | | 97. N/A  98. OTHER  99. UNKNOWN |

## ROBBERY (30)

| 1 SUSPECT'S ACTIONS | 2 THREATS | 3 FORCED VICTIM | 4 PRETEXT OR OFFERED | 5 SUSPECT'S KNOWLEDGE/ELEMENTS | 6 VICTIM'S LOCATION |
|---|---|---|---|---|---|
| 1. USED NOTE | 1. FIRES WEAPON | 1. TO DISROBE | 1. MADE PURCHASE/ORDERED FOOD | 1. CASES SITE | 1. BAR |
| 2. JUMPS COUNTER | 2. ASSAULTS VICTIM, NO SHOTS | 2. TO PUT HANDS IN AIR | 2. ASKED FOR CHANGE/CASH CHECK | 2. USED LOOKOUT | 2. PARTY |
| 3. TAKES VIC. PERSONAL PROPERTY | 3. SEXUAL ASSAULT | 3. TO COUNT | 3. SOLICITED USE OF PHONE | 3. UNUSUAL COMMENTS/MADE GESTURES | 3. PLACE OF ENTERTAINMENT |
| 4. OPEN REGISTER/REMOVE CASH | 4. STATES HAS BOMB OR EXPLOSIVE | 4. TO WAIT TO CALL POLICE | 4. ASKED FOR INFORMATION | 4. VICTIM MAKING A BANK DEPOSIT | 4. RESIDENCE |
| 5. OPEN SAFE | 5. THREATENS VICTIM | 5. OPEN REGISTER | 5. ASKED FOR SPECIFIC PERSON | 5. OPENING/CLOSING BUSINESS | 5. SHOPPING |
| 6. PLACE PROPERTY IN BAG/SACK/ETC. | 6. HAND IN POCKET AS IF HAS A GUN | 6. OPEN SAFE | 6. ASKED ABOUT ITEM FOR SALE | 6. USED STOLEN VEHICLE | 6. SCHOOL |
| 7. DAMAGES PROPERTY | 97. N/A | ⓘ 7. PLACE CASH IN BAG OR SACK | 7. AID OF VEHICLE RIDE | 7. DRIVER IN GETAWAY CAR OUTSIDE | 7. SPORTING EVENT |
| 8. FORCED ENTRY | ⓘ 98. OTHER | 8. VICTIM HANDS OVER CASH | 8. RIDE | 8. WORKS WITH FEMALE ACCOMPLICE | 8. PARK/RECREATION FAC. |
| 9. FOLLOWED VICTIM | 99. UNKNOWN | 9. TO FACE THE OTHER WAY | 9. CIGARETTE LIGHT | 9. VICTIM KNOWS SUSPECT | 9. GOING TO/COMING HOME FROM WORK |
| 10. RANSACKS | | 10. MONEY | 10. MONEY | 10. DISCONNECTED PHONE OR ALARM | 10. PARKING LOT |
| 11. VIC IN CAR/APPR AT RED LIGHT | | 97. N/A | 11. PROSTITUTION INVOLVED/USER | 11. HIDE SURPRISE VICTIM | 11. VEHICLE |
| 12. SUSP REMOVES CASH FROM REGSTR | | 98. OTHER | 12. DRUGS/ALCOHOL | 97. N/A | ⓘ 12. STREET/SIDEWALK |
| ⓘ 13. APPROACHED FROM THE REAR | | 99. UNKNOWN | ⓘ 13. FALSE PRETENSE/CON GAME | 98. OTHER | 97. N/A |
| 97. N/A | | | ⓘ 97. N/A | ⓘ 99. UNKNOWN | ⓘ 98. OTHER |
| 98. OTHER | | | 98. OTHER | | 99. UNKNOWN |
| 99. UNKNOWN | | | 99. UNKNOWN | | |

## WEAPON

| 1 METHOD OF ESCAPE | 2 TYPE | 3 CHARACTERISTICS |
|---|---|---|
| 1. ON FOOT | 1. REVOLVER  11. OTHER CUT/STAB INSTRUMENT  21. POISON/DRUGS/LIQUOR | 1. CHROME/SILVER  10. WHITE GRIPS |
| ⓘ 2. MOTOR VEHICLE | 2. AUTOMATIC HANDGUN  12. MISSILE/ROCK  22. BURN/SCALD | 2. BLUE STEEL  11. WESTERN STYLE |
| 3. PUBLIC TRANSPORTATION | 3. UNKNOWN HANDGUN  13. BLACKJACK/CLUB  23. GAS/CARBON MONOXIDE | 3. SHORT BARREL  12. LARGE BORE |
| 4. REMAINED ON SCENE | 4. SHOTGUN  14. STICK/BAT  24. THREATS | 4. DOUBLE BARREL  13. SMALL BORE |
| 5. BICYCLE | 5. RIFLE  15. BRASS KNUCKLES  25. MARTIAL ARTS WEAPON | 5. SINGLE BARREL  14. RIGHT HANDED |
| 97. N/A | 6. SIMULATED/TOY GUN  16. OTHER BLUNT INSTRUMENT  97. N/A | 6. SAWED BARREL  15. LEFT HANDED |
| 98. OTHER | 7. FULL AUTOMATIC/UZI TYPE  17. EXPLOSIVES  ⓘ 98. OTHER | 7. PUMP  97. N/A |
| 99. UNKNOWN | 8. OTHER/UNKNOWN GUN  18. VEHICLE  ⓘ 99. UNKNOWN | 8. BOLT ACTION  98. OTHER |
| | 9. POCKET KNIFE  19. STRANGULATION | 9. ALTERED STOCK  ⓘ 99. UNKNOWN |
| | 10. BUTCHER KNIFE  20. HANDS-FEET/BODILY FORCE | |

