UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RONALD WIGGINS )<br>)<br>      **Plaintiff,** )<br>    v. )<br>)<br>NAT.'L CREDIT UNION ADMIN., )<br>et al., )<br>)<br>      **Defendants.** )<br>) | Civil Action No. 05-2332 (RCL)<br>(Electronic Filing) |

## THE FBI'S REPLY IN SUPPORT OF DEFENDANTS' MOTION
## FOR SUMMARY JUDGMENT

The Federal Bureau of Investigation (FBI) is entitled to summary judgment in this FOIA litigation for the reasons stated in its Motion for Summary Judgment filed on August 16, 2006. Defendant takes this opportunity to reply briefly to the main points raised in Plaintiff's Opposition to Defendant's Motion for Summary Judgment (Opposition).

**The FBI's Response Is Wholly Adequate Under The Circumstances.**

Plaintiff complains in his opposition that he requested but did not receive the FBI's regulations in relation to its statutory duties, pursuant to the FOIA nor other documents relating to a third party, Barry Brady. The FBI has made the regulations available to the plaintiff. Moreover, without proof of death or written releases signed by that individual, the FBI will neither confirm nor deny the existence of any such records without violating the individual's privacy and, moreover, any such records that the FBI might possess would necessarily be exempt from disclosure under FOIA. The FBI's use of the so-called "Glomar" response is appropriate under applicable legal standards and the FBI has satisfied its obligations under FOIA. Accordingly, plaintiff's challenge should be denied.

**The Regulations**

The FBI's regulations in relation to its statutory duties under the FOIA may be found in the FBI's Freedom of Information-Privacy Acts (FOIPA) reference manual. By letter dated October 4, 2006, FBI Headquarters (HQ) advised plaintiff, in further response to his request, how he could access a copy of the FBI's FOIPA reference manual. See Exhibit A, attached to the Declaration of David M. Hardy, ¶ 7. The plaintiff was provided with three options to access the 846-page FOIPA reference manual. Id. He could: (a) view a copy of the FOIPA manual free of charge at the FBI's website; (b) purchase a copy of the manual on CD-ROM at the cost of $15.00; or (c) purchase a paper copy of the FOIPA manual for the duplication cost of $74.60.[1] Id. Plaintiff was asked to respond within 20 days as to his preferred option and his willingness to pay any applicable duplication fees for this material. As of this date, the FBI has not received a response from plaintiff. Id.

The defendant has processed the Plaintiff's FOIA request and has made these records available to him in accordance with the applicable rules and published regulations. See 5 U.S.C. § 552(a)(3)(A).[2] However, Plaintiff has not indicated his willingness to pay the required fee depending upon the option that he chooses. Neither has Plaintiff established that he is entitled to a fee waiver or that disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government.

---

[1] Pursuant to 28 CFR §16.11 and 16.49, there is a fee of ten cents per page for duplication. No fees are assessed for the first 100 pages.

[2] The FOIA states in pertinent part that each agency, upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed, shall make the records promptly available to any person. 5 U.S.C. § 552(a) (3) (A).

See 5 U.S.C. § 552(a)(4)(A)(iii); and McClain v. Dept. of Justice, 13 F.3d 220, 221 (7th Cir. 1993). Indigence alone is not grounds for a fee waiver. See Ely v. United States Postal Service, 753 F.2d 163, 165 (D.C. Cir. 1985); Pollack v. Dept. of Justice, 49 F.3d 115, 120 (4th Cir. 1995) (payment of fees is a statutory requirement under the FOIA and filing of a FOIA suit does not relieve the requester of the obligation to pay); McDade v. Executive Office for the United States Attorney, 2005 U.S. App. LEXIS 15259, *2, 3; and Trueblood v. U.S. Dept. of Treasury, I.R.S., 943 F. Supp. 64, 69 (D.D.C. 1996).

**The Records and Information Regarding a Third Party Individual**

A portion of Plaintiff's request pertains to third party, Barry Brady. To release any records responsive to plaintiff's request, if they do exist, could subject the FBI to action by Barry Brady under the Privacy Act which states in pertinent part:

> No agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains. . .[except] if it . . .would be required under section 552 of this title (the Freedom Of Information Act).

