IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RONALD WIGGINS, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Civil Action No. 05-2332 (RCL) |
| ) | |
| NATIONAL CREDIT UNION ) | |
| ADMINISTRATION, et al., ) | |
| ) | |
| Defendants. ) | |

## DECLARATION OF DAVID M. HARDY

I, David M. Hardy, declare as follows:

(1) I am currently the Section Chief of the Record/Information Dissemination Section ("RIDS"), Records Management Division ("RMD"), at Federal Bureau of Investigation Headquarters ("FBIHQ") in Washington, D.C. I have held this position since August 1, 2002. Prior to joining the FBI, from May 1, 2001 to July 31, 2002, I was the Assistant Judge Advocate General of the Navy for Civil Law. In that capacity, I had direct oversight of Freedom of Information ("FOIA") policy, procedures, appeals, and litigation for the Navy. From October 1, 1980 to April 30, 2001, I served as a Navy Judge Advocate at various commands and routinely worked with FOIA matters. I am also an attorney and have been licensed to practice law in the State of Texas since 1980.

(2) In my official capacity as Section Chief, I supervise approximately 211 employees who staff a total of ten (10) units and a field operational service center unit whose collective

mission is to effectively plan, develop, direct and manage responses to requests for access to FBI records and information pursuant to the FOIA; Privacy Act; Executive Order 12958, as amended; Presidential, Attorney General and FBI policies and procedures; judicial decisions and other Presidential and Congressional directives. The statements contained in this declaration are based upon my personal knowledge, upon information provided to me in my official capacity, and upon conclusions and determinations reached and made in accordance therewith.

(3) Due to the nature of my official duties, I am familiar with the procedures followed by the FBI in responding to requests for information from its files pursuant to the provisions of the FOIA, 5 U.S.C. § 552, and the Privacy Act of 1974, 5 U.S.C. § 552a. Specifically, I am aware of the treatment of the FOIA/Privacy Act request of plaintiff Ronald Wiggins, who seeks access to records maintained at FBIHQ regarding himself, applicable regulations of the FBI in relations to its statutory duties pursuant to FOIA/PA, and records regarding a third party, Barry Brady.

(4) This declaration is being submitted in support of the FBI's motion for summary judgment and in response to plaintiff's September 25, 2006 opposition to the FBI's motion for summary judgment. This declaration also supplements and incorporates herein by reference the FBI's Declaration of Peggy L. Bellando, filed on August 16, 2006 (hereinafter "Bellando Declaration").[1]

## FBI'S RESPONSES TO PLAINTIFF'S ALLEGATIONS

---

[1] An explanation of the FBI's Central Records System ("CRS") is detailed in the Bellando Declaration, ¶¶ 9-13.

(5) In his opposition, plaintiff alleges that the FBI: **A)** failed to initially disclose to plaintiff that a FOIA/Privacy Act request to FBIHQ would only result in a search of the FBIHQ indices of the CRS; **B)** has not responded to plaintiff's request for copies of all applicable regulations of the FBI in relation to its statutory duties pursuant to FOIA/PA; and **C)** failed to adequately search for records and information on a third party individual, Barry Brady. Plaintiff's allegations are set forth in bold and defendant's response to each allegation follows:

**A)** **Searches of the FBIHQ indices of the CRS.**

(6) The Bellando Declaration states the following in connection with the FBI's search for records responsive to plaintiff's request: "It should be noted that this search did not include FBI field office files. If the plaintiff believes that there may be responsive files in FBI field offices, it is incumbent upon him to file requests with each individual field office that he believes maintains the records he seeks," in accordance with 28 C.F.R. §§ 16.3(a) and 16.41(a).[2]

**B)** **The applicable regulations of the FBI in relation to its statutory duties pursuant to FOIA/PA.**

(7) By letter dated October 4, 2006, FBIHQ advised plaintiff, in further response to his request, how he could access a copy of the FBI's Freedom of Information-Privacy Acts ("FOIPA") reference manual. The plaintiff was provided with three options to access the 846-page FOIPA reference manual. Plaintiff could: (a) view a copy of the FOIPA manual free of charge at the FBI's website; (b) purchase a copy of the manual on CD-ROM at the cost of

---

[2] 28 C.F.R. §§ 16.2(a) and 16.41(a) provide constructive notice to individuals making FOIA/Privacy Act requests to the FBI that if they seek records from field offices, they "must write directly to that FBI" field office to obtain records.

$15.00; or (c) purchase a paper copy of the FOIPA manual for the duplication cost of $74.60.[3] Plaintiff was asked to respond within 20 days as to his preferred option and his willingness to pay any applicable duplication fees for this material. As of this date, the FBI has not received a response from plaintiff. (See Exhibit A.)

    **C)**     **Records and information on a third party individual, Barry Brady.**

(8)     The Privacy Act, 5 U.S.C. § 552a(b) states that:

> No agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains . . . .

This section is followed by a list of twelve conditions permitting disclosure. Of the twelve conditions, only the second applies to this case. The second condition permits disclosure of such a record if it "would be required under section 552 of this title (the FOIA)." 5 U.S.C. § 552a(b)(2).

(9)     Under FOIA and the Code of Federal Regulations, however, any material requested by plaintiff regarding third party "Barry Brady," if it exists still must be withheld because plaintiff has not met the requirements for gaining the information.

(10)     A portion of plaintiff's request pertains to a third party. If responsive records exist, they are exempt from disclosure pursuant to Exemptions (b)(6) and (b)(7)(C) of the FOIA. Plaintiff's request for records concerning this individual cannot be addressed by the FBI without either a notarized authorization form or proof of death concerning Mr. Brady. See 5 U.S.C.

