UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RONALD WIGGINS )<br>)<br>    Plaintiff, )<br>  v. )<br>  )<br>NAT.'L CREDIT UNION ADMIN., )<br>et al., )<br>  )<br>    Defendants. )<br>_____) | Civil Action No. 05-2332 (RCL)<br>(Electronic Filing) |

### EOUSA'S REPLY IN SUPPORT OF ITS MOTION
### FOR SUMMARY JUDGMENT

**Introduction**

The Executive Office of the United States Attorney (EOUSA) is entitled to summary judgment in this Freedom Of Information Act (FOIA), 5 U.S.C. § 552, litigation for the reasons stated in its Motion for Summary Judgment filed on August 16, 2006.  Defendant takes this opportunity to reply briefly to the main points raised in Plaintiff's Opposition to Defendant's Motion for Summary Judgment (Opposition).

**This Case Should Be Dismissed For Failure to Exhaust Administrative Remedies**

EOUSA previously released 357 pages of records to the Plaintiff.  Three Hundred and Forty-Seven (347) pages were released to Plaintiff with partial redactions, pursuant to 5 U.S.C. § 552(b)(7)(C).[1]  Anywhere between one and up to five names were redacted per page.  Luczynski Original Decl. ¶ 16.  After this initial release, Plaintiff owed EOUSA $25.70.  See Exhibit A, p. 3.  After receiving Plaintiff's opposition to EOUSA's dispositive motion, a supplemental search

---

[1] EOUSA released in full (RIF) 10 pages of records and released in part (RIP) 347 pages of records.

was conducted and more records were found. EOUSA received an additional 292 pages from the United States Attorneys Office for the Central District of Illinois. Out of the 292 pages received, a total of 145 additional pages were released to the Plaintiff on November 27, 2006. Supplemental Declaration of David Luczynski (Luczynski Supp. Decl.) ¶ 2; and Exhibit A. Plaintiff was sent 59 pages of records released in full ("RIF"), 86 pages of records released in part ("RIP"), and was informed that 23 pages were withheld in full ("WIF"). Luczynski Supp. Decl. ¶ 3, and Exhibit A; Vaughn index, Exhibit B.

These additional, supplemental records were not being maintained in the criminal case file but rather in the individual office of the United States Attorney assigned to the case. Upon receiving the initial request, the FOIA contact had no way of knowing that parts of the closed criminal case file were stored elsewhere. The computer search correctly directed the FOIA contact to the location of the file and since records were found in the case file, the contact had no reason to suspect that more records were kept elsewhere. Luczynski Supp. Decl. ¶ 4.

The November 27, 2006 letter to Plaintiff accompanying the additional released records explains the fee amounting to now $40.20 owed to the EOUSA. Exhibit A. This fee does not include an initial 100 pages of records which were provided free of charge.[2] As of this date, Plaintiff has not responded to EOUSA's fee letter and; therefore, has not exhausted his administrative remedies.

The exhaustion requirement includes following an agency's fee regulations and, where appropriate, paying the fees assessed. See 5 U.S.C. § 552(a)(3)(A); Oglesby v. Department of

---

[2] The total fee owing includes the prior fee of $25.70. The cost of the supplemental release of the 145 pages is $14.50.

the Army, 920 F.2d 57, 66 & n. 11, 71 (D.C. Cir. 1990); Irons v. FBI, 571 F. Supp. 1241, 1243 (D. Mass. 1983) (upholding regulation requiring payment of fees, or waiver of fees, before FOIA request is deemed to have been received); Crooker v. United States Secret Service, 577 F.Supp. 1218, 1219 (D.D.C.1983) (requester must pay fees or administratively appeal the requirement of fees before seeking judicial review of the denial of his FOIA request).  Judicial Watch, Inc. v. FBI, 190 F.Supp.2d 29, 33 (D.D.C. 2002) (A requester has failed to exhaust administrative remedies if the requester does not comply with an agency's fee requirements); See also, Center to Prevent Handgun Violence v. United States Dep't of the Treasury, 981 F.Supp. 20, 23 (D.D.C. 1997);and Trueblood v. United States Dep't of the Treasury, 943 F.Supp. 64, 68 (D.D.C. 1996).  Such a failure deprives plaintiff of the right to judicial review of his access claims.  Id.

Here, Plaintiff has been informed of the fee he must pay.  To date Plaintiff has failed to pay the assessed fee.  Under such circumstances, EOUSA is under no duty to further process his FOIA request and this case should be dismissed.[3]

**CONCLUSION**

For the foregoing reasons, the Court should grant Defendant's motion for summary

---

[3] Although the Luczynski Declaration also identifies the basis for withholding certain information from plaintiff, as explained Plaintiff is not entitled to a consideration of the merits of defendant's withholding of information in light of his failure to pay the necessary fee.  Should Plaintiff agree, however, to consider his access request fully responded to and wishes solely to litigate the withholding of information already produced, defendant stands ready to proceed in such fashion.  Absent such an agreement by Plaintiff, his FOIA request is still outstanding due to his failure to pay the fee assessed.

judgment regarding Plaintiff's request for records from EOUSA.

                              Respectfully submitted,

                              /s/
                              JEFFREY A. TAYLOR, D.C. BAR # 498610
                              United States Attorney

                              /s/
                              RUDOLPH CONTRERAS, D.C. BAR # 434122
                              Assistant United States Attorney

                              /s/
                              HEATHER GRAHAM-OLIVER
                              Assistant United States Attorney
                              Judiciary Center Building
                              555 4th Street, NW - Civil Division
                              Rm. 4-4808
                              Washington, D.C.  20530
                              (202) 305-1334

                              Attorneys for Defendant

**CERTIFICATE OF SERVICE**

      I certify that the foregoing EOUSA-Reply was served upon Plaintiff by depositing a copy of it in the U.S. Mail, first class postage prepaid, addressed to:

RONALD WIGGINS
R14047-026;
Greenville Federal Correctional Institution;
PMB 5000;
Greenville, IL 62246-5000;

on this 11th day of December, 2006.

      /s/
_____
HEATHER GRAHAM-OLIVER
Assistant United States Attorney