IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RONALD WIGGINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:05-CV-2332-RCL |
| ) | |
| UNITED STATES DEPARTMENT OF ) | |
| JUSTICE and EXECUTIVE OFFICE OF ) | |
| UNITED STATES ATTORNEYS, ) | |
| ) | |
| Defendants. ) | |

## SUPPLEMENTAL DECLARATION OF DAVID LUCZYNSKI

1. This declaration covers EOUSA's supplemental processing and release of records concerning Plaintiff's prior FOIA request.

2. EOUSA previously released 357 pages of records to the Plaintiff. After receiving Plaintiff's opposition to EOUSA's dispositive motion a supplemental search was conducted and EOUSA received an additional 292 pages from the United States Attorneys Office for the Central District of Illinois. Out of the 292 pages received, a total of 145 additional pages were released to the Plaintiff on November 27, 2006.

3. As a result of processing the new materials, Plaintiff was sent 59 pages of records released in full ("RIF"), 86 pages of records released in part ("RIP"), and informed that 23 pages of records are withheld in full ("WIF"). **Exhibit A.**

4. Because of the sensitive content of the records, these additional records were not being maintained in the Criminal case file but rather in the individual office of the United States

Attorney assigned to the case. Upon receiving the request, the FOIA Contact had no way of knowing the file was stored in two separate places. The computer search correctly directed the FOIA Contact to the location of the files. Since under FOIA the person has to perform a search which would reasonably lead to finding the records, and they were found, the Contact had no reason to suspect that more records would be kept elsewhere.

5. In one of his several requests, Plaintiff had asked for information about Barry Brady. The search that EOUSA has performed was for all records relating to the Plaintiff, the broadest scope permissible. A search for information about Barry Brady would not be permissible under FOIA because of the violation of that individual's privacy rights. Plaintiff has not provided a signed waiver form authorizing him to receive third party information. If any information about any third party, including Barry Brady, is contained in Plaintiff's records, that information is redacted and not released to the Plaintiff.

6. Another part of Plaintiff's request dealt with a release to Plaintiff of specific regulations followed by EOUSA while processing FOIA requests. There is no separate manual that is used for this purpose. This office uses only literal adherence to the law, coupled with an application of statutory exemptions, to satisfy FOIA requests. This information is widely available as a public record therefore it does not fall under the FOIA, and can be obtained without filing a FOIA request. In addition, EOUSA attaches a summary of exemptions to the letter and records sent to the requester explaining the exemptions.

7. There is a processing fee that is attached to Plaintiff's request. The letter to Plaintiff accompanying the released records explains the fee amounting to $40.20 owed to the EOUSA. **Exhibit A.** This fee already includes an initial 100 pages of records which are provided for free.

As of this date, Plaintiff has not responded to EOUSA's fee letter and EOUSA's policy prevents any further dealings with a requester that will not provide the fees owed for processing of his FOIA request.

## EOUSA'S DISCLOSURE DETERMINATION

### Identification of Responsive Records

8. All documents responsive to Plaintiff's FOIA request have been located in the United States Attorneys Office for the Central District of Illinois, ("USAO/ILC"). The records are maintained in the Criminal Case File System (Justice/USA-007) entitled United States v. Reginald Wiggins, as well as the offices of the Assistant United States Attorneys that were assigned to the criminal case file.

9. There are no other records systems or locations within the Central District of Illinois in which other files pertaining to Plaintiff's criminal case, were maintained.

## VAUGHN INDEX

10. In order to explain the withholdings made by EOUSA, I prepared a Vaughn Index, which is attached to this Declaration as **Exhibit B**. The Vaughn Index was developed pursuant to Vaughn v. Rosen, 484 F.2d 820 (D.D.C. 1973). As shown by the Vaughn Index, EOUSA withheld in full 23 pages of documents and released in part 86 pages. The Vaughn Index attached to this declaration describes each document and sets forth the reasons for EOUSA's decisions regarding withholding information for each document.

