UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RONALD WIGGINS,

    Plaintiff,

    v.

NATIONAL CREDIT UNION
ADMINISTRATION, et al.,

    Defendants.

Civil Action No. 05-2332 (RCL)

**MEMORANDUM OPINION**

Plaintiff, proceeding *pro se*, brings this action pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. §552. He is challenging the disposition of his records requests by the Federal Bureau of Investigation ("FBI") and the Executive Office for United States Attorneys ("EOUSA"). Defendants FBI and EOUSA have filed a motion for summary judgment and plaintiff has opposed the motion.[1] Because the record demonstrates that the agencies complied with FOIA, defendants' motion will be granted.

I. BACKGROUND

*Federal Bureau of Investigation*

On August 28, 2005, Mr. Wiggins sent a FOIA request to FBI headquarters ("FBIHQ") for all records pertaining to himself and a third party, Barry Brady. Decl. of Peggy L. Bellando ¶ 5 & Exh. A. In a letter dated November 28, 2005, FBIHQ informed plaintiff that a search of its central

---

[1] The Court has previously granted summary judgment in favor of defendant National Credit Union Administration.

records systems files did not yield any records responsive to his request. *Id.* ¶ 6 & Exh. B. Plaintiff was also advised that the search did not include FBI field offices, and that if he believed any office had records he sought, he must file a request with that office. *Id.* ¶ 16, citing 28 C.F.R. § 16.3(a) and § 16.41(a).

On December 12, 2005, plaintiff appealed the FBI's response to his request to the Office of Information and Privacy. *Id.* ¶ 7 & Exh. C. Plaintiff filed an amended complaint in this case adding the FBI and EOUSA as defendants on March, 10, 2006.

Plaintiff also requested copies of regulations applicable to the FBI's statutory duties under FOIA and the Privacy Act. Decl. of Peggy L. Bellando ¶ 5 & Exh. A. By letter dated October 4, 2006, FBIHQ provided plaintiff with information about accessing the FBI's FOIA/Privacy Act manual. Decl. of David M. Hardy ¶ 7 & Exh. A. Plaintiff was informed that he could view the manual on the agency's website, or purchase a CD-ROM or paper copy. *Id.* Plaintiff did not respond to this letter. *Id.* ¶ 7.

The FBI did not provide plaintiff with information about Barry Brady because a third party's records are protected by the Privacy Act, and such a request will not be processed by the FBI without either an authorization from the third party or proof of his death. *Id.* ¶¶ 8, 10. The FBI asserted that it could neither confirm nor deny the existence of records pertaining to Mr. Brady, but that if such records existed, they would be exempt from disclosure under FOIA. *Id.* ¶¶ 10-13.

*Executive Office for United States Attorneys*

On July 25, 2005, plaintiff sent a request to EOUSA for public records regarding the prosecution of plaintiff in the Central District of Illinois, including pre-trial and sentencing

transcripts, and the presentence investigation report. Decl. of David Luczynski ¶ 4 & Exh. A. In response to the request, EOUSA released to plaintiff 10 pages of documents in full and 347 pages in part. *Id.* ¶ 6 & Exh. C. EOUSA withheld portions of the records pursuant to FOIA Exemption 7(C). *Id.*

After receiving plaintiff's opposition to defendants' summary judgment motion, EOUSA conducted a supplemental search and received 292 pages of records from the United States Attorney's Office for the Central District of Illinois. Supp. Decl. of David Luczynski ¶ 2. On November 27, 2006, EOUSA released to plaintiff 59 pages in full, 86 pages in part, and withheld in full 23 pages. *Id.* ¶ 3 & Exh. A.

## II. STANDARD OF REVIEW

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate if the pleadings on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Material facts are those that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party seeking summary judgment bears the initial burden of demonstrating an absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Tao v. Freeh*, 27 F.3d 635, 638 (D.C.Cir. 1994).

In considering whether there is a triable issue of fact, the Court must draw all reasonable inferences in favor of the non-moving party. *Anderson*, 477 U.S. at 255. The party opposing a motion for summary judgment, however, "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial."

*Anderson,* 477 U.S. at 248.  The non-moving party must do more than simply "show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986).  Moreover, any factual assertions in the movant's affidavits will be accepted as being true unless the opposing party submits his own affidavits or other documentary evidence contradicting the assertion. *Neal v. Kelly,* 963 F.2d 453, 456 (D.C. Cir.1992).