## SUSPECTS' DESCRIPTIONS

| 1 BUILD | 2 HAIR STYLE | 3 HAIR LENGTH | 4 FACIAL HAIR | 5 COMPLEXION | 6 TEETH |
|---|---|---|---|---|---|
| 1. THIN OR SLENDER | 1. AFRO/NATURAL | 1. THICK | 1. BEARD  N/A | 1. ACNE | 1. GOLD |
| 2. MEDIUM OR AVERAGE | 2. BRAIDED | 2. BALD/BALDING  OTHER | 2. CLEAN SHAVEN  OTHER | 2. DARK | 2. MISSING/GAP |
| 3. HEAVY FAT OR STOCKY | 3. BUSHY | 3. COLLAR  UNKNOWN | 3. FULL BEARD  UNKNOWN | 3. FRECKLED | 3. PROTRUDING |
| 4. ATHLETIC OR MUSCULAR | 4. GREASY | 4. LONG | 4. FU MANCHU | 4. LIGHT | 4. DECAYED OR RTTN |
| 5. N/A | 5. MILITARY | 5. SHORT | 5. GOATEE | 5. MEDIUM | 5. BROKEN |
| 6. OTHER | 6. PONY TAIL | 6. SHOULDER | 6. MUSTACHE | 6. PALE | 6. VERY WHITE |
| 7. UNKNOWN | 7. STRAIGHT | 7. COARSE | 7. NONE/FUZZ | 7. POCKED MARK | 7. SPACES |
| | 8. WAVY/CURLY | 8. FINE | 8. SIDEBURNS | 8. RUDDY | 8. N/A |
| | 9. WIG | 9. THIN | 9. UNSHAVEN | 9. TANNED | 9. OTHER |
| | 10. N/A | 10. WIRY | 10. VAN DYKE | 10. N/A | UNKNOWN |
| | 11. OTHER  12. UNKNOWN | | | 11. OTHER  UNKNOWN | |

| 7 TATTOOS | 8 TATOO LOCATION | 9 SCARS | 10 SPEECH | 11 CLOTHING/WORN | |
|---|---|---|---|---|---|
| 1. LETTERS OR INITIALS | 1. HEAD | 1. NOSE | 1. ACCENT | 1. HIGH VOICE | 1. CLOTHES OF THE OPPOSITE SEX  HEAD BAND/BANDANA |
| 2. NAME | 2. NECK | 2. EYES | 2. LISPS | 2. N/A | 2. PARTIAL NUDE  GLOVES |
| 3. FLOWER | 3. HAND | 3. HEAD | 3. MUMBLES | 3. OTHER | 3. GLOVES  BAND-AIDS |
| 4. BIRD | 4. ARM | 4. NECK | 4. OFFENSIVE  UNKNOWN | UNKNOWN | 4. MAKE-UP (MALES)  UNUSUAL JEWELRY |
| 5. ANIMAL | 5. BODY | 5. HAND | ⓘ 5. QUIET | | 5. UNIFORM  OTHER |
| 6. FACE | 6. N/A | 6. ARM | 6. RAPID | | 6. FACIAL COVERING  UNKNOWN |
| 7. NUDE | 7. OTHER | 7. BODY | 7. SLOW | | 7. SKI/STOCKING/HALLOWEEN MASK |
| 8. SKULL | | 8. TRACK MARKS | 8. STUTTERS | | 8. BASEBALL CAP |
| 9. TRADEMARK OR LOGO | | 9. N/A | 9. TALKATIVE | | 9. JOGGING/EXERCISE CLOTHING |
| 10. N/A | | 10. OTHER | 10. SLURRED/INTOXICATED | | 10. TEAM SPORTS CLOTHING |
| 11. OTHER | | 11. UNKNOWN | 11. STRONG ETHNIC ACCENT | | |
| 12. UNKNOWN | | | 12. DEEP VOICE | | |

REPORTING OFFICER