5 U.S.C. § 552a(b) and a(b)(2). Confirming that a third party is the subject of or mentioned in connection with a FBI investigative record is a disclosure for which release is not required by FOIA, in accordance with Exemptions (b)(6)[3] and (b)(7)(C). Therefore, without a written

---

[3] Exemption 6 of the FOIA, 5 U.S.C. § 552(b)(6), protects from disclosure information about individuals when the disclosure of the information would constitute a clearly unwarranted invasion of personal privacy. See also Department of State v. Washington Post Co., 456 U.S. 595 (1982); New York Times Co. v. NASA, 920 F.2d 1002, 105 (D.C. Cir. 1990) (*en banc*). Exemption 6 like Exemption (7)(C) requires a balancing of the public's right to disclosure against the individual's right to privacy. See Dep't of the Air Force v. Rose, 425 U.S. 352, 372 (1976). If no public interest exists, the information should be protected. See Nat'l Ass'n of Retired Fed. Employees v. Horner, 879 F.2d 873, 879 (D.C. Cir. 1989) (something, even a

release authorization or proof of death or an articulated public interest in the records, FBI employs the "Glomar" response when investigatory information is requested by a third party about an individual.[4]  See declaration of David M. Hardy (Hardy Decl.) ¶ 10.

Exemption 7(C) allows an agency to withhold "investigatory records compiled for law enforcement purposes, or information which if written would be contained in such records, but only to the extent that the production of such records or information would . . . constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C).  The courts have construed this provision as permitting exemption if the privacy interest at stake outweighs the public's interest in disclosure.  Nation Magazine v. United States Customs Service, 71 F.3d 885, 893 (1995); citing United States Dep't of Justice v. Reporters Comm. for Freedom of the Press, 489 U.S. 749, 776 (1989); and Davis v. United States Dep't of Justice, 968 F.2d 1276, 1281 (D.C. Cir. 1992).  Under the exemption, a Glomar response may be issued in place of a statement acknowledging the existence of responsive records but withholding them, *if confirming or denying the existence of the records would associate the individual named in the request with criminal activity.*  Nations Magazine, supra., at p. 893.

A number of courts have found that individuals have an obvious privacy interest cognizable under Exemption 7(C) in keeping secret the fact that they were subjects of a law enforcement investigation.  See, e.g., Id.; Dunkelberger v. United States Dep't of Justice, 906 F.

---

modest privacy interest, outweighs nothing every time").

[4]  a response to a FOIA request, in which an agency states that it can "neither confirm nor deny" the existence of responsive records, is popularly referred to as a "Glomar response," after a case concerning a FOIA request for records relating to an underwater sea craft called the "Glomar Explorer."  See Phillippi v. CIA, 546 F.2d 1009 (D.C. Cir. 1976).

2d 779, 781 (D.C. Cir. 1990) (citing Stern v. FBI, 737 F.2d 84 (D.C. Cir 1984)); Fund For Constitutional Gov't v. National Archives & Records Service, 656 F.2d 856, 864 (D.C. Cir. 1981). Thus, a substantial privacy interest exists in relation to any FBI records (if any exist) of the third party, Barry Brady, as requested by the plaintiff.

On the other hand, the court must assess the public interest involved with the disclosure. This interest must be assessed in light of FOIA's central purpose, which is "to open agency action to the light of public scrutiny." Nations Magazine, supra., at p. 894 (citations omitted). The public interest in disclosure refers to "open[ing] agency action to the light of public scrutiny," Reporter's Comm., 489 U.S. at 772, and "it does not include helping an individual obtain information for his personal use," id. (quoting Mays v. DEA, 234 F.3d 1324, 1327 (D.C. Cir. 2000). The Supreme Court in National Archives and Records Admin. v. Favish, 124 S.Ct. 1570, 1579 (2004), clearly defined the standard to be applied when the courts conduct the balancing test under Exemption 7(C).

> Where there is a privacy interest protected by Exemption 7(C) and the public interest being asserted is to show that responsible officials acted negligently or otherwise improperly in the performance of their duties, the requester must establish more than a bare suspicion in order to obtain disclosure. Rather, the requester must produce evidence that would warrant a belief by a reasonable person that the alleged Government impropriety might have occurred.

Favish, 124 S.Ct. at 1581. Courts are quick to point out, however, that the public interest in disclosure refers to "open[ing] agency action to the light of public scrutiny." See, e.g., Oguagu v. United States, 288 F.3d 448, 450 (D.C. Cir. 2002). This does not include helping an individual obtain information for his personal use." Id. The Oguaju court bluntly rejected the requester's argument that the public interest was served in releasing information that might aid

him in his defense against criminal charges: "Oguaju's personal stake in using the requested records to attack his convictions does not count in the calculation of the public interest." 288 F.3d at 450.  On the other side of the balance, privacy interests of individuals named or involved in criminal investigations are routinely and properly accorded weight by the courts.  See, e.g. Reporter's Comm., 489 U.S. at 762-71; Oguaju 288 F.3d at 451; and Nation Magazine, 71 F.3d at 893, 895-896.  Hence, Plaintiff's personal stake in using the requested records to attack his convictions *does not count* in the calculation of the public interest.