---

[3] Pursuant to Title 28, Code of Federal Regulations, Sections 16.11 and 16.49, there is a fee of ten cents per page for duplication. No fees are assessed for the first 100 pages.

§ 552a(b) and 28 C.F.R. § 16.3(a). To release any records responsive to plaintiff's request, if they do exist, could subject the FBI to possible action by Barry Brady under the Privacy Act.

(11) Under 5 U.S.C. § 552(b)(6), the FOIA exempts from disclosure:

Personnel, medical and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.

(12) Under 5 U.S.C. § 552(b)(7)(C), the FOIA also exempts:

Records or information compiled for law enforcement purposes [....] to the extent that the production of such law enforcement records or information could reasonably be expected to constitute an unwarranted invasion of personal privacy.

(13) When a FOIA requestor seeks information about a third party for which no privacy waiver or proof of death is provided, the FBI generally neither confirms nor denies the existence of responsive records. Because the mere mention of an individual's name in an FBI record reflects that the person either came to the attention of or assisted the FBI during the course of the bureau's law enforcement activities, affirming that records exist on a third party would violate an individual's privacy, resulting in potential embarrassment and stigma. Simply refusing to provide records due to the lack of privacy waiver or proof of death, essentially affirms that an individual is mentioned in FBI records. Finally, if a requester seeks information on a third party whom the requester believes is an informant, affirming whether responsive records exist could expose the third party to serious personal risk. Therefore, in order to protect an individual's privacy in the absence of a waiver or proof of death, the FBI generally adheres to a response that neither confirms nor denies the existence of responsive records.

(14) Whether responsive records exist or not, the FBI has found that the "neither confirm nor deny" response provides the best and most complete protection when a requester

-5-

seeks information regarding a third party for whom the requester provides no privacy waiver or proof of death. From an administrative standpoint, it would be much simpler to actually admit those instances in which records do not exist on a particular individual. Those FOIA requests could arguably then be disposed of with finality by a negative, but clear response. However, this would leave the FBI in the untenable position of having to affirmatively address those requests in which records do exist. While responsive information would be exempt from disclosure in all instances where the privacy interests outweigh the public interest in disclosure, the damage to the third party's privacy would have already occurred by the mere confirmation of the existence of responsive records. Therefore, it is the policy of the FBI to consistently "neither confirm nor deny" records in third party FOIA requests such as at issue in this case.

(15) Despite this policy, use of the "neither confirm nor deny" response is not automatic. Exceptions occur if the Department of Justice has officially acknowledged the existence of records or the requester demonstrates that the public's interest in disclosure outweighs privacy interests. Neither of these circumstances apply in this case. The Department of Justice has not acknowledged existence of any records and the release of any possibly existing file(s) would shed no light on the performance of the FBI's mission to protect and defend the United States against terrorist and foreign intelligence threats, to uphold and enforce the criminal laws of the United States and to provide leadership and criminal justice services to federal, state, municipal and international agencies and partners. Therefore, the FBI can neither confirm nor deny the existence of records responsive to plaintiff's request.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

and correct, and that **Exhibit A** attached hereto is a true and correct copy.

Executed this 21st day of November, 2006.

>  
> DAVID M. HARDY  
> Section Chief  
> Record/Information Dissemination  
>   Section  
> Records Management Division  
> Federal Bureau of Investigation  
> Washington, D.C.

-7-

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Ronald Wiggins, | ) |
| | ) |
| Plaintiff | ) |
| | ) Civil Action No. 05-2332 (RCL) |
| v. | ) |
| | ) |
| Federal Bureau of Investigation, et al., | ) |
| | ) |
| Defendants. | ) |

# EXHIBIT A



U.S. Department of Justice

Federal Bureau of Investigation

Washington, D.C. 20535

Mr. Ronald Wiggins  
Register No. 14047-026  
Greenville Federal  
Correctional Institution  
Post Office Box 5000  
Greenville, IL 62246-5000

October 4, 2006

Request No.: 1033612-002  
Subject: WIGGINS, RONALD

Dear Mr. Wiggins:

This is in further reference to your Freedom of Information-Privacy Act (FOIPA) request.

The records you requested pertaining to the FBI's regulations and statutory duties pursuant to FOIPA are available in the following three formats:

If you have internet access, you can view a copy of the 846 page Freedom of Information-Privacy Acts Reference manual for no charge at the FBI's website (http://foia.fbi.gov/foiaindex/manual.htm), or,

You can request a copy of the FOIPA manual on CD-ROM at the cost of $15.00, or,

You can request a paper copy of the FOIPA manual for duplication costs. Pursuant to Title 28, Code of Federal Regulations, Sections 16.11 and 16.49, there is a fee of ten cents per page for duplication. No fees are assessed for the first 100 pages. The total duplication cost will be $74.60.

Your FOIA request dated August 28, 2005 did not indicate a willingness to pay fees. If you would like a CD-ROM or paper copy of the manual, please advise us in writing within 20 days of which version you prefer and your willingness to pay the applicable duplication cost indicated above. The material will be furnished to you upon our receipt of your agreement to pay the appropriate fees. If we have not received a reply from you indicating a willingness to pay fees within 20 days, we will assume that you no longer desire this specific material, and we will close this portion of your request.

Sincerely yours,

David M. Hardy  
Section Chief,  
Record/Information  
  Dissemination Section  
Records Management Division