## JUSTIFICATION FOR NON-DISCLOSURE UNDER THE PRIVACY ACT

11. EOUSA processes all requests made by individuals for records pertaining to themselves under both the FOIA and PA in order to provide the requester with the maximum disclosure authorized by law. Criminal case files maintained by U.S. Attorney's Offices are part of the DOJ Privacy Act System of Records. The Attorney General has promulgated regulations at 28 C.F.R. §16.81(a)(1) which exempt U.S. Attorney's Office criminal case files (known as Justice/USA-007 files) from the PA's access provisions as authorized by 5 U.S.C. §552a(j)(2). Subsection (j)(2) exempts from mandatory disclosure all records maintained by an agency or component performing as its principal function any activity pertaining to the enforcement of criminal laws. Since Plaintiff's entire request pertains to criminal investigations, the materials were necessarily compiled for law enforcement purposes. Therefore, EOUSA determined that the responsive records withheld were not disclosable under the PA. Accordingly, EOUSA next reviewed the records under the provisions of the FOIA.

## JUSTIFICATION FOR NON-DISCLOSURE UNDER THE FOIA

### EXEMPTION 5 U.S.C. §552(b)(2)

12. Exemption (b)(2) exempts from mandatory disclosure information which is related solely to the internal personnel rules and practices of an agency. This has been interpreted to mean internal matters of a relatively trivial nature that are not subject to a genuine and significant public interest. EOUSA applied this exemption to Document 1. Document 1 is an internal document providing a case history report.

### EXEMPTION 5 U.S.C. §552(b)(3)

13. Exemption (b)(3) exempts from mandatory release information specifically disallowed from disclosure by another statute. This exemption permits the withholding of information prohibited from disclosure by another statute if that statute either (A) requires that the matters be withheld from the public without discretion, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld. 5 U.S.C. §552(b)(3).

14. Rule 6(e) of the Federal Rules of Criminal Procedure regulates the disclosure of matters occurring before a grand jury. In order for a Federal Rule of Procedure to qualify as a "statute" for purposes of Exemption (b)(3), it must have been affirmatively enacted into law by Congress. Rule 6(e) has been held to meet this "statute" requirement since it was affirmatively enacted by Congress in 1977. Rule 6(e) embodies a broad, sweeping policy of preserving the secrecy of grand jury material regardless of the substance in which the material is contained. Such material encompasses not only the direct revelation of grand jury transcripts, but also the disclosure of information that would reveal the identities of witnesses or jurors, the substance of the testimony given before the grand jury, the strategy or direction of the investigation, the deliberations or questions of the grand jurors, and any other matter, the disclosure of which would suggest a specific act, thought, or focus of the grand jury's deliberations.

15. Grand jury materials, if released, would impermissibly reveal the scope of the grand jury and the direction of the investigation by providing the identities of the targets of the investigation, the source of the evidence, as well as the actual evidence produced before the grand jury. Release of this information would provide the requester with the scope of the grand jury's investigation by setting forth where the Government sought evidence to develop its case, how the Government developed its case, and whom the Government relied upon to develop the

elements of the alleged crimes. EOUSA applied this exemption to Document 5.

### EXEMPTION 5 U.S.C. §552(b)(5)

16. Exemption (b)(5) protects disclosure of privileged documents, which are not ordinarily available to a party in litigation. Principally, there are three such privileged documents or communications protected by this exemption: attorney work product, deliberative process, and attorney-client.

17. EOUSA asserted this exemption to protect information pursuant to the attorney work product and deliberative process privileges to Documents 1, 2, 3, 4, and 6.

18. The records or portions of records to which the attorney work product privilege was applied reflect such matters as trial preparation, trial strategy, interpretations, and personal evaluations and opinions pertinent to Plaintiff's criminal case. The records contain deliberations concerning a bank robbery investigation. The records were prepared by or at the request or direction of an attorney, and made in anticipation of or during litigation. The substance of the records withheld in part or in their entirety are exempt from disclosure pursuant to this privilege.