In a FOIA case, the court may award summary judgment solely on the basis of information provided by the department or agency in affidavits or declarations. *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C.Cir. 1981); *see also Vaughn v. Rosen*, 484 F.2d 820, 826-28 (D.C. Cir. 1973).  Agency affidavits or declarations must be "relatively detailed and non-conclusory . . ." *SafeCard Services v. SEC*, 926 F.2d 1197, 1200 (D.C.Cir. 1991).  Such affidavits or declarations are accorded "a presumption of good faith, which cannot be rebutted by purely speculative claims about the existence and discoverability of other documents." *Id.* (internal citation and quotation omitted).  An agency must demonstrate that "each document that falls within the class requested either has been produced, is unidentifiable, or is wholly [or partially] exempt from the Act's inspection requirements." *Goland v. CIA*, 607 F.2d 339, 352 (D.C.Cir. 1978)(internal citation and quotation omitted).

### III. DISCUSSION

#### A. Adequacy of the Agency Search

In order to obtain summary judgment on the issue of the adequacy of a FOIA search, an agency must show, "viewing the facts in the light most favorable to the requester, that . . . [it] 'has conducted a search reasonably calculated to uncover all relevant documents.'" *Steinberg v. United*

*States Dep't of Justice*, 23 F.3d 548, 552 (D.C.Cir. 1994) (quoting *Weisberg v. United States Dep't of Justice*, 745 F.2d 1476, 1485 (D.C.Cir. 1984)). To meet its burden, the agency may submit affidavits or declarations that explain in reasonable detail and in a non-conclusory fashion the scope and method of the agency's search. *Perry v. Block*, 684 F.2d 121, 126 (D.C.Cir. 1982). In the absence of contrary evidence, such affidavits or declarations are sufficient to demonstrate an agency's compliance with the FOIA. *Id*. at 127. The agency must show that it made a "good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." *Oglesby v. Dep't of the Army*, 920 F.2d 57, 68 (D.C.Cir. 1990); *see Campbell v. United States Dep't of Justice*, 164 F.3d 20, 27 (D.C.Cir. 1998). In determining the adequacy of a FOIA search, the Court is guided by principles of reasonableness. *Oglesby*, 920 F.2d at 68.

*Federal Bureau of Investigation*

The FBI searches for records responsive to a FOIA request through the use of the Central Records System ("CRS"). Decl. of Peggy L. Bellando ¶ 9. The records maintained in CRS consist of administrative, applicant, criminal, personnel, and other files compiled for law enforcement purposes. *Id.* The system is a numerical sequence of files broken down according to subject matter and by an individual's name. *Id.* Certain records in this system are maintained at FBIHQ and records pertinent to specific field offices are maintained at those sites. *Id.*

In this case, the FBI searched the CRS indices for the records at FBIHQ. *Id.* ¶ 14. The FBI searched using plaintiff's given name, phonetic variations, plaintiff's date of birth, and his social security number. *Id.* The FBI did not locate any responsive records. *Id.*

It is plaintiff's burden in challenging the adequacy of an agency's search to present

evidence rebutting the agency's initial showing of a good faith search. *Weisberg*, 705 F.2d 1344, 1351-52 (D.C.Cir. 1983). The Court's inquiry regarding the adequacy of the search focuses on the search itself, not its results. *Weisberg*, 745 F.2d at 1485. An agency's failure to find a particular document does not undermine the determination that the search was adequate. *Wilber v. CIA*, 355 F.3d 675, 678 (D.C.Cir. 2004); *Nation Magazine v. United States Customs Serv.*, 71 F.3d 885, 892 n.7 (D.C.Cir. 1995). "Mere speculation that as yet uncovered documents may exist does not undermine the finding that the agency conducted a reasonable search for them." *SafeCard Servs., Inc.*, 926 F.2d at 1201.

      The affidavit submitted by the FBI shows that the agency searched the relevant databases to find records responsive to plaintiff's request. Plaintiff has not offered any contrary evidence or shown that the search was not undertaken in good faith.