This Circuit discussed the Glomar response in Nations Magazine, supra.  In Nations Magazine, the court determined that the purpose of the Magazine's request was to determine whether the agency planned to privatize components of nation's drug interdiction efforts and that this was of a public interest.  Nations Magazine, at 886.   Nothing of the sort has been identified by Wiggins.  Accordingly, on these facts, there can be but one inference drawn—that all information requested by Plaintiff falls squarely within Exemption 7(C) and should not be disclosed.  The fact that the third party's identity has been disclosed elsewhere does not diminish their privacy interests.  Fitzgibbon v. CIA, 911 F.2d 755 (D.C. Cir. 1990); Weisberg v. Dept. of Justice, 745 F2d 1476, 1491 (D.C. Cir. 1984).

DEA has submitted in support of this motion the declaration of David M. Hardy, attached.  Mr. Hardy is an attorney and is currently the Section Chief of the Record/Information Dissemination Section ("RIDS"), Records Management Division ("RMD"), at the FBIHQ in Washington, D.C.  Hardy Declaration ¶ 1.  Due to the nature of his official duties, he is familiar with the both the procedures routinely followed by FBI in responding to FOIA requests and with the particular actions taken by DEA in responding to Plaintiff's request.  Id. at ¶ 2-3. In

describing the FBI's response to Plaintiff's request, Mr. Hardy's declaration is sufficiently detailed and non-conclusory and provides the court with an adequate basis for review of DEA's response to Plaintiff's request. See id.  Plaintiff's Complaint includes no evidence impugning Mr. Hardy's declaration and there is no evidence of bad faith by the agency.

The declaration of Mr. Hardy explains that he is also familiar with the agency's policies regarding the use of the Glomar response, and why the FBI used it to deny Plaintiff's request. Id. at ¶13-15.  This explanation is as detailed as it could be without divulging whether the agency actually has any responsive records, and so it provides the court with an adequate basis for review of FBI's use of the Glomar response to Plaintiff's request.  See id.

When the agency has adequately justified its use of the Glomar response to support a FOIA exemption, the courts do not require the agency to conduct a search for responsive records. See Wheeler, 2003 WL 21675312 at *8.  In this case, the FBI could not confirm or deny the existence of responsive records without revealing whether the named individuals had become involved in a FBI investigation.  This admission could itself have violated the individuals privacy, contrary to the purpose of Exemption 7(C), and so the Glomar response was appropriate. In light of the appropriateness of the Glomar response, and the agency's justification for it in the attached Declaration, it would be wasteful to incur the costs of the search for records that could not be identified anyway.

### Search of the FBIHQ indices of the CRS

The Bellando Declaration states the following in connection with the FBI's search for records responsive to plaintiff's request: "It should be noted that this search did not include FBI field office files.  If the Plaintiff believes that there may be responsive files in FBI field offices, it

is incumbent upon him to file requests with each individual field office that he believes maintains the records he seeks," in accordance with 28 C.F.R. §§ 16.3(a) and 16.41(a).[5]  See Hardy Decl. ¶ 6.

## V.  CONCLUSION

FBI has properly applied the FOIA privacy exemption and its use of the Glomar response was appropriate and necessary.  Accordingly, the Court should grant Defendant's motion for summary judgment regarding Plaintiff's request for records from FBI.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


/s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


/s/
HEATHER GRAHAM-OLIVER
Assistant United States Attorney
Judiciary Center Building
555 4th Street, NW - Civil Division
Rm. 4-4808
Washington, D.C.  20530
(202) 305-1334

Attorneys for Defendant

---

[5]  28 C.F.R. §§ 16.2(a) and 16.41(a) provide constructive notice to individuals making FOIA/Privacy Act requests to the FBI that if they seek records from field offices, they "must write directly to that FBI" field office to obtain records.

**CERTIFICATE OF SERVICE**

      I certify that the foregoing FBI-Reply was served upon Plaintiff by depositing a copy of it in the U.S. Mail, first class postage prepaid, addressed to:

RONALD WIGGINS
R14047-026;
Greenville Federal Correctional Institution;
PMB 5000;
Greenville, IL 62246-5000;


on this 21st day of November, 2006.

                                        /s/
                                  HEATHER GRAHAM-OLIVER
                                Assistant United States Attorney