19. In addition, these same records, in certain instances, contain deliberative process of the United States Attorney's Office and other federal and state agencies in their consideration of possible criminal actions against the Plaintiff. To disclose this information would reveal pre-decisional communications among government personnel such as discussions of various litigation issues, alternatives, and strategies. Disclosure would jeopardize the candid and comprehensive considerations essential for efficient and effective agency decision-making. The attorney work product and deliberative process are so interwoven as to make it all, in essence, attorney work product.

## EXEMPTION 5 U.S.C. §552(b)(7)(C)

20. Exemption (b)(7)(C) of the FOIA exempts from mandatory release records or information compiled for law enforcement purposes if such release could reasonably be expected to constitute an unwarranted invasion of personal privacy. All information at issue in this case was compiled for law enforcement purposes in order to assist in the investigation and prosecution of Ronald Wiggins.

21. Exemption (b)(7)(C) was applied to withhold the identities of and personal information about third party individuals, the release of which could subject such persons to an unwarranted invasion of their personal privacy. Release of the identifying information could result in unwanted efforts to gain further access to such persons or to personal information about them, or cause them harassment, harm, or exposure to unwanted and/or derogatory publicity and inferences, all to their detriment. EOUSA determined that information contained in such references could not be disclosed and should be deleted and segregated in all the documents to which this exemption was applied.

22. EOUSA determined that there was no public interest in the release of this privacy-protected information because dissemination of the information would not help explain the activities and operations of the EOUSA or the United States Attorney's office. No public interest would counterbalance the law enforcement and third party individuals' privacy right in the information withheld under this exemption. Moreover, no individual provided any authorization or consent to disclose such information. EOUSA applied this exemption to Documents 7-13.

## SEGREGABILITY

Page 7 of 8

23. Each document, and each page contained in each document, was evaluated for segregability. All information withheld was exempt from disclosure pursuant to a FOIA exemption. Plaintiff was provided with all information which did not reveal information protected by statute or which, if disclosed, would violate the personal privacy of third parties. No reasonably segregable non-exempt information was withheld from Plaintiff.

## CONCLUSION

24. Each step in the handling of Mr. Wiggins' request has been entirely consistent with the EOUSA and the United States Attorney's Office procedures which were adopted to insure an equitable response to all persons seeking access to records under the FOIA/PA.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 8th, 2006.

David Luczynski
Attorney Advisor
EOUSA, FOIA/PA Unit



U.S. Department of Justice

Executive Office for United States Attorneys
Freedom of Information/Privacy Act Staff
600 E Street, N.W., Room 7300
Washington, D.C. 20530
202-616-6757   Fax 202-616-6478

Requester: __Wiggins, Ronald__          Request Number: __05-1334__

Subject of Request: __Self/ILC__

Dear Requester:

    This letter constitutes a supplemental reply from the Executive Office for United States Attorneys, the official record-keeper for all records located in this office and the various United States Attorneys' Offices.

    To provide you the greatest degree of access authorized by the Freedom of Information Act and the Privacy Act, we have considered your request in light of the provisions of both statutes.

    The records you seek are located in a Privacy Act system of records that, in accordance with regulations promulgated by the Attorney General, is exempt from the access provisions of the Privacy Act. 28 CFR § 16.81. We have also processed your request under the Freedom of Information Act and are making all records required to be released, or considered appropriate for release as a matter of discretion, available to you. This letter is a [ x ] partial [ ] full denial.

    Enclosed please find:

__59__ page(s) are being released in full (RIF);
__86__ page(s) are being released in part (RIP);
__23__ page(s) are withheld in full (WIF). **The redacted/withheld documents were reviewed to determine if any information could be segregated for release.**

    The exemption(s) cited for withholding records or portions of records are marked below. An enclosure to this letter explains the exemptions in more detail.