      As for the request for records regarding the third party, Barry Brady, since the FBI issued a "Glomar" response, the agency need not provide an affidavit regarding its search efforts if it properly refuses to confirm or deny records. *Pipko v. CIA*, 312 F. Supp. 2d 669, 680 (D. N.J. 2004); *Wheeler v. CIA*, 271 F.Supp. 2d 132, 141 (D.D.C. 2003); *Greenberg v. United States Dep't of Treasury*, 10 F. Supp. 2d 3, 24 (D.D.C. 1998). Since the Court will find that the FBI's disposition of plaintiff's records request by way of a "Glomar" response was appropriate, review of the adequacy of the search is unnecessary.

*Executive Office for United States Attorneys*

      Plaintiff requested that EOUSA provide all documents from the Central District of Illinois regarding his criminal case. The United States Attorney's Office in that district conducted a search to determine the location of all documents related to plaintiff. Decl. of David Luczynski

¶ 7. The search was done by the use of the computer case tracking systems PACER and Legal Information Office Network Systems ("LIONS"). *Id*. ¶ 9. The systems enabled EOUSA to retrieve all existing documents relating to plaintiff's criminal prosecution by use of plaintiff's name, file jacket number, and district court case number. *Id.* The search yielded 649 pages of responsive records. Supp. Decl. of David Luczynski ¶ 2.

The location and breadth of the search was adequate under the FOIA. Plaintiff has not made a compelling argument that there are other records pertaining to him that have not been retrieved. Thus, the Court finds the search in response to plaintiff's FOIA request to be adequate and in compliance with the agency's obligations under the statute.

## B. Exhaustion

A party must exhaust the available administrative remedies under FOIA prior to seeking relief in federal court. *Oglesby*, 920 F.2d at 61-62; *Nurse v. Sec'y of Air Force*, 231 F. Supp. 2d 323, 327 (D.D.C. 2002). Exhaustion is generally required "so that the agency has an opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision." *Oglesby*, 920 F.2d at 61. FOIA's exhaustion requirement, however, is not jurisdictional. *Hidalgo v. FBI*, 344 F.3d 1256, 1258 (D.C.Cir. 2003).

Defendant EOUSA contends that plaintiff has failed to exhaust because he has not provided a payment for processing his records. When EOUSA released the records to plaintiff it informed him that he owed the agency $40.20 for processing his request. Suppl. Decl. of David Luczynski ¶ 7 & Exh. A. EOUSA also advised plaintiff that it would not process any further requests until the fee was paid. *Id.* Plaintiff has not disputed that he has not paid the processing fee.

Generally, a requester must pay reasonable charges associated with processing his FOIA requests. *Judicial Watch, Inc. v. Rossotti*, 326 F.2d 1309, 1310 (D.C.Cir. 2003); *see also* 5 U.S.C. § 552(a). Agencies, however, are required to waive fees if a requester demonstrates that "disclosure of the information is in the public interest." 5 U.S.C. § 552(a)(4)(A)(iii). Failure to pay the requested fees or to appeal the denial from a refusal to waive fees constitutes a failure to exhaust administrative remedies. *Oglesby*, 920 F.2d at 66; *Judicial Watch,* 190 F. Supp. 2d at 33. Moreover, judicial review of an agency's denial of a fee waiver request cannot be sought until a plaintiff appeals that decision or pays the assessed fee. *Judicial Watch,* 326 F.3d at 1310; *Trulock v. U.S. Dep't of Justice*, 257 F. Supp. 2d 48, 52 (D.D.C. 2003).

Despite plaintiff's apparent failure to exhaust, the Court may still review the merits of his claim. The FOIA exhaustion requirement is a prudential consideration. *Wilbur*, 355 F.3d at 677; *Ctr. for Biological Diversity v. Gutierrez*, 451 F. Supp. 2d 57, 66 (D.D.C. 2006). The purposes and policies of the exhaustion requirement are to prevent premature interference with agency processes, to give the parties and the courts the benefit of the agency's experience and expertise, and to compile an adequate record for review. *Wilbur*, 355 F.3d at 677; *Hidalgo*, 344 F.3d at 1259. A failure to exhaust precludes a determination on the merits of a FOIA claim if the agency "had no opportunity to consider the very issues that [Plaintiff] has raised in court ...." *Id.*

Because EOUSA has already considered and processed plaintiff's request, the Court finds that no purpose would be served by having this matter delayed until plaintiff pays the required fee. Therefore, the Court will address the merits of the agency's withholding of documents under FOIA exemptions.