Section 552                                                        Section 552a

[ ] (b)(1)       [ ] (b)(4)       [ ] (b)(7)(B)            [ X ] (j)(2)
[ X ] (b)(2)     [ X ] (b)(5)     [ X ] (b)(7)(C)          [ ] (k)(2)
[ X ] (b)(3)     [ ] (b)(6)       [ ] (b)(7)(D)            [ ] (k)(5)
__FRCP 6(e)__    [ ] (b)(7)(A)    [ ] (b)(7)(E)            [ ] _____
                                  [ ] (b)(7)(F)

    [ ] In addition, this office is withholding grand jury material which is retained in the District.

A

(Page 2 of 3)

[ X ] A review of the material revealed:

    [ X ]    84    page(s) originated with another government component. **These records were found in the U.S. Attorney's Office files and may or may not be responsive to your request.** These records will be referred to the following component(s) listed for review and direct response to you:    1 Page to the Federal Bureau of Prisions; 83 Pages to the Federal Bureau of Investigation

    [ X ] There are public records which may be obtained from the clerk of the court or this office, upon specific request. If you wish to obtain a copy of these records, you must submit a new request. These records will be provided to you subject to copying fees.

    [ X ] See additional information attached.

This is the final action this office will take concerning your request.

You may appeal my decision to withhold records in this matter by writing within sixty (60) days from the date of this letter, to:

    Office of Information and Privacy
    United States Department of Justice
    Flag Building, Suite 570
    Washington, D.C. 20530

Both the envelope and letter of appeal must be clearly marked "Freedom of Information Act/Privacy Act Appeal."

After the appeal has been decided, you may have judicial review by filing a complaint in the United States District Court for the judicial district in which you reside or have your principal place of business; the judicial district in which the requested records are located; or in the District of Columbia.

    Sincerely,

    William G. Stewart II
    Acting Assistant Director

Enclosure(s)

(Page 3 of 3)

[ X ]     There is a fee outstanding that has not been paid for processing the request but to which you have agreed by letter. EOUSA's prior release of records to you totaled 357 pages. Out of those, the first 100 are provided free of charge. After that the cost for each additional page is ten cents ($0.10). Therefore 257pgs x 0.10 = 25.70. Your total for that release is $25.70. In addition to this fee, the cost for the supplemental release of 145 pages is $14.50. (145 x 0.10= 14.50). In full, your current fee for all the materials provided to you is $40.20. (25.70+14.50= 40.20) EOUSA will not process any further requests until the fee is paid.

## EXPLANATION OF EXEMPTIONS

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)     (A) specifically authorized under criteria established by and Executive order to be kept secret in the in the interest of national defense or foreign policy and (B) are in fact properly classified pursuant to such Executive order;

(b)(2)     related solely to the internal personnel rules and practices of an agency;

(b)(3)     specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)     trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)     inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)     personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)     records or information compiled for law enforcement purposes, but only the extent that the production of such law enforcement records or information (A) could reasonably be expected to interfere with enforcement proceedings, (B) would deprive a person of a right to a fair trial or an impartial adjudication, (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy, (D) could reasonably be expected to disclose the identity of a confidential source, (E) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or (F) could reasonably be expected to endanger the life of physical safety of any individual.

(b)(8)     contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)     geological and geophysical information and data, including maps, concerning wells.

### SUBSECTION OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)     information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)     material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals, except records of arrest;

(k)(1)     information which is currently and properly classified pursuant to Executive Order 12356 in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)     investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)     material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)     required by statute to be maintained and used solely as statistical records;

(k)(5)     investigatory material compiled solely for the purpose of determining suitability eligibility, or qualification for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his identity would be held in confidence;

(k)(6)     testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7)     material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his identity would be held in confidence.