C. <u>Exemptions 2 and 5</u>

Exemption 2 protects materials that are "related solely to the internal personnel rules and practices of an agency." 5 U.S.C. § 552(b)(2). This exemption protects two types of materials, those involving internal agency matters so routine or trivial that they could not be "subject to . . . a genuine and significant public interest," ("low 2"), and internal agency matters of some public interest "where disclosure may risk circumvention" of statutes or agency regulations ("high 2"). *Dep't of the Air Force v. Rose*, 425 U.S. 352, 369-70 (1976); *Schiller v. NLRB*, 964 F.2d 1205, 1206 (D.C.Cir. 1992).

Citing this exemption, EOUSA withheld a case history report. Supp. Decl. of David Luczynski ¶ 12. The document contains the United States Attorney's opinion and theory of the case, an assessment of the facts, impressions of witnesses, and an evaluation of the evidence to be presented in the criminal case. *Id.* Exh. B, Doc. 1. This record is clearly encompassed within Exemption 2. *See Geronimo v. Executive Office of U.S. Attorneys*, No. 05-1057, 2006 WL 1992625, at *3 (D.D.C. July 14, 2006).

EOUSA also asserts Exemption 5 as a basis for withholding the document. The FOIA exempts from disclosure "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. §552(b)(5). The exemption allows an agency to withhold materials that would be privileged from discovery in civil litigation. *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 149 (1975); *Tax Analysts v. IRS*, 294 F.3d 71, 76 (D.C.Cir. 2002).

Exemption 5 encompasses three evidentiary privileges: the deliberative process privilege, the attorney-client privilege, and the attorney work-product doctrine. *Id.* The purpose of the

attorney work-product doctrine is to protect documents prepared in "contemplation of litigation" and "provides a working attorney with a 'zone of privacy' within which to think, plan, weight facts and evidence" and express mental impressions and legal theories" without fear that the information will be disclosed in litigation. *Delaney, Migdail & Young v. IRS,* 826 F.2d 124, 126 (D.C.Cir. 1987); *Coastal Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 864 (D.C.Cir. 1980). The Court finds that the withheld record is protected by the attorney work product privilege. As such, the record is exempt from disclosure.

### D. Exemption 3

Pursuant to Exemption 3, EOUSA withheld from disclosure a grand jury subpoena. Supp. Decl. of David Luczynski ¶ 15 & Exh. B, Doc. 5. FOIA Exemption 3 covers records that are "specifically exempted from disclosure by statute . . . provided that such statute either "(A) [requires withholding] in such a manner as to leave no discretion on the issue," or "(B) establishes particular criteria for withholding or refers to particular types of matters to be withheld." 5 U.S.C. § 552(b)(3); *see also Senate of P.R. v. U. S. Dep't of Justice*, 823 F.2d 574, 582 (D.C.Cir. 1987). Rule 6(e) qualifies as a statute under this exemption because it was affirmatively enacted by Congress. *Fund for Constitutional Gov't v. Nat'l Archives and Records Serv.*, 656 F.2d 856, 867-68 (D.C.Cir. 1981); *Maydak v. Dep't of Justice*, 254 F. Supp. 2d 23, 42 (D.D.C. 2003).

Federal Rule of Criminal Procedure 6(e)(2) prohibits disclosure of matters occurring before a grand jury. *In re Motions of Dow Jones & Co.*, 142 F.3d 496, 498-501 (D.C.Cir. 1998). FOIA Exemption 3 permits the withholding of materials that, if disclosed, would "tend to reveal some secret aspect of the grand jury's investigation, such matters as the identities of witnesses or jurors, the substance of testimony, the strategy or directions of the investigation, the deliberations

or questions of jurors, and the like." *Senate of P.R.*, 823 F.2d at 582 (quoting *SEC v. Dresser Indus., Inc.*, 628 F.2d 1368, 1382 (D.C. Cir.1980)(*en banc*)).  For this reason, grand jury subpoenas are exempt from disclosure.  *See Lopez v. Dep't of Justice*, 393 F.3d 1345, 1350 (D.C.Cir. 2005); *Dipietro v. Executive Office for U.S. Attorneys*, 357 F. Supp. 2d 177, 183 (D.D.C. 2004).  EOUSA properly withheld this record.