FBI/DOJ

| Doc. # | Pages | Description | Exempt/Status | Justification |
|---|---|---|---|---|
| 1 | 5 | Internal records titled "Criminal Case History Report" (Docket Sheets). | (b)2, (b)5, j(2) WIF | **SUMMARY OF ABBREVIATIONS**<br>"RIF" - Released in full<br>"RIP" - Released in part<br>"WIF" - Withheld in full<br>"NS" - Deemed not segregable after review for segregability.<br><br>Exemption (b)(2) exempts from mandatory disclosure information which is related solely to the internal personnel rules and practices of an agency. Documents withheld by application of Exemption (b)(2), in this case, commonly referred to as "low 2" due to their content. The records contain information which is exclusively for internal use of the Department of Justice.<br><br>Exemption (b)(5) is asserted to protect attorney work product within the withheld document. The information contains the U.S. Attorney's opinion, theory of the case, facts, assessments of facts, impression of the witnesses, the strength of various evidence and problem areas in the case, and issues upon which the attorney could present the case. It was prepared in anticipation of litigation and contains the thoughts and impressions of an attorney.<br><br>Exemption (b)(5) is also asserted to protect the deliberative process of the U.S. Department of Justice. The matters which are withheld are pre-decisional communications among government personnel which, if disclosed, would jeopardize the candid considerations which are necessary for good decision making in the Government.<br><br>There are no public interests to weigh.<br><br>No page was determined segregable after review for segregability. Disclosure of any portion of the document would disclose attorney work product and the |
| | 1 | | | |

**B**

| Doc # | Pages | Description | Exempt/Status | Justification |
|---|---|---|---|---|
| 2 | 2 | Internal document titled "Defendant Information Sheet" Records contain various checklists regarding an individual that helps attorneys assess the status and probability of certain aspects of a case. | (b)2, j(2) WIF | Exemption (b)(2) exempts from mandatory disclosure information which is related solely to the internal personnel rules and practices of an agency. Documents withheld by application of Exemption (b)(2), in this case, commonly referred to as "low 2" due to their content. The records contain information which is exclusively for internal use of the Department of Justice, deliberative process concerning a particular case, thus the document is not segregable. There are no public interests to weigh. No page was determined segregable after review for segregability. Disclosure of any portion of the document would disclose attorney work product and the deliberative process concerning a particular case, thus the document is not segregable. |
| 3 | 7 | Printed copies of emails exchanged among attorneys involved in plaintiff's case. Information within contains various topics ranging from strategy to legal bases applied to the particular case. | (b)(5), j(2) WIF | Exemption (b)(5) is asserted to protect attorney work product within the withheld document. The information contains the U.S. Attorney's opinion, theory of the case, facts, assessments of facts, impression of the witnesses, the strength of various evidence and problem areas in the case, and issues upon which the attorney could present the case. It was prepared in anticipation of litigation and contains the thoughts and impressions of an attorney. Exemption (b)(5) is also asserted to protect the deliberative process of the U.S. Department of Justice. The matters which are withheld are pre-decisional communications among government personnel which, if disclosed, would jeopardize the candid considerations which are necessary for good decision making in the Government. |

2

| Doc.# | Pages | Description | Exempt/ Status | Justification |
|---|---|---|---|---|
| | | | | There are no public interests to weigh. |
| | | | | No page was determined segregable after review for segregability. Disclosure of any portion of the document would disclose attorney work product and the deliberative process concerning a particular case, thus the document is not segregable. |
| 3 | 5 | Handwritten notes containing phone numbers and various other data concerning Plaintiff's case. | (b)5, j(2) WP | Exemption (b)(5) is asserted to protect attorney work product within the withheld document. The information contains the U.S. Attorney's opinion, theory of the case, facts, assessments of facts, impression of the witnesses, the strength of various evidence and problem areas in the case, and issues upon which the attorney could present the case. It was prepared in anticipation of litigation and contains the thoughts and impressions of an attorney. |
| | | | | Exemption (b)(5) is also asserted to protect the deliberative process of the U.S. Department of Justice. The matters which are withheld are pre-decisional communications among government personnel which, if disclosed, would jeopardize the candid considerations which are necessary for good decision making in the Government. |
| | | | | There are no public interests to weigh. |
| | | | | No page was determined segregable after review for segregability. Disclosure of any portion of the document would disclose attorney work product and the deliberative process concerning a particular case, thus the document is not segregable. |
| 4 | 5 | Subpoena to testify before a Grand Jury | (b)3, j(2) | Pursuant to FRCP Rule (6)e, all records which pertain to the Grand Jury proceeding are withheld due to the danger of exposing the scope and nature of |