### E. Exemption 7(C)

Exemption 7(C) of the FOIA protects from mandatory disclosure records compiled for law enforcement purposes to the extent that disclosure " could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 522(b)(7)(C).  This exemption concerns the privacy interests of third parties and requires the Court to balance such privacy interests against the public interest in disclosure of the records.  *Nat' l Archives and Records Admin. v. Favish*, 541 U.S. 157, 171 (2004); *United States Dep' t of Justice v. Reporters Comm. for Freedom of the Press,* 489 U.S. 749, 773-75 (1989).

In response to plaintiff's request for records on a third party, Barry Brady, the FBI cited Exemption 7(C) and neither confirmed nor denied the existence of the information sought by plaintiff.  Such an action by an agency in a FOIA case is called a "Glomar" response.  *Phillippi v. CIA*, 546 F.2d 1009, 1011 (D.C.Cir. 1976); *Wheeler*, 271 F. Supp. 2d at 135 n. 2; *Taylor v. U.S. Dep't. of Justice*, 268 F. Supp. 2d 34, 38, (D.D.C. 2003).  A "Glomar" response may be issued if confirming or denying the existence of the records would associate the individuals named in the request with criminal activity, *Nation Magazine*, 71 F.3d at 893, and where members of the public may draw adverse inferences from the mere fact that an individual is mentioned in investigative files of a law enforcement agency, *Taylor v. U.S. Dep' t of Treasury*, 257 F. Supp.

2d 101, 112 (D.D.C. 2003). In such a case, the agency must provide an affidavit explaining in as much detail as possible the basis for its claim. *Wheeler*, 271 F.Supp. 2d at 139 (quoting *Phillippi*, 546 F.2d at 1013).

The agency declaration states that in responding to FOIA requests about third parties, in the absence of a privacy waiver or proof of death, the FBI neither confirms or denies the existence of responsive records. Decl. of David M. Hardy ¶ 13. The agency does so because the mere mention of an individual's name in an FBI record affirms that the person was investigated by the FBI or cooperated in an investigation. *Id.* Disclosure of this information could result in embarrassment or a stigma for the third party. *Id.* In the event the party was an informant, merely acknowledging the existence of a record could expose the informant to serious personal risk. *Id.*

EOUSA also withheld personal information on third parties obtained during the investigation and prosecution of plaintiff. Decl. of David Luczynski ¶ 14; Supp. Decl. of David Luczynski ¶ ¶ 20, 21 & Exh. B, Docs. 7-10, 12. In cases involving personal data on private citizens in law enforcement records, " the privacy interest … is at its apex." *Reporters Comm.*, 489 U.S. at 780. The names and identities of individuals of investigatory interest to law enforcement agencies and those merely mentioned in law enforcement files have been consistently protected from disclosure. *See Baez v. Dep't of Justice*, 647 F.2d 1328, 1338 (D.C.Cir. 1980); *Branch v. FBI*, 658 F.Supp. 204, 209 (D.D.C. 1987). "'Exemption 7(C) takes particular note of the strong interest of individuals, whether they be suspects, witnesses, or investigators, in not being associated unwarrantedly with alleged criminal activity.'" *Fitzgibbon v. CIA*, 911 F.2d 755, 767 (D.C.Cir. 1990) (quoting *Dunkelberger v. Dep't of Justice*, 906 F.2d

779, 781 (D.C.Cir.1990)) (other citation and internal quotation marks omitted); *see also Computer Professionals for Soc. Responsibility v. United States Secret Serv.*, 72 F.3d 897, 904 (D.C. Cir.1996) ("records contain[ing] the names of informants, witnesses, and potential suspects who are relevant to its criminal investigation . . . clearly fall within the scope of Exemption 7(C)").  Sources who provide information to law enforcement face reputational harm if their identities are disclosed. *Blanton v. U.S. Dep't of Justice*, 63 F. Supp. 2d 35, 46 (D.D.C. 1999).

     Plaintiff contends that the defendants' assertion of Exemption 7(C) is not appropriate because some of the third party information was disclosed at plaintiff's criminal trial. The fact that the identities of third parties have already been disclosed elsewhere does not diminish their privacy interest in not having other records disclosed.  *Taylor*, 268 F.Supp. 2d at 38 (citations omitted).  Prior disclosure of personal information does not eliminate the privacy interest in avoiding further disclosure by the government. *See Favish*, 541 U.S. at 171; *Kimberlin v. Dep't of Justice*, 139 F.3d 944, 949 (D.C.Cir. 1998); *Edmonds v. FBI*, 272 F.Supp. 2d 35, 53 (D.D.C. 2003).  Therefore, the Court concludes that the FBI's "Glomar" response was appropriate and that both defendants have properly invoked Exemption 7(C) to protect the privacy interests of a third party.