3

| Doc. # | Pages | Description | Exempt/ Status | Justification |
|---|---|---|---|---|
| 6 | 4 | Memorandum between attorneys concerning a Prosecution Memorandum checklist, cover sheet and various other aspects involved in prosecuting the Plaintiff. | WIF (b)5, j(2) WIF | the Grand Jury investigation. Exemption (b)(5) is asserted to protect attorney work product within the withheld document. The information contains the U.S. Attorney's opinion, theory of the case, facts, assessments of facts, impression of the witnesses, the strength of various evidence and problem areas in the case, and issues upon which the attorney could present the case. It was prepared in anticipation of litigation and contains the thoughts and impressions of an attorney. Exemption (b)(5) is also asserted to protect the deliberative process of the U.S. Department of Justice. The matters which are withheld are pre-decisional communications among government personnel which, if disclosed, would jeopardize the candid considerations which are necessary for good decision making in the Government. There are no public interests to weigh. No page was determined segregable after review for segregability. Disclosure of any portion of the document would disclose attorney work product, and the deliberative process concerning a particular case, thus the document is not segregable. |
| 7 | 4/3 | Financial document titled "Proof of Loss" and "Claims Draft Inquiry" relating to the bank robbery and its insurance status. | (b)(7)(C), j(2) RIP | Exemption (b)(7)(C) is asserted to protect the names and other identifying information of third parties, witnesses, and law enforcement personnel who provided information to the investigation team on the grounds that disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy. There are no public interests to weigh |

4

| Doc. # | Pages | Description | Exempt/ Status | Justification |
|---|---|---|---|---|
| 8 | 27 | Document titled "Victim Impact Statement". It contains descriptions of events as observed by various witnesses, their impressions, names and contact information. These notes were taken down by several different investigating officers. Only names of individuals and their identifying information has been redacted from this document. | (b)(7)(C), j(2) RIP | Exemption (b)(7)(C) is asserted herein to protect the names and other identifying information of third parties and witnesses, on the grounds that disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy. There are no public interests to weigh. |
| 9 | 4 | Document titled "Inmate Financial Contract" NOTE: Only one name of a third party is redacted from the document. | (b)(7)(C), j(2) RIP | Exemption (b)(7)(C) is asserted herein to protect the names and other identifying information of third parties and witnesses, on the grounds that disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy. There are no public interests to weigh. |
| 10 | 23 | Communication between attorneys about a conditional grant of immunity. The document appears to be an offer along with further discussion regarding certain aspects. | (b)(7)(C), j(2) RIP | Exemption (b)(7)(C) is asserted to protect the names and other identifying information of third parties, witnesses, and law enforcement personnel who provided information to the investigation team on the grounds that disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy. There are no public interests to weigh. |
| 11 | 15 | Subpoenas for individuals to | (b)(7)(C), | Exemption (b)(7)(C) is asserted to protect the names and other identifying |

| Doc # | Pages | Description | Exempt/ Status | Justification |
|---|---|---|---|---|
| | | testify during a trial. Only names of third parties have been redacted. | j(2) RIP | information of third parties, witnesses, and law enforcement personnel who provided information to the investigation team on the grounds that disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy. There are no public interests to weigh. |
| 12 | 16 | Letters from a Victim Witness Coordinator to various individuals describing the ongoing proceedings as well as advising on steps to be taken by those individuals. | (b)(7)(C), j(2) RIP | Exemption (b)(7)(C) is asserted to protect the names and other identifying information of third parties, witnesses, and law enforcement personnel who provided information to the investigation team on the grounds that disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy. There are no public interests to weigh. |

6