     Once a privacy interest is identified under Exemption 7(C), the FOIA records requester must establish that (1) the public interest is a significant one; and (2) the information is likely to advance that interest. *Favish*, 541 U.S. at 172. "[T]he only public interest relevant for purposes of Exemption 7(C) is one that focuses on 'the citizens' right to be informed about what their government is up to.'" *Davis v. U.S. Dep't of Justice*, 968 F.2d 1276, 1282 (D.C.Cir.1992)

(quoting *Reporters Comm.*, 489 U.S. at 773). Details that "reveal little or nothing about an agency's own conduct" are not part of the public interest for purposes of Exemption 7(C). *Blanton*, 63 F. Supp. 2d at 45 (quoting *Davis*, 968 F.2d at 1282). In the absence of any evidence that the government agency has engaged in illegal activity, information that interferes with a third party's privacy is exempt from disclosure. *See Spirko v. United States Postal Serv.*, 147 F.3d 992, 999 (D.C.Cir. 1998); *Voinche v. FBI*, 46 F. Supp. 2d 26, 33 (D.D.C. 1999). The requester must provide evidence that would warrant a belief by a reasonable person that government impropriety might have occurred. *Favish*, 541 U.S. at 174.

Plaintiff has not alleged any agency misconduct or identified a public interest in disclosure that outweighs the privacy interests of the third parties. Therefore, defendants properly withheld the records under Exemption 7(C).

### F. Segregability

Under the FOIA, if a record contains information that is exempt from disclosure, any reasonably segregable information must be released after deleting the exempt portions, unless the agency can demonstrate that the non-exempt portions are inextricably intertwined with exempt portions. *Assassination Archives and Research Ctr. v. CIA*, 334 F.3d 55, 57-58 (D.C.Cir. 2003); *Trans-Pacific Policing Agreement v. U.S. Customs Serv.*, 177 F.3d 1022, 1026-27 (D.C.Cir. 1999); *see also* 5 U.S.C. § 552(b) ("Any reasonably segregable portion of a record" must be provided "after deletion of the portions which are exempt."). As a result, before withholding a document in its entirety, the agency must demonstrate that it cannot segregate the exempt material from the non-exempt and disclose as much as possible. *See Summers v. Dep't of Justice*, 140 F.3d 1077, 1081 (D.C.Cir. 1998); *Kimberlin*, 139 F.3d at 949. The Court errs if it

"simply approve[s] the withholding of an entire document without entering a finding on segregability, or the lack thereof." *Powell v. U. S. Bureau of Prisons*, 927 F.2d 1239, 1242 n.4 (D.C.Cir. 1991) (citation omitted).

Having reviewed the EOUSA declarations and accompanying *Vaughn* index, the Court concludes that the exempt and non-exempt portions of the responsive records could not be reasonably segregated.[2] Defendant EOUSA has explained with sufficient specificity why the information is not segregable. *See* Decl. of David Luczynski ¶ 17; Supp. Decl. of David Luczynski ¶ 23. The declarations demonstrate that the agency "undertook an analysis to determine what, if any, non-confidential information could be released." *Edmonds*, 272 F. Supp. 2d at 57. Given these facts, the Court concludes that EOUSA has "carefully and methodically sought to respect the principle 'that non-exempt portions of a document must be disclosed unless they are inextricably intertwined with exempt portions.'" *Canning v. Dep't of Justice*, 848 F. Supp. 1037, 1049 n. 2 (D.D.C. 1994)(quoting *Schiller*, 964 F.2d at1209).

## IV. CONCLUSION

For the reasons stated herein, the Court concludes that the FBI and EOUSA have complied with FOIA in processing plaintiff's requests. Accordingly, the Court will grant defendants' motion for summary judgment. An Order consistent with this Memorandum Opinion is issued

---

[2] The segregability finding requirement is inapplicable to the FBI's disposition of plaintiff's records request. "When the Agency's position is that it can neither confirm nor deny the existence of the requested records, there are no relevant documents for the court to examine other than the affidavits which explain the Agency's refusal." *Phillippi,* 546 F.2d at 1013.

separately on this same date.

                                                      /s/
                                          ROYCE C. LAMBERTH
                                          United States District Judge

Dated: January 30, 2007